**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| EAGLE PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SLAYBACK PHARMA LLC,<br><br>Defendant. | C.A. No. 24-65-JLH<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S NOTICE OF THIRD PARTY SUBPOENAS**
**TO RICHARD G. HORVATH**

PLEASE TAKE NOTICE that pursuant to Rules 30, 34, and 45 of the FEDERAL RULES OF CIVIL PROCEDURE, Plaintiff Eagle Pharmaceuticals, Inc., will promptly serve a Subpoena to Testify at a Deposition in a Civil Action, and a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action on Richard G. Horvath.  The Subpoena to Testify at a Deposition specifies that the deposition of Richard G. Horvath will take place on June 12, 2025 at 9:00 AM at the offices of Nagy-Baker Court Reporting, 100 E. Federal Street, Youngstown, OH 44503 before an officer duly authorized to administer oaths, and will be recorded by audiovisual and stenographic means, including stenographic means with real-time display of testimony. This deposition shall continue until concluded in accordance with FEDERAL RULE OF CIVIL PROCEDURE 30.  The Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises includes requests for production of documents listed on the subpoena. True and correct copy of the subpoenas are attached hereto as Exhibits A and B.

Dated: May 1, 2025

OF COUNSEL:

Daniel G. Brown
Kelly A. Welsh
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200
daniel.brown@lw.com
kelly.welsh@lw.com

Kenneth G. Schuler
Marc N. Zubick
Alex Grabowski
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700
kenneth.schuler@lw.com
marc.zubick@lw.com
alex.grabowski@lw.com

MCCARTER & ENGLISH, LLP

*/s/ Alexandra M. Joyce*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Maliheh Zare (#7133)
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com
mzare@mccarter.com

*Attorneys for Eagle Pharmaceuticals, Inc.*

# EXHIBIT A

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

District of Delaware

| | |
|---|---|
| EAGLE PHARMACEUTICALS, INC. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   24-65-JLH |
| SLAYBACK PHARMA LLC | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:           RICHARD G HORVATH
           1805 E WESTERN RESERVE RD UNIT 8, YOUNGSTOWN, OH 44514-5263
*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Nagy-Baker Court Reporting<br>100 E. Federal Street<br>Youngstown, OH 44503 | Date and Time:<br><br>06/12/2025 9:00 am |
|---|---|

The deposition will be recorded by this method:    audio, audiovisual, and/or stenographic

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        05/01/2025

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Alex Grabowski |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*       Plaintiff
Eagle Pharmaceuticals, Inc.                                                                 , who issues or requests this subpoena, are:

Alex Grabowski, Latham & Watkins LLP, 330 N. Wabash Ave., Chicago, IL 60611 (312) 876-7700; alex.grabowski@lw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 24-65-JLH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT B

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Delaware

| | |
|---|---|
| EAGLE PHARMACEUTICALS, INC. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  24-65-JLH |
| SLAYBACK PHARMA LLC | ) |
| | ) |
| _Defendant_ | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           RICHARD G HORVATH
       1805 E WESTERN RESERVE RD UNIT 8, YOUNGSTOWN, OH 44514-5263
_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
       See Attached Schedule A

| Place: Nagy-Baker Court Reporting | Date and Time: |
|---|---|
| 100 E. Federal Street Youngstown, OH 44503 | 06/02/2025 5:00 pm |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/01/2025

        _CLERK OF COURT_
                                        OR
                                                /s/ Alex Grabowski
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_    Plaintiff
Eagle Pharmaceuticals, Inc.                                , who issues or requests this subpoena, are:

Alex Grabowski, Latham & Watkins LLP, 330 N. Wabash Ave., Chicago, IL 60611; (312) 876-7700; alex.grabowski@lw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 24-65-JLH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

The words and phrases used in these Requests shall have the meanings ascribed to them under the FEDERAL RULES OF CIVIL PROCEDURE and the Local rules of the United States District Court for the District of Delaware. In addition, the following terms shall have the meanings set forth below whenever used in any Request.

1.      As used herein, the terms "You" or "Your" means Richard G. Horvath and any of your employees, consultants, contractors, associates, agents, or representatives that worked at the direction, behest, or on behalf of Richard Horvath.

2.      As used herein, the term "Azurity" means jointly and severally Azurity Pharmaceuticals, Inc., its officers, directors, employees, divisions, parent companies, subsidiaries, affiliates, predecessors or successors-in-interest, any joint venture to which one or more of them may be a party, consultants, agents, and accountants, including any person who served in any such capacity at any time.

3.      As used herein, the term "Slayback" means jointly and severally Slayback Pharma LLC, its officers, directors, managers, employees, divisions, parent companies, subsidiaries, affiliates, predecessors or successors-in-interest, any joint venture to which one or more of them may be a party, consultants, agents, and accountants, including any person who served in any such capacity at any time.

4.      As used herein, the term "document" shall be construed in its broadest sense in light of FEDERAL RULE OF CIVIL PROCEDURE 34 and includes any written, printed, typed, recorded, electronic, or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated, or made, in any form, including, without

1

limitation, letters, calendars, correspondence, email, telegrams, PowerPoint (or other like program) files and/or presentations, memoranda, electronic files, spreadsheets, databases, records, minutes, contracts, agreements, leases, communications, microfilm, bulletins, circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, work assignments, notes, notebooks, drafts, data sheets, data compilations, worksheets, statistics, speeches, tapes, tape recordings, magnetic, photographic, and any other writings or sound recordings. The term "document" includes each copy, version, or reproduction that is not identical to the original or any other produced copy, and all associated metadata.

5.    As used herein, the term "thing" shall be construed in its broadest sense in light of Federal Rule of Civil Procedure 34 and includes any physical article responsive to the request that is not a document and which is in Your possession, custody, or control.

6.    As used herein, the term "communication" means any transmission of information from one person to another, including, without limitation, by personal meeting, telephone, facsimile, voice mail, electronic transmission, including electronic mail, and teleconference.

7.    As used herein, the term "including" means "including but not limited to."

8.    As used herein, the term "all" means all or any, and the term "any" means all or any.

9.    As used herein, the terms "and" and "or" shall be construed either disjunctively or conjunctively, and references shall be construed either as singular or plural, as necessary to bring within the scope of these requests any documents or things that might otherwise be construed to be outside their scope.

10.    As used herein, the phrases "regarding," "refer to," and "related to" mean all information, facts, and/or documents that directly, indirectly, or in any other way support, negate, bear upon, touch upon, incorporate, affect, include, pertain to, and/or are otherwise connected with the subject matter about which a document request or an Interrogatory is being propounded.

11.    As used herein, the terms "person" and "entity" mean any natural person and any other cognizable entity, including, without limitation, corporations, proprietorships, joint ventures, businesses, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and orders.

12.    As used herein, the term "bendamustine" means the chemical compound with the international nonproprietary name ("INN") bendamustine, or any salt form of the compound, or any solvate (including, without limitation, any hydrate) of any of the aforementioned, or any polymorph of any of the aforementioned, or any other form of any of the aforementioned, or any mixture of two or more of the aforementioned, and includes, without limitation, the active pharmaceutical ingredient ("API") in BELRAPZO®, BENDEKA®, and the Azurity NDA Product.

13.    As used herein, the term "BENDEKA®" means the bendamustine product that is the subject of New Drug Application No. 208194, including any amendments and supplements thereto.

14.    As used herein, the term "BELRAPZO®" means the bendamustine product that is the subject of New Drug Application No. 205580, including any amendments and supplements thereto.

15.     As used herein, the term "Azurity NDA" means New Drug Application ("NDA") No. 212209 and any supplements, amendments, or revisions thereof.

16.     As used herein, the term "Azurity NDA Product" refers to the Azurity Bendamustine Hydrochloride Injection, 100 mg/4 mL (25 mg/mL) product that is the subject of the Azurity NDA, commercially sold under the name "Vivimusta."

## INSTRUCTIONS

The following instructions are applicable herein:

1.     These Requests are continuing and require supplemental responses under FEDERAL RULE OF CIVIL PROCEDURE 26(e).

2.     If you object to any Request or part of any Request, produce all responsive documents to which your objection does not apply.

3.     All associated documents (e.g., an email and all documents attached to that email) shall be produced together.

4.     You shall produce the original and each non-identical copy of each document, electronically-stored information, or other tangible thing requested herein which is in Your possession, custody, or control, or that of any of Your agents, accountants, consultants, associates, attorneys, contractors, employees, or representatives. If the original or original carbon copy is not in Your possession, custody, or control, or that of Your agents, accountants, consultants, associates, attorneys, contractors, employees, or representatives, You shall produce a full, legible copy thereof.

5.     The documents or things requested are to be produced as they are kept in the usual course of business, including all file folders, binders, notebooks, and/or other devices by which such documents and things may be organized or separated, as well as any labeling, or they

4

are to be organized and labeled to correspond with the Requests to which they are responsive.

6.    If there are no documents or things responsive to any particular Request, so state in writing rather than leave the Request unanswered.

7.    If You come into possession, custody, or control of responsive documents or things between the time of initial production and the time of trial herein, promptly produce the responsive documents and things.

8.    If you object to any portion of any Request, identify the portion to which you object, state the basis for the objection, and respond to the remainder.

9.    If You have no documents or things responsive to a particular Request, You shall state that You have no documents or things responsive to that Request.

10.    If, for reasons other than privilege, You refuse to produce documents or withhold documents sought in any Request, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

11.    If in answering these Requests You claim any ambiguity in either the Request or an applicable definition or instruction, identify in Your response the language You consider ambiguous and state the interpretation You are using in responding.

12.    In the event that You object to any Request on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that request as narrowed to the least extent necessary, in Your judgment, to render it not overbroad/unduly burdensome and state specifically the extent to which You have narrowed that Request for purposes of Your response and the factual basis for your conclusion.

13.    If an English translation of any requested document exists, additionally produce the English translation.

14.    Nothing in these Requests or the Definitions set forth above is construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the Definition or Request.

15.    If You object to producing and withhold from production any information, documents, or things requested herein on grounds of attorney-client privilege, work product immunity or otherwise, provide a privilege log detailed enough to enable other parties to assess the applicability of the privilege asserted, and identify each withheld item including the following information:

    a.    the name and capacity of each individual from whom or to whom a document and any attachments were sent (including which persons are lawyers);

    b.    the date of the document and any attachments;

    c.    the type of document;

    d.    the Bates numbers of the documents;

    e.    the nature of the privilege asserted;

    f.    a description of the subject matter in sufficient detail to determine if legal advice was sought or revealed, or if the document constitutes work product.

16.    You shall produce all non-privileged portions of any documents or things that purportedly contain privileged subject matter.

## DOCUMENT REQUESTS

1.    All documents referring or relating to advertising and/or promotional activities that refer or relate to the Azurity NDA Product.

2.      All documents, things, and communications between You and any third party concerning the marketing, distribution, or sale of the Azurity NDA Product.

3.      All communications between You and any third party sales entity, sales force, sales personnel, or marketing personnel that refer or relate to the Azurity NDA Product.

4.      All communications between You and the Azurity sales force, sales personnel, or marketing personnel that refer or relate to the sale, marketing, pricing, and/or promotion of the Azurity NDA Product, including but not limited to by way of any group chat, texts, text chains, or chat function.

5.      All documents that constitute, refer, or relate to the marketing, advertising, and/or promotion of the Azurity NDA Product including but not limited to product catalogs, manuals, websites, or literature.

6.      All documents, things, and communications that refer or relate to the market for the Azurity NDA Product, including competitive analyses, market projections and market projection models, projected market penetration and market share studies, market surveys, customer satisfaction surveys, industry reports, sales data, and forecasts.

7.      All documents, things, and communications related or referring to the pricing and/or suggested pricing of the Azurity NDA Product.

8.      All documents referring or relating to competition between the Azurity NDA Product and BENDEKA® and/or BELRAPZO®.

9.      All documents referring or relating to the manner in which physicians and/or medical care providers should administer the Azurity NDA Product.

10.    All communications between You and any other entity concerning the Azurity NDA Product, BENDEKA®, a generic version of BENDEKA®, BELRAPZO®, a generic

7

version of BELRAPZO®, or any other bendamustine-containing product, including any liquid bendamustine-containing product.

11. All documents referring or relating to pricing for the Azurity NDA Product, including base prices and any discounts, coupons, vouchers, or rebates offered at any time.

12. All documents or things that refer or relate to the substitution or possible substitution of the Azurity NDA Product for BELRAPZO®, BENDEKA®, or any other liquid bendamustine-containing products, including any liquid bendamustine-containing products.

13. All documents that refer or relate to the commercial launch of the Azurity NDA Product.

14. All documents, things, and communications designed for and/or provided to customers, patients, end users, and/or medical care providers including prescribers, physicians, nurses, pharmacists that refer or relate to the Azurity NDA Product.

15. All documents, things, and communications that refer or relate to Azurity's actual, forecasted or projected unit sales, gross revenue, net revenue, gross profits, operating profits, net profits, and costs for the Azurity NDA Product.

16. All documents, things, and communications that compare the marketing and sales of the Azurity NDA Product to BENDEKA®, generic versions of BENDEKA®, BELRAPZO®, generic versions of BELRAPZO®, or any other liquid bendamustine-containing products, including any liquid bendamustine-containing products.

17. All documents, things, and communications that refer or relate to any competitive or market analysis regarding the Azurity NDA Product to BENDEKA®, generic versions of BENDEKA®, BELRAPZO®, generic versions of BELRAPZO®, or any other

8

bendamustine-containing products, including any liquid bendamustine-containing products.

18.    All documents referring or relating to any valuation of the Azurity NDA Product.

19.    All documents referring or relating to the positioning in the marketplace of the Azurity NDA Product in comparison to BENDEKA® and/or BELRAPZO®.

20.    All documents referring or relating to the impact of the sales of the Azurity NDA Product on sales and/or pricing of BENDEKA® and/or BELRAPZO®.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EAGLE PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> APOTEX INC., AND APOTEX CORP., <br><br> Defendants. | C.A. No. 24-64-JLH |
| EAGLE PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SLAYBACK PHARMA LLC, <br><br> Defendant. | C.A. No. 24-65-JLH |
| EAGLE PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BAXTER HEALTHCARE CORPORATION, <br><br> Defendant. | C.A. No.: 24-66-JLH |

**<u>PROTECTIVE ORDER</u>**

Plaintiff Eagle Pharmaceuticals, Inc., Defendant Apotex Inc., Defendant Apotex Corp., Defendant Slayback Pharma LLC, and Defendant Baxter Healthcare Corporation assert that they possess confidential information in the form of trade secrets or other confidential and proprietary business, research, development, financial, personal and/or technical information related to the subject matter of the above-captioned litigation. The parties recognize that it may be necessary to

disclose certain of the asserted confidential information during the course of this litigation. As a result, the parties desire to limit disclosure and prevent use of such information for any purposes other than the prosecution and defense of this litigation. In addition, the parties contemplate that non-parties may produce confidential information. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties, by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Protective Order (hereinafter, "Order").

## 1.     DEFINITIONS

(a)     *Confidential Information*: The term "Confidential Information" shall mean any Discovery Material designated by a Producing Party as CONFIDENTIAL that the Producing Party claims in good faith constitutes, contains, reveals, relates to, or reflects information (i) that the Producing Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, (ii) that the Producing Party believes in good faith is significantly sensitive, or (iii) protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

(b)     *Highly Confidential Information*: The term "Highly Confidential Information" shall mean any Discovery Material designated by a Producing Party as HIGHLY CONFIDENTIAL that the Producing Party claims in good faith constitutes, reveals, relates to, or reflects information that contains highly sensitive financial or strategic information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.

(c)     *Discovery Material:* The term "Discovery Material" shall mean any Document (as defined below), material, item, testimony, or thing filed with or presented to the Court or produced, served, or generated during the discovery process, including, for example, exhibits,

2

answers to interrogatories, responses to requests for admissions, responses to requests for production, subpoenas, declarations, affidavits, and deposition testimony or transcripts, and all copies, extracts, summaries, compilations, designations, and portions thereof.

(d)     *Document:* The term "Document" shall mean every means of recording any form of communication or representation upon any tangible thing, including letters, numbers, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk, CD-ROM or any other form of electronically stored information, and all other tangible things which come within the meaning of "writing" contained in Rule 1001 of the Federal Rules of Evidence, or within the meaning of "document" or "tangible thing" contained in Rule 34 of the Federal Rules of Civil Procedure.

(e)     *Producing Party:* The term "Producing Party" shall mean any party to these actions or any third party, including its counsel, retained experts, directors, officers, employees, business partners, or agents, who produces any Discovery Material.

(f)     *Receiving Party:* The term "Receiving Party" shall mean any party to these actions, including its counsel, retained experts, directors, officers, employees, business partners, or agents, who receives any Discovery Material in this action.

(g)     *Scope:* The scope of this Order shall be understood to encompass not only Confidential Information or Highly Confidential Information which is expressly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, respectively, but also any information derived therefrom, including all copies, excerpts, and summaries thereof, whether partial or complete, as well as testimony and oral conversations which reveal all or part of that information. Further, information that becomes available to any party via inspection, measuring, analyzing, or testing

3

of any sample or thing designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Order, or which is prepared or derived by utilizing information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL and supplied under this Order, shall be considered CONFIDENTIAL or HIGHLY CONFIDENTIAL, as the case may be, under this Order.

## 2. PROCEDURE FOR DESIGNATING MATERIALS

Documents, information, materials, pleadings, legal memoranda, expert statements, and discovery responses, in whole or in part, may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as follows:

(a)     In the case of Documents or any other tangible thing produced, designations shall be made by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the document or on the cover or in a prominent place on any other tangible thing prior to production of the document or tangible thing;

(b)     In producing original files and records for inspection, no marking need be made by the Producing Party in advance of the inspection;

(c)     In the case of deposition testimony and transcripts or portions thereof, designation shall be made by the Producing Party either (i) on the record during the deposition, in which case the portion of the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the reporter, or (ii) by captioned, written notice to the reporter and all counsel of record, given within fourteen (14) days after the reporter sends written notice to the deponent or the deponent's counsel that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Producing Party or deponent. Pending expiration of the

4

fourteen (14) days, all parties and, if applicable, any third-party witnesses or attorneys, shall treat the deposition transcript as if it had been designated "HIGHLY CONFIDENTIAL." No person shall attend the designated portions of such depositions unless such person is an authorized recipient of Confidential Information or Highly Confidential Information under the terms of this Order or the parties agree to such person's attendance.

(d)     When a party wishes to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" its own materials produced by someone else, such designation shall be made: (i) within fourteen (14) days from the date that the party requesting the designation receives copies of such materials from the producing or disclosing entity; and (ii) by written notice to all parties to this action and to the producing party, if such party is not a party to this action, and identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material). Such notice may be provided by e-mail. The parties receiving such materials agree to treat them as "HIGHLY CONFIDENTIAL" materials under this Protective Order until expiration of said fourteen (14) day period or until designation is made as set forth above within said fourteen (14) day period.

## 3.     CONTESTING THE DESIGNATION

(a)     No party to this action shall be obligated to challenge the propriety of any designation by any Producing Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designation.

(b)     Any party may contest a claim of confidentiality. Any party objecting to the designation of any Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" must give outside counsel of record for the Producing Party written notice of its reasons for the objection. Failing resolution after service of the written notice of its reasons for the objection, the

5

party objecting may, on a duly noticed motion, seek an order changing or removing the designation. In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality, i.e., the Producing Party, but information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be deemed as such until the matter is resolved.

## 4.    RESTRICTION ON DISCLOSURE AND USE

(a)    *Confidentiality.* Confidential Information or Highly Confidential Information and the information derived from such Confidential Information or Highly Confidential Information (excluding information that is derived lawfully from an independent source) shall be kept confidential, shall not be used for any purposes other than the prosecution and defense of this action and shall not be given, shown, made available, discussed, or otherwise communicated in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Order, subject to the provision in paragraph 21.

(b)    *Maintenance of Confidential Information.* Confidential Information and Highly Confidential Information shall be maintained by the Receiving Party at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Order.

(c)    A Producing Party is free to do whatever it desires with its own Confidential Information or Highly Confidential Information.

(d)    For the avoidance of doubt, nothing in this Order shall permit any Receiving Party to give, show, make available, discuss, or otherwise communicate in any manner Confidential Information or Highly Confidential Information produced by any Producing Party in its respective above-captioned action to any party in a different action without permission of the Producing Party.  Notwithstanding the foregoing, to the extent necessary to facilitate the filing

6

and/or service of documents containing, and the conduct of proceedings involving, more than one Producing Party's Confidential Information or Highly Confidential Information, such information may be included, and the document or transcript containing more than one Producing Party's Confidential Information or Highly Confidential Information shall be labeled as "Highly Confidential Outside Counsel's Eyes Only -- Contains [Confidential/Highly Confidential] of [Producing Parties]."[1]

**5. ACCESS TO CONFIDENTIAL INFORMATION**

(a)    Confidential Information shall be available only to the following persons subject to the terms of Paragraph 6:

(i)    One approved in-house Personnel of a party.  The party shall identify their proposed in-house Personnel by written notice to each other party at least five (5) business days before receiving any disclosure of Confidential Information. The notice shall include the in-house Personnel's title or position and shall include a signed Acknowledgement of Protective Order, which is attached as Exhibit A. "Personnel" shall include only (i) in-house counsel or other employee who have primary responsibility for this litigation and (ii) do not have competitive decision making authority for or direct oversight of sales and marketing or otherwise substantively participate in client decisions (such as pricing and product design) that are made in light of similar or corresponding information about a competitor with respect to any bendamustine dosage form.  If the need arises, a party may replace an in-house Personnel entitled to receive Confidential Information with another of its in-house Personnel with notice of the replacement to the opposing party.

---

[1] Pursuant to the Court's oral ruling on August 20, 2024, claim construction briefs may not contain any Defendants' Confidential or Highly Confidential Information. If any party believes there is good cause to include such information, such party must seek leave from the Court prior to the service of any claim construction brief.

7

(ii)     Outside litigation counsel of record and supporting personnel employed in

the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, clerks,

secretaries, contract attorneys, IT personnel, and clerical personnel;

(iii)     Judges, Magistrate Judges, law clerks, and clerical personnel of the Court

before which this action is pending or qualified court reporters;

(iv)     Approved consultants or experts and their clerical staff, excluding

employees, officers or directors of a named party or owners of more than a two-percent interest

in a named party, retained by any of the parties or their counsel to consult or testify in the case;

(v)     Authors or drafters; addressees; anyone who received the documents or

information prior to the commencement of this action; or anyone who received the document or

information during this action but only if they obtained the document or information

independently and outside of this action and not in violation of this Order; anyone who is a

current employee of the Producing Party; and anyone who is a previous employee of the

Producing Party provided that the Confidential Information or Highly Confidential Information

is shared with the previous employee of the Producing Party only during a deposition or during

an evidentiary proceeding taken in this action.

(vi)     Litigation support consultants engaged to provide services relating to

document processing, indexing, scanning, imaging or storage, translation, interpretation,

demonstrative exhibits, graphics, charts, animations, design services, and/or non-technical trial

services, provided they acknowledge that they will abide by this Order by signing the attached

Acknowledgement. Where a company or firm is retained for such litigation support services, it

shall be sufficient for purposes of this Order that a representative of such company or firm sign

the attached Acknowledgement on behalf of the company or firm. Such representative shall be

8

responsible for ensuring that any employee, consultant, or representative of that company or firm who receives Confidential or Highly Confidential information abides by the provisions of this Order;

(vii)      Court reporters and videographers taking testimony involving information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL and necessary stenographic and clerical personnel thereof;

(viii)     Trial consulting services retained by a party in this action, provided they acknowledge that they will abide by this Order by signing the attached Acknowledgement. Where a company or firm is retained for such trial consulting services, it shall be sufficient for purposes of this Order that a representative of such company or firm sign the attached Acknowledgement on behalf of the company or firm. Such representative shall be responsible for ensuring that any employee, consultant, or representative of that company or firm who receives Confidential or Highly Confidential information abides by the provisions of this Order;

(ix)       Persons who have been retained by a party to provide translation or interpretation from one language to another, provided they acknowledge that they will abide by this Order by signing the attached Acknowledgement.  Where a company or firm is retained for such trial consulting services, it shall be sufficient for purposes of this Order that a representative of such company or firm sign the attached Acknowledgement on behalf of the company or firm. Such representative shall be responsible for ensuring that any employee, consultant, or representative of that company or firm who receives Confidential or Highly Confidential information abides by the provisions of this Order;

(x)        Mock judges or jurors retained by a party in this action, excluding individuals who are officers, directors, or employees of a named party, or owners of more than a

9

two-percent interest in a named party, provided they acknowledge that they will abide by this Order by signing the attached Acknowledgement;

(xi)     Any other person authorized to receive Confidential Information or Highly Confidential Information by order of the Court or by written agreement of the parties.

(b)     Material produced and marked as Highly Confidential Information may be disclosed only to individuals identified in Paragraphs 5(a)(ii) – (xi), and to any other persons as counsel for the Producing Party agrees in advance or as otherwise Ordered by the Court.

## 6.     CONDITIONS ON ACCESS TO CONFIDENTIAL INFORMATION

(a)     *Consultants and Experts*. Prior to a party giving, showing, disclosing, making available or communicating Confidential Information or Highly Confidential Information to any expert or consultant under Paragraphs 5(a)(iv) above, the party shall:

(i)     Serve a notice on all other parties, identifying the expert or consultant and the expert's or consultant's business address, business telephone numbers, present employer and position (along with a job description), consulting activities and job history for the past three years, and past or present relationship, if any, with any parties in the above-captioned action and their affiliates. Furthermore, the most recent curriculum vitae or resume of the expert or consultant shall be provided under this section. If the most recent curriculum vitae or resume of the expert or consultant provides the information required under this paragraph, then the information need not be separately provided.

(ii)     Include with such notice, a copy of the Acknowledgment of Protective Order, in the form shown in Exhibit A, which is attached hereto, signed by the expert or consultant and including all the information to be completed therein. The notified parties shall be entitled to object to disclosure of Confidential Information or Highly Confidential Information to the expert or consultant within five (5) business days after receipt of the Acknowledgment of

10

Protective Order by stating specifically in writing the reasons why such expert or consultant should not receive Confidential Information or Highly Confidential Information.

(iii)     If the parties are unable to agree on disclosure to the expert or consultant, the party objecting to such expert or consultant may apply to the Court for an order that disclosure is improper within ten (10) business days of its objection. The burden of establishing the validity of such written objections rests with the objecting party. If the objecting party does not apply to the Court within the prescribed period, the objection shall be deemed withdrawn.

(iv)     No disclosure of Confidential Information or Highly Confidential Information shall be made to the proposed expert or consultant until the time for serving objections to that expert or consultant has passed, or, in the event that a written objection is timely served and a motion to prevent disclosure is filed, until such time as the Court has made a ruling thereon, and then, only in accordance with such ruling.

(v)     The filing and pendency of objections shall not limit, delay, or defer any disclosures of Confidential Information or Highly Confidential Information to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the level of confidentiality bears directly on the objecting party's ability to conduct such discovery.

(b)     *Patent Prosecution.* Any attorney for or representing any Party, whether in-house or outside counsel, and any person associated with any Party and permitted to receive Confidential and/or Highly Confidential Information pursuant to Paragraph 5 herein, including any in-house Personnel, who obtains, receives, has access to, or otherwise learns, in whole or in part, Confidential and/or Highly Confidential Information under this Order shall not prepare, prosecute, supervise, or substantively assist in the drafting or amending of patent claims in any

11

patent application pertaining to bendamustine, including dosage forms thereof, or the disclosed Confidential and/or Highly Confidential information during the pendency of this case and for one year after the conclusion of this litigation, including any appeals. Any attorney for or representing any Party, whether in-house or outside counsel, and any person associated with any Party and permitted to receive Confidential and/or Highly Confidential information pursuant to Paragraph 5 herein, who obtains, receives, has access to, or otherwise learns, in whole or in part, Confidential and/or Highly Confidential information under this Order shall not amend, draft, or otherwise substantively assist in the drafting or amending of patent claims in any post-grant proceeding (e.g., reexamination, post-grant review ("PGR") or inter partes review ("IPR") proceedings, nullity proceedings, etc.) pertaining to bendamustine, dosage forms thereof, or the disclosed Confidential and/or Highly Confidential information during the pendency of this case and for one year after the conclusion of this litigation, including any appeals. Nothing herein shall prohibit an individual from participating, supervising, or assisting with respect to any post-grant proceeding (or appeals therefrom), so long as that individual does not participate in any claim amendments. Any attorney for or representing any Party, whether in-house or outside counsel, and any person associated with any Party shall not directly or indirectly use and/or disclose Confidential and/or Highly Confidential Information to any individuals involved in drafting, amending, or prosecuting patent claims pertaining to bendamustine or dosage forms thereof. The foregoing restrictions of this Paragraph 6(b) shall apply only to individuals, and not to the firms or organizations by which they are employed, nor to individuals who received access to Confidential Information or Highly Confidential Information solely in their capacity as clerical staff. Nothing in this paragraph shall be construed as a waiver of the other provisions of

12

this Order, including but not limited to those provisions restricting the use and disclosure of Confidential and/or Highly Confidential Information.

(c)     *Activities at the U.S. Food and Drug Administration ("FDA").*  For the length of this action plus two (2) years after final termination, including any appeals, any attorney for or representing a Party, whether in-house or outside counsel, and any person associated with a Party who is permitted to receive Confidential and/or Highly Confidential Information pursuant to Paragraph 5 herein, who obtains, receives, accesses, or otherwise learns, in whole or in part, Confidential and/or Highly Confidential Information under this Order shall not provide assistance for, or participate in, any proceedings before the FDA or the United States Pharmacopoeia (including, without limitation, citizens petitions) regarding any applications of another Party or a third party as described in sections 505(b)(1), 505(b)(2) or 505(j) that refer or relate to any bendamustine product. Notwithstanding the foregoing , any attorney for or representing a Party, whether in-house counsel or outside counsel, and any person associated with a Party who is permitted to receive Confidential and/or Highly Confidential Information pursuant to Paragraph 5 herein, who obtains, receives, accesses, or otherwise learns, in whole or in part, Confidential and/or Highly Confidential Information under this Order shall not be precluded from providing assistance for, or participating in, any proceedings before the FDA or the United States Pharmacopoeia (including, without limitation, citizens petitions) regarding a Party's own NDA, ANDA, or equivalent foreign application.

(d)     *Authorization and Acknowledgment.* Counsel for the Receiving Party shall keep in his or her files a copy of each Acknowledgment of Protective Order executed by an individual required to execute an Acknowledgement prior to receipt of the Producing Party's Confidential

13

Information or Highly Confidential Information until sixty (60) calendar days after the final termination of this action.

**7.       PROCEDURES FOR FILING PAPERS WITH CONFIDENTIAL INFORMATION**

Confidential Information or Highly Confidential Information may be included with, or referred to in, papers filed with the Court where this case is now pending or in any other court only in accordance with the following procedures:

(a)      Both Confidential Information and Highly Confidential Information must be filed under seal. Counsel for all parties shall follow all applicable local rules and customs for the Court when filing Confidential Information or Highly Confidential Information under seal.

(b)      All papers filed with the Court, including but not limited to pleadings and memoranda of law, which include, in their entirety or in part, any Confidential Information or Highly Confidential Information must be filed under seal in accordance with the terms and procedures set forth in this Order, including the procedures for filing materials set forth above in Paragraph 7(a). Counsel for the party filing papers with Confidential Information or Highly Confidential Information shall be responsible for appropriately designating the papers filed with the Court as having Confidential Information or Highly Confidential Information. Such papers shall be subject to the terms of this Order.

**8.       REDACTED FILINGS OF PAPERS WITH CONFIDENTIAL INFORMATION**

Redacted versions of papers with Confidential Information or Highly Confidential Information filed under seal may be filed with the Court in accordance with normal procedures and made publicly available provided that:

(a)      All Confidential Information and/or Highly Confidential Information set forth in the papers is deleted or obscured; and

14

(b)     Redacted versions of the papers are clearly marked "Public Version Confidential Material Omitted." Redacted versions of the papers also must clearly identify each place where information or exhibits have been deleted.

## 9.     UNINTENTIONAL FAILURE TO DESIGNATE

The inadvertent failure by a producing party to designate specific documents or materials as containing Confidential Information or Highly Confidential Information shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. If, through inadvertence, a Producing Party provides any Confidential Information or Highly Confidential Information pursuant to this litigation without designating and marking the Confidential Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL, the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Confidential Information, and the Receiving Party shall treat the disclosed Confidential Information or Highly Confidential Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL upon receipt of written notice from the Producing Party, to the extent the Receiving Party has not disclosed this Confidential Information or Highly Confidential Information. Disclosure of such Confidential Information or Highly Confidential Information to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Order. However, in the event the material has been distributed in a manner inconsistent with the categorical designation, the Receiving Party will take the reasonable steps necessary to conform distribution to the categorical designation, i.e., by retrieving all copies of the Confidential Information or Highly Confidential Information, or notes or extracts thereof, in the possession of the persons not authorized under this Order to possess such Confidential Information or Highly Confidential Information and advising the person to whom disclosure was made that the material is confidential and should be treated as provided in

15

the Order. For purposes of this provision, all failures to designate that a Party claims were inadvertent shall be deemed to be inadvertent.

**10.      DISCLOSURE OF PRIVILEGED INFORMATION**

(a)      Notwithstanding anything to the contrary in FED. R. CIV. P. 26(b)(5)(B), the inadvertent production or disclosure of any document or tangible thing (including information) that should have been withheld subject to a claim of attorney-client privilege or work product immunity, or other privilege or immunity, shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claims of privilege or work product immunity. In such an event, the Producing Party shall send to each receiving party a written request for return of the inadvertently produced or disclosed document or thing within five (5) business days after becoming aware of such inadvertent or mistaken production. Within five (5) business days of receiving a written request to do so from the Producing Party, the Receiving Party shall: (a) destroy or return to the Producing Party any documents or tangible items that the Producing Party represents are covered by a claim of attorney-client privilege or work-product immunity, or other privilege or immunity, and were inadvertently or mistakenly produced; and (b) destroy any extra copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information, including any electronic records thereof. If the Receiving Party destroys the documents or tangible items in question, the Receiving Party shall notify the Producing Party that it has done so within the five (5) business-day window described above. The Receiving Party shall not utilize the information contained in the inadvertently produced documents or things for any purpose, or disseminate or transmit such information.

(b)      If the Receiving Party wishes to contest that any such document or thing is protected from disclosure by the attorney-client privilege, work product immunity or other privilege or immunity from discovery, it shall so notify the Producing Party in writing of its

16

contention when the document or thing is returned to the Producing Party or destroyed ("Notice of Designation").

(c)      Within five (5) days after receiving a Notice of Designation, the Producing Party shall provide to the Receiving Party for each document or thing a description of the basis for the claim of privilege or immunity.

(d)      Within five (5) days after receiving such description, the Receiving Party may seek relief from the Court to compel production of such documents and things, the protection of which is still disputed, in accordance with the procedures set forth in the Court's Scheduling Order for resolution of discovery disputes. The party claiming the privilege or immunity shall have the burden of proving that such privilege or immunity exists.

(e)      With respect to documents and things subsequently generated by a receiving party, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing Party that the Receiving Party disputes the claims of attorney-client privilege or work-product immunity, or if the Court rejects any challenge by the Receiving Party to the privileged status of the inadvertent production, the Receiving Party shall either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

(f)      If, in a deposition, hearing, or other proceeding the party who made the inadvertent production or disclosure makes a request on the record for return of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time after recognizing that the information has been produced or disclosed, all copies of the inadvertently produced or disclosed document or thing present at the deposition, hearing, or other proceeding

17

shall immediately be sequestered and there shall be no further use of the inadvertently produced or disclosed document or thing. For the avoidance of any dispute, the marking of an inadvertently produced or disclosed document or thing as an exhibit at deposition, hearing, or other proceeding has no bearing on the timeliness of the request for return. The procedures set forth in this paragraph for challenging the privileged status of an inadvertent production shall not result in any waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity.

For purposes of this provision, any disclosure of information that Party claims is privileged or subject to work product protections shall be deemed to be inadvertent.

## 11.    INFORMATION NOT COVERED BY THIS ORDER

The restrictions set forth in this Order shall not apply to information which is in the possession of or otherwise known to the Receiving Party or the public before the date of its transmission to the Receiving Party, or which lawfully comes into the possession of or becomes known to the Receiving Party or lawfully comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party, provided that such information does not come into the possession of the Receiving Party or become publicly known by any act or omission which would be in violation of this Order, a similar Order with respect to another party, or any other duty of confidentiality.

## 12.    RESPONSIBILITY OF ATTORNEYS

Outside counsel of record shall be responsible for providing a copy of this Order to all persons entitled access to Confidential Information or Highly Confidential Information under Paragraph 5 and to employ reasonable measures to control duplication of, access to, and distribution of copies of materials so designated. No person shall duplicate any Confidential Information or Highly Confidential Information except, as contemplated by this Order, for use as

18

exhibits at depositions, in connection with court filings or, as necessary, by counsel, experts or consultants approved under Paragraphs 5 and 6 for use as working copies. All copies, extracts and translations must be appropriately marked and are subject to Paragraph 13 of this Order.

## 13.    FINAL DISPOSITION

Upon termination, settlement or final judgment of this litigation including exhaustion of all appeals, the originals and all copies of Confidential Information and Highly Confidential Information shall be either destroyed or turned over to the Producing Party, or to their respective outside counsel, within sixty (60) calendar days, except that a party is not obligated to return or destroy Confidential Information or Highly Confidential Information that may be contained on electronic back-up tapes or other archival media, which should be treated in accordance with standard retention policies, i.e., which are not retained indefinitely without being overwritten. Retained counsel also may retain pleadings, attorney and consultant work product, correspondence, and depositions for archival purposes. If Confidential Information or Highly Confidential Information is destroyed pursuant to this paragraph, outside counsel for the Receiving Party shall provide to outside counsel for the Producing Party a certification identifying when and how the destruction was performed.

## 14.    DISCLOSURE OF CONFIDENTIAL INFORMATION AT TRIAL OR PRE-TRIAL HEARINGS

Counsel shall confer with the Court regarding procedures to protect the confidentiality of any material marked, labeled, or otherwise designated CONFIDENTIAL or HIGHLY CONFIDENTIAL that a party or any of its witnesses may use, refer to, disclose, or admit into evidence during trial or any hearing in this Action.

ME1 49641575v.1

**15.    NO LIMITATION OF OTHER RIGHTS**

This Order shall be without prejudice to the right of any party to oppose production of any information on any and all grounds other than confidentiality.

**16.    RELEASE FROM OR MODIFICATION OF THIS ORDER**

This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order, to determine whether a particular person shall be entitled to receive any particular information or to seek relief from inadvertent disclosure of privileged or work-product information. This Order does not preclude all of the parties to this Order from entering into any stipulation (in writing or on the record) constituting a modification of this Order. On any motion seeking disclosures beyond those authorized by this Order, the burden will be on the Receiving Party to justify the disclosure.

**17.    DISCOVERY FROM THIRD PARTIES**

If discovery is sought of a person not a party to this action (third party) requiring disclosure of such third party's Confidential Information or Highly Confidential Information, the Confidential Information and/or Highly Confidential Information disclosed by any such third party will be accorded the same protection as the parties' Confidential Information/Highly Confidential Information, and will be subject to the same procedures as those governing disclosure of the parties' Confidential Information/Highly Confidential Information pursuant to this Order.

**18.    ADMISSIBILITY**

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to this matter. The marking of Confidential Information as CONFIDENTIAL or Highly Confidential Information as

HIGHLY CONFIDENTIAL pursuant to this Order shall not, for that reason alone, bar its introduction or use at any court proceeding related to this matter pursuant to such terms and conditions as the Court may deem appropriate, consistent with the need for a complete and accurate record of the proceedings; provided, however, that every effort shall be made, through the use of procedures agreed upon by the parties or otherwise, to preserve the confidentiality of Confidential Information marked as CONFIDENTIAL or Highly Confidential Information marked as HIGHLY CONFIDENTIAL.

## 19.   NON-PARTY REQUEST/SUBPOENA OF CONFIDENTIAL INFORMATION

If a Receiving Party receives a subpoena or other compulsory process from a non-party to this Order seeking production or other disclosure of a Producing Party's Confidential Information or Highly Confidential Information, that Receiving Party shall give written notice to outside counsel of record for the Producing Party within ten (10) business days after receipt of the subpoena or other compulsory process identifying the specific Confidential Information or Highly Confidential Information sought and enclosing a copy of the subpoena or other compulsory process. If written notice to the Producing Party must be provided by an earlier time to allow the Producing Party to timely seek a protective order, the Receiving Party must provide written notice by that earlier time. If the Producing Party timely seeks a protective order, the Receiving Party to whom the subpoena or other compulsory process was issued or served shall not produce the Confidential Information or Highly Confidential Information requested prior to receiving a Court order or consent of the Producing Party. In the event that Confidential Information and/or Highly Confidential Information is produced, other than by Court order, to the non-party in accordance with this provision, such material shall be treated as Confidential Information or Highly Confidential Information pursuant to this Order.

21

## 20.   UNINTENTIONAL DISCLOSURE OF CONFIDENTIAL INFORMATION

If Confidential Information, Highly Confidential Information, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such Confidential Information or Highly Confidential Information, and to bind such person to the terms of this Order. In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Producing Party; and (c) request such person to execute the Acknowledgment of Protective Order in the form shown in Exhibit A.

## 21.   COUNSEL'S RIGHT TO PROVIDE ADVICE

Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's party-client with respect to this action, and in the course thereof, relying upon an examination of Confidential Information or Highly Confidential Information, provided, however that in rendering such advice and in otherwise communicating with the party-client, the counsel shall not disclose any Confidential Information or Highly Confidential Information to anyone not authorized to receive such Confidential Information or Highly Confidential Information pursuant to the terms of this Order.

## 22.   DISCOVERABILITY OF EXPERT MATERIALS

Discovery of communications between counsel and any independent expert retained or specially employed by that counsel for purposes of this litigation shall be limited to the factual information, analyses, documents, and/or data relied on by the expert in rendering the opinions expressed in an expert report or at trial. Except as otherwise provided herein, all communications between counsel and the expert relating to the process of preparing an expert report or developing opinions for trial, including all preliminary or draft reports, expert working papers,

notes, and communications relating thereto, shall be deemed exempt from discovery and use at trial.

### 23.    NO CONTRACT

To the extent that the parties have agreed on the terms of this Order, such stipulation is for the Court's consideration and approval as an Order. The parties' stipulation shall not be construed to create a contract between the parties or between the parties and their respective counsel.

### 24.    EFFECTIVE DATE

Documents that have been produced in this case on a confidential or highly confidential basis prior to the entry of this Order shall henceforth be subject this Order.

### 25.    TERMINATION

The termination of this action shall not automatically terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the Producing Party agrees otherwise in writing or this Court (or any other court or competent jurisdiction) orders otherwise.

### 26.    OTHER PROCEEDINGS

By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

ME1 49641575v.1

## 27.    LATHAM & WATKINS LLP RESTRICTION

For the avoidance of doubt and notwithstanding anything to the contrary in this Order,

because Latham & Watkins LLP is not counsel of record in *Eagle Pharmaceuticals Inc. v.*

*Baxter Healthcare Corporation*, 24-cv-66 (D. Del.) (the "Baxter Action"), Confidential or

Highly Confidential information produced by Baxter in the Baxter Action shall not be given,

shown, made available, discussed, or otherwise communicated in any manner to Latham &

Watkins LLP, except as follows: Latham & Watkins LLP may receive Baxter Confidential or

Highly Confidential information solely as necessary to facilitate joint administration of these

cases, including (i) Latham & Watkins LLP may receive Baxter Confidential or Highly

Confidential information included in joint filings, discovery, and other joint materials; and (ii)

McCarter & English, LLP may share Baxter Confidential or Highly Confidential information

with Latham & Watkins LLP solely for the purpose of including Baxter Confidential or Highly

Confidential information in Eagle filings, discovery, reports, contentions, or other materials

submitted in all three cases.  For the avoidance of doubt, Latham & Watkins LLP cannot use

Baxter information adverse to Baxter. Further, Latham & Watkins LLP will not have access to

Baxter's document production database.

ME1 49641575v.1

Dated: September 6, 2024

| | |
|---|---|
| **MCCARTER & ENGLISH, LLP** | **MORRIS JAMES LLP** |
| */s/ Daniel M. Silver* | */s/ Kenneth L. Dorsney* |
| Daniel M. Silver (#4758) | Kenneth L. Dorsney |
| Alexandra M. Joyce (#6423) | Cortlan S. Hitch |
| Maliheh Zare (#7133) | 500 Delaware Avenue, Suite 1500 |
| 405 N. King Street, 8th Floor | Wilmington, DE 19801 |
| Wilmington, DE 19801 | kdorsney@morrisjames.com |
| (302) 984-6300 | chitch@morrisjames.com |
| dsilver@mccarter.com | |
| ajoyce@mccarter.com | OF COUNSEL: |
| mzare@mccarter.com | |
| | Deepro R. Mukerjee |
| OF COUNSEL: | Lance A. Soderstrom |
| | KATTEN MUCHIN ROSENMAN LLP |
| Daniel G. Brown | 50 Rockefeller Center |
| Kelly A. Welsh | New York, NY 10020-1605 |
| LATHAM & WATKINS LLP | deepro.mukerjee@katten.com |
| 555 Eleventh Street, NW, Suite 1000 | lance.soderstrom@katten.com |
| Washington, DC 20004 | |
| (202) 637-2200 | Jitendra Malik |
| | Joseph M. Janusz |
| Kenneth G. Schuler | KATTEN MUCHIN ROSENMAN LLP |
| Marc N. Zubick | 550 South Tyron Street, Suite 2900 |
| Alex Grabowski | Charlotte, NC 28202 |
| LATHAM & WATKINS LLP | jitty.malik@katten.com |
| 330 North Wabash Avenue, Suite 2800 | joe.janusz@katten.com |
| Chicago, IL 60611 | |
| (312) 876-7700 | Christopher B. Ferenc |
| | KATTEN MUCHIN ROSENMAN LLP |
| *Attorneys for Plaintiff Eagle Pharmaceuticals Inc. in C.A. Nos. 24-64-JLH and 24-65-JLH* | 1919 Pennsylvania Avenue, NW Suite 800 |
| | Washington, DC 20006 |
| | Christopher.ferenc@katten.com |
| | |
| | Rachel L. Schweers |
| | KATTEN MUCHIN ROSENMAN LLP |
| | 525 W. Monroe Street |
| | Chicago, IL 60661 |
| | rachel.schweers@katten.com |
| | |
| | *Attorneys for Defendants Apotex Inc. and Apotex Corp.* |

**SMITH KATZENSTEIN & JENKINS LLP**

*/s/ Daniel A. Taylor*
Daniel A. Taylor
Neal C. Belgam
1000 West Street, Suite 1501
Wilmington, DE 19801
Dtaylor@skjlaw.com
Nbelgam@skjlaw.com

OF COUNSEL:

Andrew Miller
Ajay Kayal
Connie Huttner
Robyn Ast-Gmoser
WINDELS MARX LANE &
MITTENDORF, LLP
One Giralda Farms
Madison, NJ 07940
amiller@windelsmarx.com
akayal@windelsmarx.com
chuttner@windelsmarx.com
rast-gmoser@windelsmarx.com

*Attorneys for Defendant Slayback Pharma LLC*

**MCCARTER & ENGLISH, LLP**

/s/ Daniel M. Silver

Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Maliheh Zare (#7133)
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com
mzare@mccarter.com

OF COUNSEL:

Wyley S. Proctor
MCCARTER & ENGLISH, LLP
265 Franklin Street
Boston, MA 02110
(617) 449-6529
wproctor@mccarter.com

Attorneys for Plaintiff Eagle
Pharmaceuticals, Inc. in
C.A. No. 24-66-JLH

**POTTER ANDERSON & CORROON LLP**

/s/ Philip A. Rovner

Philip A. Rovner (#3215)
P.O. Box 951
Wilmington, DE 19899
provner@potteranderson.com

OF COUNSEL:

Martin J. Black
Judah Bellin
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Martin.black@dechert.com
Judah.bellin@deckert.com

Amanda K. Antons
DECHERT LLP
35 W. Wacker Drive, Suite 3700
Chicago, IL 60601
Amanda.antons@dechert.com

Noah M. Leibowtiz
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Noah.leibowitz@dechert.com

Attorneys for Defendant Baxter
Healthcare Corporation

SO ORDERED this ___9th_____ day of___September_____ 2024.

The Honorable Jennifer L. Hall
United States District Judge

27

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EAGLE PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>APOTEX INC., AND APOTEX CORP.,<br><br>Defendants. | C.A. No. 24-64-JLH |
| EAGLE PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SLAYBACK PHARMA LLC,<br><br>Defendant. | C.A. No. 24-65-JLH |
| EAGLE PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BAXTER HEALTHCARE CORPORATION,<br><br>Defendant. | C.A. No.: 24-66-JLH |

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

I,_____ state that I have read and reviewed in its entirety the

Protective Order ("Protective Order") that has been signed and entered in this matter.

I hereby agree to be bound by and comply with the terms of the Protective Order, and not

to disseminate or disclose any information subject to the Protective Order that I review or about

1

which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

DATED _____this day of_____,_____.

(Signature)

_____

2