# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EAGLE PHARMACEUTICALS, INC. AND EAGLE SUB1 LLC,<br><br>     Plaintiffs,<br><br>     v.<br><br>SLAYBACK PHARMA LLC AND AZURITY PHARMACEUTICALS, INC,<br><br>     Defendants. | C.A. No. 24-65-JLH<br>**(CONSOLIDATED)**<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF SUBPOENA TO BAXTER HEALTHCARE CORP

PLEASE TAKE NOTICE that on or about August 15, 2025, pursuant to Federal Rule of Civil Procedure 45, a subpoena commanding the production of documents, information or objects, will be served on Baxter Healthcare Corp. A copy of the subpoena is attached as Exhibit A.

PLEASE TAKE FURTHER NOTICE that pursuant to the subpoena, you are required to produce the requested documents on or before October 1, 2025, at the office of McCarter & English LLP, 405 North King Street, 8th Floor, Wilmington, DE 19801. The documents should be delivered in accordance with the specifications outlined in the subpoena. Please ensure that the production is complete and complies with all applicable legal requirements.

| | |
|---|---|
| Dated: August 15, 2025 | **MCCARTER & ENGLISH, LLP** |
| | */s/ Daniel M. Silver* |
| OF COUNSEL: | Daniel M. Silver (#4758) |
| | Alexandra M. Joyce (#6423) |
| Daniel G. Brown | Maliheh Zare (#7133) |
| Kelly A. Welsh | 405 N. King Street, 8th Floor |
| LATHAM & WATKINS LLP | Wilmington, DE 19801 |
| 555 Eleventh Street, NW, Suite 1000 | (302) 984-6300 |
| Washington, DC 20004 | dsilver@mccarter.com |
| daniel.brown@lw.com | ajoyce@mccarter.com |
| kelly.welsh@lw.com | mzare@mccarter.com |
| | |
| Kenneth G. Schuler | *Attorneys for Plaintiffs* |
| Marc N. Zubick | |
| Alex Grabowski | |
| LATHAM & WATKINS LLP | |
| 330 North Wabash Avenue, Suite 2800 | |
| Chicago, IL 60611 | |
| (312) 876-7700 | |
| kenneth.schuler@lw.com | |
| marc.zubick@lw.com | |
| alex.grabowski@lw.com | |

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| Eagle Pharmaceuticals, Inc. and Eagle Sub1 LLC <br> *Plaintiff* <br> v. <br> Slayback Pharma LLC and Azurity Pharmaceuticals, Inc. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 24-65-JLH |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Baxter Healthcare Corp.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A

| Place: McCarter & English LLP, Renaissance Centre, 405 North King Street, 8th Floor, Wilmington, DE 19801 | Date and Time: 10/01/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/15/2025

*CLERK OF COURT*

OR

_____     /s/ Daniel M. Silver
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Eagle Pharmaceuticals, Inc. and Eagle Sub1 LLC , who issues or requests this subpoena, are:

Daniel M. Silver, McCarter & English LLP, 405 N. King Street, 8th Floor, Wilmington, DE 19801; dsilver@maccarter.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 24-65-JLH

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# **SCHEDULE A**

# **DEFINITIONS**

The words and phrases used in these Requests shall have the meanings ascribed to them under the FEDERAL RULES OF CIVIL PROCEDURE and the Local Rules of the United States District Court for the District of Delaware. In addition, the following terms shall have the meanings set forth below whenever used in any Request.

1. As used herein, the terms "Baxter" means Baxter Healthcare Corp., its officers, directors, managers, employees, divisions, parent companies, subsidiaries, affiliates, predecessors or successors-in-interest, any joint venture to which one or more of them may be a party, consultants, agents, and accountants, including any person who served in any such capacity at any time.

2. As used herein, the term "document" shall be construed in its broadest sense in light of FEDERAL RULE OF CIVIL PROCEDURE 34 and includes any written, printed, typed, recorded, electronic, or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated, or made, in any form, including, without limitation, letters, calendars, correspondence, email, telegrams, PowerPoint (or other like program) files and/or presentations, memoranda, electronic files, spreadsheets, databases, records, minutes, contracts, agreements, leases, communications, microfilm, bulletins, circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, work assignments, notes, notebooks, drafts, data sheets, data compilations, worksheets, statistics, speeches, tapes, tape recordings, magnetic, photographic, and any other writings or sound recordings. The term "document" includes each copy, version, or reproduction that is not identical to the original or any other produced copy, and all associated metadata.

3. As used herein, the term "communication" means any transmission of information from one person to another, including, without limitation, by personal meeting, telephone, facsimile, voice mail, electronic transmission, including electronic mail, and teleconference.

4. As used herein, the term "thing" shall be construed in its broadest sense in light of FEDERAL RULE OF CIVIL PROCEDURE 34 and includes any physical article responsive to the request that is not a document and which is in Your possession, custody, or control.

5. As used herein, the term "including" means "including but not limited to."

6. As used herein, the terms "and" and "or" shall be construed either disjunctively or conjunctively, and references shall be construed either as singular or plural, as necessary to bring within the scope of these requests any documents or things that might otherwise be construed to be outside their scope.

7. As used herein, the term "all" means all or any, and the term "any" means all or any.

8. As used herein, the phrases "regarding," "refer to," and "related to" mean all information, facts, and/or documents that directly, indirectly, or in any other way support, negate, bear upon, touch upon, incorporate, affect, include, pertain to, and/or are otherwise connected with the subject matter about which a document request or an Interrogatory is being propounded.

9. As used herein, the terms "person" and "entity" mean any natural person and any other cognizable entity, including, without limitation, corporations, proprietorships, joint ventures, businesses, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and orders.

10. As used herein, the term "bendamustine" means the chemical compound with the international nonproprietary name ("INN") bendamustine, or any salt form of the compound, or any solvate (including, without limitation, any hydrate) of any of the aforementioned, or any polymorph of any of the aforementioned, or any other form of any of the aforementioned, or any mixture of two or more of the aforementioned, and includes, without limitation, the active pharmaceutical ingredient ("API") in BELRAPZO®, BENDEKA®, and the Baxter NDA Product.

11. As used herein, the term "BENDEKA®" means the bendamustine product that is the subject of New Drug Application No. 208194, including any amendments and supplements thereto.

12. As used herein, the term "BELRAPZO®" means the bendamustine product that is the subject of New Drug Application No. 205580, including any amendments and supplements thereto.

13. As used herein, the term "Baxter NDA" means New Drug Application ("NDA") No. 216078 and any supplements, amendments, and/or revisions thereof.

14. As used herein, the term "Baxter NDA Product" refers to the drug product that is the subject of the Baxter NDA.

## INSTRUCTIONS

The following instructions are applicable herein:

1. These Requests are continuing and require supplemental responses under FEDERAL RULE OF CIVIL PROCEDURE 26(e).

2. If You object to any Request or part of any Request, produce all responsive documents to which your objection does not apply.

3

3. All associated documents (e.g., an email and all documents attached to that email) shall be produced together.

4. You shall produce the original and each non-identical copy of each document, electronically-stored information, or other tangible thing requested herein which is in Your possession, custody, or control, or that of any of Your agents, attorneys, accountants, consultants, associates, contractors, employees, or representatives. If the original or original carbon copy is not in Your possession, custody, or control, or that of Your agents, attorneys, accountants, consultants, associates, contractors, employees, or representatives, You shall produce a full, legible copy thereof.

5. The documents or things requested are to be produced as they are kept in the usual course of business, including all file folders, binders, notebooks, and/or other devices by which such documents and things may be organized or separated, as well as any labeling, or they are to be organized and labeled to correspond with the Requests to which they are responsive.

6. If there are no documents or things responsive to any particular Request, so state in writing rather than leave the Request unanswered.

7. If You come into possession, custody, or control of responsive documents or things between the time of initial production and the time of trial herein, promptly produce the responsive documents and things.

8. If you object to any portion of any Request, identify the portion to which you object, state the basis for the objection, and respond to the remainder.

9. If You have no documents or things responsive to a particular Request, You shall state that You have no documents or things responsive to that Request.

4

10. If, for reasons other than privilege, You refuse to produce documents or withhold documents sought in any Request, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

11. If in answering these Requests You claim any ambiguity in either the Request or an applicable definition or instruction, identify in Your response the language You consider ambiguous and state the interpretation You are using in responding.

12. In the event that You object to any Request on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that request as narrowed to the least extent necessary, in Your judgment, to render it not overbroad/unduly burdensome and state specifically the extent to which You have narrowed that Request for purposes of Your response and the factual basis for your conclusion.

13. If an English translation of any requested document exists, additionally produce the English translation.

14. Nothing in these Requests or the Definitions set forth above is construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the Definition or Request.

15. If You object to producing and withhold from production any information, documents, or things requested herein on grounds of attorney-client privilege, work product immunity or otherwise, provide a privilege log detailed enough to enable other parties to assess the applicability of the privilege asserted, and identify each withheld item including the following information:

    a. the name and capacity of each individual from whom or to whom a document and any attachments were sent (including which persons are lawyers);

      b. the date of the document and any attachments;

      c. the type of document;

      d. the Bates numbers of the documents;

      e. the nature of the privilege asserted;

      f. a description of the subject matter in sufficient detail to determine if legal advice was sought or revealed, or if the document constitutes work product.

16. You shall produce all non-privileged portions of any documents or things that purportedly contain privileged subject matter.

## DOCUMENT REQUESTS

1. BAX_BENDA_0003160, BAX_BENDA_0095467, BAX_BENDA_0095849 and any updated versions of the foregoing documents that are produced before the trial in this case.