# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EAGLE PHARMACEUTICALS, INC. and EAGLE SUB1 LLC,<br><br>Plaintiffs,<br><br>v.<br><br>APOTEX INC. and APOTEX CORP.,<br><br>Defendants. | C.A. No. 24-64-JLH |
| EAGLE PHARMACEUTICALS, INC. and EAGLE SUB1 LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SLAYBACK PHARMA LLC and AZURITY PHARMACEUTICALS, INC.,<br><br>Defendants. | C.A. No. 24-65-JLH |
| EAGLE PHARMACEUTICALS, INC. and EAGLE SUB1 LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BAXTER HEALTHCARE CORPORATION,<br><br>Defendant. | C.A. No. 24-66-JLH |

**DEFENDANTS SLAYBACK PHARMA LLC AND AZURITY PHARMACEUTICALS, INC.'S OBJECTIONS TO MAGISTRATE JUDGE TENNYSON'S RULING ON THE SHARING OF HIGHLY-CONFIDENTIAL INFORMATION OF NON-PARTIES IN OTHER CASES**

|  |  |
|---|---|
| *Of Counsel:* | Neal C. Belgam (No. 2721)<br>Daniel A. Taylor (No. 6934)<br>**SMITH KATZENSTEIN & JENKINS LLP**<br>1000 N. West Street, Suite 1501<br>Wilmington, DE 19801<br>(302) 652-8400<br>nbelgam@skjlaw.com<br>dtaylor@skjlaw.com |

Constance S. Huttner
Alan H. Pollack
Jason A. Lief
Robyn Ast-Gmoser
Audrey R. Sparschu

**WINDELS MARX LANE & MITTENDORF, LLP**
One Giralda Farms
Madison, NJ 07940
(973) 966-3200

156 West 56th Street
New York, NY 10019
chuttner@windelsmarx.com
apollack@windelsmarx.com
jlief@windelsmarx.com
rast-gmoser@windelsmarx.com
asparschu@windelsmarx.com

*Attorneys for Defendants Slayback Pharma LLC and Azurity Pharmaceuticals, Inc.*

Dated: November 21, 2025

**TABLE OF CONTENTS**

TABLE OF CITATIONS ........................................................................................................... iv

I.     NATURE AND STAGE OF THE PROCEEDINGS ......................................................... 1

II.    SUMMARY OF ARGUMENT ........................................................................................ 1

III.   STATEMENT OF FACTS ............................................................................................... 2

IV.   ARGUMENT .................................................................................................................... 4

        A.     The Appealed Order Departs from the Existing Protective Order .......................... 4

        B.     The Oral Order Errs by Ignoring A Key Concession from Plaintiffs That Revealed That the Requested Nonparty Highly-Confidential Discovery Was Neither Relevant Nor Necessary ........................................................................................ 5

        C.     The Appealed Order Will Create Additional Highly-Confidential Discovery and Motions to Seal – All for Contingent Relevance and No Necessity ....................... 6

V.    CONCLUSION ................................................................................................................. 7

## **TABLE OF CITATIONS**

**Cases**

*American Standard, Inc. v. Pfizer, Inc.*,
828 F.2d 734 (Fed. Cir. 1987) ................................................................................. 5, 6

*In re Pioneer Corp. v. Technicolor, Inc.*,
2018 WL 4961911 (C.D. Cal. Sept. 12, 2018) ............................................................. 5

*Mannington Mills v. Armstrong World*,
206 FRD 525 (D. Del. 2002) ....................................................................................... 5

*Saxon Innovations, LLC v. Nokia Corp.*,
2009 WL 10677277 (E.D. Tex. Oct. 30, 2009) ..................................................... 4, 5, 6

## I. NATURE AND STAGE OF THE PROCEEDINGS

Nonparties Slayback Pharma LLC and Azurity Pharmaceuticals, Inc. ("Slayback") (in C.A. Nos. 24-64 and 24-66) – also Defendants in C.A. No 24-65 – respectfully object to Magistrate Judge Tennyson's November 7, 2025 Oral Order granting Plaintiffs' Motion to Compel. (C.A. No. 24-64, D.I. 263; C.A. No. 24-65, D.I. 237; C.A. No. 24-66, D.I. 198).

## II. SUMMARY OF ARGUMENT

The Oral Order permits the sharing of nonparty Slayback's highly-confidential customer lists and sales information across the other cases with Slayback's direct competitors. In so ruling, the Magistrate Judge erred:

1. By unjustifiably setting aside the Protective Order's explicit prohibition on sharing such highly-confidential information across the cases without consent. Slayback relied upon that Protective Order when it produced unredacted, highly-confidential information expecting it would go no further;

2. By improperly holding that Plaintiffs should be allowed to have "additive" proof – where other information was available – despite the need to breach Slayback's highly-confidential information, and thus misapplied *American Standard*.

3. By failing to afford Slayback the presumption of harm associated with the disclosure of highly-confidential information to nonparty direct competitors.

4. By failing to consider the chaos that this ruling will cause at trial when, *inter alia*, the three parties will all intervene in each other's cases when defendants to: (a) seek discovery of their codefendants' documents to contextualize the documents now being used against them and (b) file motions to close the court to prevent public disclosure of their highly-confidential information.

5. By ignoring Plaintiffs' extraordinary admission during the November 7th Hearing that a redacted version of the sought-after documents (without customer names) would suffice – "I don't think we're actually interested in the customers." That concession destroys any claim of "relevance" or "necessity" on Plaintiffs' part to the identity of the customers and therefore, if nothing else, the Court should have ordered the documents to be redacted.

### III.  STATEMENT OF FACTS

This case is one of three separate cases involving the same drug (C.A. Nos. 24-64, 24-65, and 24-66) that are consolidated for pretrial scheduling purposes but not for trial. (C.A. No. 24-65, D.I. 15 (Apr. 2, 2024 Oral Order)). As part of the consolidation, the Parties agreed to a common Protective Order. Pursuant to that Protective Order, the Parties agreed that:

> For the avoidance of doubt, nothing in this Order shall permit any Receiving Party to give, show, make available, discuss, or otherwise communicate in any manner Confidential Information or Highly Confidential Information produced by any Producing Party in its respective above-captioned action to any party in a different action without permission of the Producing Party."

(C.A. No. 24-64 (Apotex); D.I. 74 at ¶ 4(d); C.A. No. 24-65 (Slayback), D.I. 54 at ¶ 4(d); C.A. No. 24-66 (Baxter), D.I. 54 at ¶ 4(d)).

On July 15, 2025, Plaintiffs asked Slayback to use highly-confidential documents that were produced to Plaintiffs in the Slayback case in the other cases. (C.A. No. 24-65, D.I. 215-1, Ex. 2 at PageID #3403) These documents were designated "Highly Confidential" under the Protective Order because they contain highly-confidential customer lists and sales data. Slayback did not give Plaintiffs permission to use these documents in these other cases.

On September 17, 2025, Plaintiffs then subpoenaed these documents from Slayback in the Apotex and Baxter cases; Slayback objected to these subpoenas on September 19, 2025.

2

(C.A. No. 24-64, D.I. 209 (Subpoena), D.I. 211, 212 (Objections); C.A. No. 24-66, D.I. 152 (Subpoena), D.I. 154, 155 (Objections).

On October 2, 2025, Plaintiffs moved to compel production of the subpoenaed documents by the nonparty defendants. (D.I. 189[1]). The motion to compel was referred to Magistrate Judge Tennyson on October 3, 2025. (D.I 194). Judge Tennyson ordered briefing on the motion to compel the nonparty subpoenas and set a hearing date. (D.I. 200) The parties briefed the motion. (D.I. 215; D.I. 221).

The only reasons Plaintiffs ever asserted for the supposed relevance of this material were (1) commercial success and (2) the second "*Panduit* factor," demand for the patent product. (D.I. 215 at 2–3)  However, other data exists in each respective case showing the sales of the Plaintiffs product and also of the accused product that Plaintiffs would use to argue for commercial success and demand for the patented product. That data would address those two areas of alleged relevance. In addition, there are third-party public data from companies like IQVIA and others that track these numbers. None of that is disputed. Nor is it disputed that detailed chapter-and-verse customer and sales numbers – sought by Plaintiffs from nonparty Slayback – are highly confidential.

Judge Tennyson held a hearing on November 7, 2025. During that hearing, Plaintiffs' counsel stated that they were willing to take the discovery with the customer names redacted:

Plaintiffs' Counsel:

> I don't think we're actually interested in the customers, we just want the sales figures. We would have worked with Defendants about redacting that information had they engaged with us, they didn't –

---

[1] Hereafter, all docket citations are to Civil Action No. 24-65-JLH.

3

> Apotex Counsel:
>
>> With respect to redactions, that was a specific request that I made, I believe, it was to the attorney that was with McCarter. And we made a request and we never got a response to that request.

(Transcript of Nov. 7, 2025 Hearing at 35:3-6 and at 35:24-36:2 (hereinafter "Tr.")).

Nonetheless, at the hearing, Magistrate Judge Tennyson granted the motion to compel and issued an Oral Order (the "Oral Order") directing the highly-confidential, nonparty documents to be produced unredacted across all the cases. (D.I. 237). Plaintiffs' counsel specifically said that they were not seeking to change the Protective Order – although that is exactly what the Oral Order does. (*Id.*; D.I. 215-2 at 2 (Proposed Order); *see also* Tr. at 37:2–5 (emphasis added) (stating that "Plaintiff seeks production now via Rule 45 subpoena so that it can cross use the documents in each of the three different cases **without violating the protective order**.")).

## IV. ARGUMENT

### A. The Appealed Order Departs from the Existing Protective Order

The Court ordered these cases consolidated for scheduling and discovery purposes. (D.I. 15). In the consolidated Scheduling Order in the above-captioned matters, the Court ordered the Parties to enter into a protective order. (D.I. 29 at ¶ 3). The existing Protective Order at Paragraph 4(d) prohibits the sharing of information like this across the cases without consent. (D.I. 54). And the defendants did not consent. Full stop.

Slayback produced documents in reliance that there would be no further revelation. The Magistrate Judge erred by undoing the Protective Order's explicit prohibition and Slayback's reliance thereon when it produced documents. *See, e.g.*, *Saxon Innovations, LLC v. Nokia Corp.*, 2009 WL 10677277, at *3 (E.D. Tex. Oct. 30, 2009) ("Furthermore, the Court has no reason to

4

believe that RIM did not rely on this paragraph to inform its decisions throughout fact discovery."). The Court undid the Protective Order with no basis to do so.

> **B.    The Oral Order Errs by Ignoring A Key Concession from Plaintiffs That Revealed That the Requested Nonparty Highly-Confidential Discovery Was Neither Relevant Nor Necessary**

The Federal Circuit has explained that when highly-confidential information is sought from a nonparty that is also a direct competitor, there is a balancing test that must be applied to determine whether the risks outweigh the need. In particular, in the *American Standard* case, the Federal Circuit held that once confidentiality and harm are shown, the burden shifts, and the party seeking such discovery must prove not only relevance but also "reasonable necessity." *American Standard, Inc. v. Pfizer, Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987); *see also Mannington Mills v. Armstrong World*, 206 FRD 525, 528–29 (D. Del. 2002).

In the present circumstance, there is no dispute that the materials are highly confidential. Customer lists and sales are classic trade secret / business-confidential information. Plaintiffs do not dispute that what they are seeking is highly confidential. Indeed, the exact same type of information – customer lists and sales date from a nonparty competitor for use to prove commercial success in a different case – was the subject of the *American Standard* case. And harm is presumed when a direct competitor can access such information. *Id*. Nor does the presence of an outside-counsel's eyes only provision in the protective order solve this problem when a public trial is implicated. *See, e.g., In re Pioneer Corp. v. Technicolor, Inc.*, 2018 WL 4961911, at *12 (C.D. Cal. Sept. 12, 2018) ("[P]rotective orders are not always a perfect means to protect confidential information. The information may be disclosed without protection at trial, or disclosed to competing experts."); *Saxon Innovations*, 2009 WL 10677277, at *4 (discovery into third-party confidential information would violate the "spirit, if not the actual terms, of the Protective Order."). Indeed, our Protective Order tacitly acknowledges that "outside-counsel's

eyes only" is not enough and thus prohibits sharing of such information across the cases without consent. (D.I. 54 at ¶ 4(d))

On the other side of the *American Standard* balancing test are "relevance" and "necessity." *American Standard*, 828 F.2d at 742–43. Even if relevant, the information sought is not necessary because other data (already in each respective case) can serve the purposes for which Plaintiffs seek this information – showing commercial success and demand for the patented product. Indeed, that was the conclusion in *American Standard* – where the presence of the plaintiffs' sales and the defendants' sales were deemed sufficient and thus the nonparty's data was not needed. *Id.* at 743. Thus, Magistrate Judge Tennyson's ruling that this information would be "additive" (Tr. at 15:13-24) does not meet the case-law test.

But, even if one did not accept those arguments about relevance and necessity, Plaintiffs statement that they would accept a redacted document without the customer names is a concession that the customer names are not relevant or necessary and that the documents can be redacted. Upon hearing that, Magistrate Judge Tennyson – regardless of her initial inclination – should have either denied Plaintiffs' request or ordered that a redacted version be used.

  **C.**  **The Appealed Order Will Create Additional Highly-Confidential Discovery and Motions to Seal – All for Contingent Relevance and No Necessity**

Defendants produced the unredacted information in reliance on a Protective Order that did not allow further sharing. *E.g.*, *Saxon Innovations*, 2009 WL 10677277, at *3. If that reliance and settled expectation is undone, each defendant will have to (1) attempt to protect their information from public revelation in the other cases and (2) seek additional discovery from each of its co-defendants to counteract whatever piece of that parties' documents the Plaintiffs choose to use in their case.

6

As to the first issue, that will likely require potentially six intervention motions, followed by numerous motions in limine to seal the court when the information at issue is presented. With respect to the second issue, to avoid facing Plaintiffs' cherry-picked documents of each of the other defendants, each defendant will need to demand the revelation of additional highly-confidential documents from its co-defendants to respond to the cherry-picked documents. This additional discovery will compound the problem to an extent which is not justified by the marginal benefits of the information Plaintiffs are seeking.

The Oral Order held that these were all issues for another day. (Tr. at 20:22-21:1) However, pursuant to Federal Rule of Civil Procedure 1, the Court may consider the efficient administration of its docket. Given the minimal relevance of these materials, and their highly-confidential nature, the additional discovery and resulting motion practice that will ensue should have been considered and should weigh heavily against allowing the sharing of these nonparty documents.

## V.  **CONCLUSION**

For all the reasons expressed above, and in Defendants' Brief before the Magistrate Judge (D.I. 221), the Order should be reversed and these nonparty highly-confidential documents should either not be permitted to be shared in the other cases or should only be used in redacted form.

|  |  |
|---|---|
| Dated: November 21, 2025 | Respectfully submitted, |
|  | **SMITH KATZENSTEIN & JENKINS LLP** |
| *Of Counsel:* | |
|  | */s/ Daniel A. Taylor* |
| Constance S. Huttner | Neal C. Belgam (No. 2721) |
| Alan H. Pollack | Daniel A. Taylor (No. 6934) |
| Jason A. Lief | 1000 West Street, Suite 1501 |
| Robyn Ast-Gmoser | Wilmington, DE 19801 |
| Audrey R. Sparschu | (302) 652-8400 |
|  | nbelgam@skjlaw.com |
| WINDELS MARX LANE & MITTENDORF, LLP | dtaylor@skjlaw.com |
| One Giralda Farms | *Attorneys for Defendant Slayback Pharma LLC* |
| Madison, NJ 07940 | *and Azurity Pharmaceuticals, Inc.* |
| (973) 966-3200 | |
|  | |
| 156 West 56th Street | |
| New York, NY 10019 | |
| chuttner@windelsmarx.com | |
| apollack@windelsmarx.com | |
| jlief@windelsmarx.com | |
| rast-gmoser@windelsmarx.com | |
| asparschu@windelsmarx.com | |

8