# EXHIBIT B

# REDACTED
# PUBLIC VERSION

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EAGLE PHARMACEUTICALS, INC. and EAGLE SUB1 LLC,<br><br>      Plaintiffs,<br><br>   v.<br><br>SLAYBACK PHARMA LLC and AZURITY PHARMACEUTICALS, INC.,<br><br>      Defendants. | C.A. No. 24-65-JLH<br><br>**HIGHLY CONFIDENTIAL** |

**DEFENDANTS SLAYBACK PHARMA LLC**
**AND AZURITY PHARMACEUTICALS, INC.'S**
**FIFTH SUPPLEMENTAL RESPONSE**
**TO PLAINTIFFS' COMMON INTERROGATORIES (NO. 7)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Slayback Pharma LLC ("Slayback") and Azurity Pharmaceuticals, Inc. ("Azurity") (collectively Defendants") responds to Eagle Pharmaceuticals, Inc.'s ("Eagle") and Eagle Sub1 LLC's ("Sub1") (collectively "Plaintiffs") "First Set of Common Interrogatories No. 7" (regarding damages) with Defendants' Fourth Supplemental Response herein as follows:

The general and specific objections and the responses set forth below are made based on the best information presently available to Slayback. Slayback reserves the right to amend, supplement, or change any responses and objections if and when additional, different or more accurate information becomes available and/or facts are discovered. In making the following objections and responses, Slayback does not waive any objections that may be applicable to (a) the use, for any purpose, of any information provided in response to Plaintiff's Interrogatories, or (b) the admissibility, relevance, or materiality of any such information to any issue in this case.

## GENERAL OBJECTIONS

Slayback makes the following General Objections to each Interrogatory and expressly incorporates each of them into each specific response set forth below.  Nothing contained in Slayback's objections shall be construed or interpreted as, or shall work, operate, or be urged or deemed as a waiver by Slayback of any applicable right or objections, nor shall Slayback's objections (or lack thereof) or responses to any of Plaintiff's Interrogatories be deemed an admission of relevance, materiality, or admissibility in evidence of the discovery sought or produced, or of any of Slayback's responses.

1.      Slayback incorporates by references its General Objections and Objections to Definitions set forth in Slayback Pharma LLC's Responses and Objections to Plaintiff's First Set of Requests for Production and in Slayback's Responses to all prior Interrogatories.

2.      Discovery relating to this action is ongoing, with only one depositions taken of Plaintiffs, and no deposition take of any of Plaintiffs' employees yet, no depositions on financial and sales issues of Plaintiffs taken yet in this case, and expert discovery has not started yet, and Slayback's investigation of the facts is continuing. Slayback's responses are based upon information presently known to it. Slayback reserves the right to rely on any facts, documents, or other evidence, which may develop or subsequently come to its attention, to assert additional objections, and to supplement or amend these responses.

3.      These responses are made solely for the purposes of discovery in the present litigation. Nothing herein is intended to waive the following objections, which are expressly reserved: all objections as to competence, relevance, authenticity, propriety, materiality and admissibility of the answers provided herein; all objections as to vagueness, ambiguity, or undue burden; all objections on any ground as to the use of any answers provided herein; all objections

2

on any ground to any interrogatory for further responses to these or other discovery request; and

any and all other objections and grounds that would or could require or permit the exclusion of

any information, document or statement therein from evidence, all of which objections and

grounds are reserved and may be interposed at a hearing in this litigation.

4.      Slayback objects to any request to the extent it seeks responses, information or

documents that are attorney-client privileged, or attorney work product privileged, or subject to

any other privileged recognized by law.

5.      Slayback objects to any request to the extent that it seeks expert discovery before

the court-ordered time for such discovery in the schedule.

6.      Slayback objects to any request that seeks information beyond what is required in

discovery under the Federal Rules of Civil Procedure, including, but not limited to, requests that

are irrelevant, unduly burdensome, and/or disproportionate to the needs of the case.

## INTERROGATORY NO. 7:

Describe with particularity the complete factual and legal bases for Your contentions regarding
the amount of damages owed, including (a) the damages amount for past infringement and future
infringement; (b) the methodology of calculating damages (e.g., reasonably royalty, lost profits,
or some other measure); (c) whether Plaintiff is entitled to lost profits and, if not, why not; (d)
the nature and amount of the royalty base (including all products and acts that comprise the
royalty base); (e) the date(s) of the hypothetical negotiation that should be used for evaluating a
reasonable royalty; (f) the nature of and basis for any alleged apportionment methodology for
calculating damages; (g) the royalty rate for calculating damages in the form of a reasonable
royalty, including Your position on each of the factors set forth in *Georgia-Pacific Corp. v. U.S.
Plywood Corp.*, 318 F. Supp 1116, 1120 (S.D.N.Y. 1970); (h) any license agreements,
crosslicenses, settlement agreements, covenants-not-to-sue, other agreements, license proposals,
offers to license, or negotiations that You contend may be relevant to the calculation of damages;
and identify the five persons employed or otherwise associated with You with knowledge of
facts supporting the contentions.

**RESPONSE:**

3

#### b.  **The Market Approach**

The market approach values assets based on comparable transactions between unrelated parties.  As described in the well-known text, *Economic Damages in Intellectual Property:*

> The market approach references a market with comparable transactions to determine the fair market value of an asset.  The degree of reliance on comparable transactions depends on an assessment of the transactions to determine if they are sufficiently similar to provide an indication of the fair market value for the assets in question. Factors to consider include the nature of the assets being transferred, the industry and products involved, agreement terms, and other factors that may affect the agreed-on compensation.  The market approach is often helpful in determining the running royalty rates in specific licensing transactions based on similar transactions in the marketplace. . . .  Any market approach analysis will likely require reasonable adjustments.

Slottje, Daniel, *Economic Damages in Intellectual Property*, 2006, pp.  291-92.

Our damages experts may rely upon, *inter alia*, life sciences-related license agreements and market-based royalty rate data that are available in several licensing databases, industry surveys, and royalty-rate-related publications.

#### c.  **The Income Approach**

The income approach attempts to value an asset by measuring the benefits derived from use of the asset.  When used in the context of an intellectual property licensing situation, these

24

Dated: December 5, 2025

**SMITH KATZENSTEIN & JENKINS LLP**

*Of Counsel:*

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

Constance S. Huttner
Alan Pollack
Jason A. Lief
Robyn Ast-Gmoser

**WINDELS MARX LANE & MITTENDORF LLC**
1 Giralda Farms
Madison, NJ 07940
(973) 966-3200

*Attorneys for Defendants Slayback Pharma LLC and Azurity Pharmaceuticals, Inc.*

156 West 56th Street
New York, NY 10019
(212) 237-1000

chuttner@windelsmarx.com
apollack@windelsmarx.com
jlief@windelsmarx.com
rast-gmoser@windelsmarx.com

52