# EXHIBIT C

# REDACTED
# PUBLIC VERSION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EAGLE PHARMACEUTICALS, INC., AND EAGLE SUB1, LLC., <br><br> PLAINTIFFS, <br><br><br> V. <br><br><br><br> SLAYBACK PHARMA LLC AND AZURITY PHARMACEUTICALS, INC., <br><br> DEFENDANTS. | C.A. NO. 24-65-JLH <br> (CONSOLIDATED) <br> HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY |

# REPLY EXPERT REPORT OF CHRISTOPHER A. VELLTURO, PH.D.

### b. Third-Party Agreements

107. Mr. Malackowski considers eight "potentially comparable" third-party agreements that he obtained from databases, which he then limits to two third-party agreements: (1) the ▮▮▮▮▮▮▮▮ Agreement, and (2) the ▮▮▮▮▮▮▮▮▮▮▮ Agreement. Mr. Malackowski then evaluates these two agreements for comparability to the hypothetical license, concludes they are comparable, and opines that the royalty rates in each of these agreements corroborate his ultimate royalty rate of 3% of net sales of Vivimusta.[177]

108. I disagree with Mr. Malackowski that these third-party agreements would be informative at the hypothetical negotiation.[178] These third-party agreements would not be considered at the hypothetical negotiation because they are neither economically nor technically comparable to the hypothetical license to the Asserted Patents. As discussed in detail below, these agreements do not pertain to the facts of this case, do not relate to the technology at issue, and do not involve either party to the hypothetical negotiation.

109. Further, Mr. Malackowski's search parameters for finding these third-party agreements shows that they are divorced from the facts of this case. For example, Mr. Malackowski used broad search parameters such as "Oncology" and "Formulation," which are much broader than the specific technology at issue in this case: bendamustine (liquid bendamustine, in particular). This lack of filtering rigor caused him to identify agreements that are far removed from the facts of this case.

110. Even if these third-party agreements were sufficiently comparable, Mr. Malackowski fails to compare the value of the Asserted Patents to the value of their licensed patents and applications. Nor does he consider the profitability of the products commercialized under these agreements or any other commercial considerations that would have undergirded the negotiation of those agreements.

---

[177] Malackowski Report, § 3.3.
[178] I understand that Eagle is filing a motion to preclude Mr. Malackowski from relying on these eight third-party agreements because they were not produced during fact discovery or otherwise disclosed in response to Eagle's Interrogatory No. 7.

HIGHLY CONFIDENTIAL —
ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL —
ATTORNEYS' EYES ONLY



---

[186] Trout Reply Report, ¶ 231.
[187] Trout Reply Report, ¶ 233.
[188] Trout Reply Report, ¶ 235.
[189] *See, e.g.,* EAGLEBEN-SA_00376296 at 296; EAGLEBEN-SA_00376304 at 304-305.
[190] Trout Reply Report, ¶ 220.
[191] Trout Reply Report, ¶ 220.

HIGHLY CONFIDENTIAL —
ATTORNEYS' EYES ONLY



---

[192] Trout Reply Report, ¶ 222.
[193] EAGLEBEN-SA_00376604 at 605; EAGLEBEN-SA_00376611; EAGLEBEN-SA_00376612 at 612; EAGLEBEN-SA_00376660 at 660.
[194] Trout Reply Report, ¶ 233.
[195] Trout Reply Report, ¶ 234.
[196] Trout Reply Report, ¶¶ 218-219; SLAY-VIVMUS0227539 at 554.
[197] SLAY-VIVMUS0227539 at 542.

HIGHLY CONFIDENTIAL —
ATTORNEYS' EYES ONLY



[198] SLAY-VIVMUS0227539 at 540.
[199] EAGLEBEN-SA_00375646 at 648.
[200] SLAY-VIVMUS0227539 at 540.
[201] SLAY-VIVMUS0227539 at 543.

HIGHLY CONFIDENTIAL —
ATTORNEYS' EYES ONLY



[204] Malackowski Report, § 10.3.3.2.
[205] Trout Reply Report, ¶ 9; § X.
[206] Trout Reply Report, § X.B.



---

[207] I note that Dr. Sinko only assesses U.S. Provisional Patent Application 61/421,709 (corresponding to U.S. Patent Publication 2013/0330412), although Mr. Malackowski discusses both licensed patent applications.
[208] Trout Reply Report, ¶ 247.
[209] Trout Reply Report, ¶ 240.
[210] Trout Reply Report, ¶ 242.
[211] Trout Reply Report, ¶ 243.
[212] Trout Reply Report, ¶ 243.

HIGHLY CONFIDENTIAL —
ATTORNEYS' EYES ONLY



---

[213] Trout Reply Report, ¶ 244.
[214] Trout Reply Report, ¶ 244.
[215] Trout Reply Report, ¶ 245.
[216] Trout Reply Report, ¶ 246.
[217] *See e.g.,* EAGLEBEN-SA_00375849, pp. 880-881, 884, 894, 901.

HIGHLY CONFIDENTIAL —
ATTORNEYS' EYES ONLY



---

[218] Malackowski Report, § 10.3.3.2.
[219] SLAY-VIVMUS0227465 at 465, 486-487; Signpath Pharma, Inc Form 10-K (2013) (available at EAGLEBEN-SA_00375753 at 754).
[220] SLAY-VIVMUS0227465 at 486-487.
[221] SLAY-VIVMUS0227465 at 465.
[222] SLAY-VIVMUS0227465 at 472.

HIGHLY CONFIDENTIAL —
ATTORNEYS' EYES ONLY



---

[223] SLAY-VIVMUS0227465 at 469.



[225] EAGLEBEN-SA_00376608 at 608; EAGLEBEN-SA_00376606 at 607; EAGLEBEN-SA_00376627 at 627.

HIGHLY CONFIDENTIAL —
ATTORNEYS' EYES ONLY

HIGHLY CONFIDENTIAL —
ATTORNEYS' EYES ONLY

April 13, 2026

Christopher A. Vellturo, Ph.D.

62