**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EAGLE PHARMACEUTICALS, INC. and EAGLE SUB1 LLC,<br><br>  Plaintiffs,<br><br>  v.<br><br>APOTEX INC. and APOTEX CORP.,<br><br>  Defendants. | C.A. No. 24-64-JLH<br><br>**REDACTED PUBLIC VERSION** |
| EAGLE PHARMACEUTICALS, INC. and EAGLE SUB1 LLC,<br><br>  Plaintiffs,<br><br>  v.<br><br>SLAYBACK PHARMA LLC and AZURITY PHARMACEUTICALS, INC.,<br><br>  Defendants. | C.A. No. 24-65-JLH<br><br>**REDACTED PUBLIC VERSION** |

**DEFENDANTS SLAYBACK AND APOTEX'S OPENING BRIEF IN SUPPORT OF THEIR JOINT MOTION TO EXCLUDE THE REASONABLE ROYALTY TESTIMONY OF DR. CHRISTOPHER VELLTURO**

Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
**SMITH KATZENSTEIN & JENKINS LLP**
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Defendants Slayback Pharma LLC and Azurity Pharmaceuticals, Inc.*

Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
**MORRIS JAMES LLP**
3205 Avenue North Boulevard, Suite 100
Wilmington, DE 19803
(302) 888-6800 kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Defendants Apotex Inc. and Apotex Corp.*

## TABLE OF CONTENTS

TABLE OF CITATIONS ...................................................................................................... iii

I.     NATURE AND STAGE OF PROCEEDINGS ..................................................... 1

II.    SUMMARY OF ARGUMENT ............................................................................. 1

III.   STATEMENT OF FACTS .................................................................................... 2

IV.    LEGAL STANDARD............................................................................................ 4

V.     ARGUMENT......................................................................................................... 4

       A.    Dr. Vellturo Improperly Applied a ▮▮▮▮▮▮ Portfolio Rate to Two
             Patents Without Apportionment ................................................................. 4

       B.    The ▮▮▮▮▮ Rate Reflects Non-Patent Value That Dr. Vellturo Failed
             to Apportion Away ...................................................................................... 6

       C.    Dr. Vellturo Did Not Account For The ▮▮▮▮▮▮ of The
             Cepahlon-Eagle License .............................................................................. 7

       D.    Dr. Vellturo's *Georgia-Pacific* Analysis Does Not Cure His
             Apportionment Failures .............................................................................. 7

       E.    Dr. Vellturo's Entire Reasonable Royalty Opinion Must Be Excluded ................. 8

VI.    CONCLUSION...................................................................................................... 8

## TABLE OF CITATIONS

**Cases**

*Acceleration Bay LLC v. Activision Blizzard, Inc.*,
   No. 16-453, 2019 WL 4194060 (D. Del. Sept. 4, 2019)...........................................................8

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
   509 U.S. 579 (1993)............................................................................................................1, 4

*Ericsson, Inc. v. D-Link Sys., Inc.*,
   773 F.3d 1201 (Fed. Cir. 2014)..........................................................................................1, 4

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
   318 F. Supp. 1116 (S.D.N.Y. 1970)......................................................................................7

*In re Paoli R.R. Yard PCB Litig.*,
   35 F.3d 717 (3d Cir. 1994)....................................................................................................4

*Medtronic Sofamor Danek USA, Inc. v. Globus Medical, Inc.*,
   637 F. Supp. 2d 290 (E.D. Pa. 2009) ....................................................................................7

*MLC Intellectual Property, LLC v. Micron Tech., Inc.*,
   10 F.4th 1358 (Fed. Cir. 2021) ............................................................................................5

*SUNOCO Partners Marketing & Terminals L.P. v. Powder Springs Logistics, LLC*,
   2020 WL 7330715 (D. Del. Jan. 13, 2020)...........................................................................6

*Uniloc USA, Inc. v. Microsoft Corp.*,
   632 F.3d 1292 (Fed. Cir. 2011).............................................................................................8

**Rules**

Federal Rule of Evidence 702......................................................................................................1

## I.    NATURE AND STAGE OF PROCEEDINGS

Eagle Pharmaceuticals, Inc. ("Eagle") alleges that Defendants' liquid bendamustine products infringe U.S. Patent Nos. 11,872,214 ("the '214 patent") and 12,138,248 ("the '248 patent"). The case is currently at the *Daubert* and dispositive motion stage. Defendants Slayback Pharma, LLC and Azurity Pharmaceuticals, Inc. ("Slayback") and Apotex, Inc. and Apotex Corp. ("Apotex", collectively "Defendants") now move to exclude the reasonable royalty opinion of Eagle's damages expert, Dr. Christopher Vellturo, pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

## II.    SUMMARY OF ARGUMENT

1.    Dr. Vellturo's reasonable royalty opinion rests entirely on a single comparable license agreement: ███████████████████████████████████ in which ████████████████████████████████████████ ███████████████████████████████. In turn, ████████████ ████████████████████████████████████████ ██████████████████████████. The dispute is whether its stated rate can be applied to the two asserted patents without apportionment. It cannot.

2.    Dr. Vellturo applied the ████████ royalty rate from the ███████████████ in full to only the two asserted patents—without any per-patent apportionment—even though he admitted the other ██ patents have "some" value. That is a foundational apportionment failure. *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1227-28 (Fed. Cir. 2014).

3.    To the contrary, Slayback's expert, Mr. Malackowski, undertook a comprehensive analysis that properly apportioned the relative value of the asserted patents from the broader ████████ license, and concluded that a ████████ royalty would be appropriate. In doing so, he apportioned the ███████ Agreement's ████████ base rate across ██ patents, yielding roughly

██████████████████████████ for both asserted patents combined. He further considered comparable third party license agreements that corroborated his views on the appropriate royalty. Dr. Vellturo never attempted to discredit this approach.

4.      Even setting aside the per-patent problem, Dr. Vellturo improperly used the escalated ████████ rate (as opposed to the base rate of ████████) despite the inflated rate being untethered to patents. The ████████ Agreement's rate escalated from ████████████ because CMS assigned Bendeka® a unique Medicare J-Code—a purely regulatory designation. Dr. Vellturo admitted the J-Code "was the triggering event to go from ████████." By using the post-J-Code rate as his royalty floor, Dr. Vellturo attributed regulatory value to the asserted patents. That is a second, independent apportionment failure.

5.      The ████████ Agreement also ████████████████████████████████████ ███████████████████████████████████████████████. The hypothetical negotiation concerns a ████████████████████ license only. Courts have recognized that exclusivity carries substantial independent value. Dr. Vellturo made no adjustment for it. That is a third independent apportionment failure.

6.      The apportionment failures are not isolated errors—they are the methodology. Because Dr. Vellturo's ████████ floor cannot stand, his entire reasonable royalty opinion must be excluded.

## III.    STATEMENT OF FACTS

Eagle asserts that Slayback's Vivimusta® and Apotex's liquid bendamustine products infringe the '214 and '248 patents. These are continuation patents directed to liquid bendamustine formulations; they do not alter the drug's clinical mechanism, dosing, or infusion time. (*See*

*generally* Forchheimer Ex. 1 (Sinko Rebuttal) ¶¶ 235-241).[1] Eagle retained Dr. Vellturo as its damages expert, and he opined that the parties would have agreed to a royalty floor of no less than ███████ of net sales. (Forchheimer Ex. 2 (Vellturo Slayback Report) ¶¶ 18-22; Messina Ex. 11[2] (Vellturo Apotex Report) ¶ 278). That floor rests on a single comparable: the ███████ Agreement. (Forchheimer Ex. 3 (███████ Agreement)).

The ███████ Agreement was far more than the two-patent ███████ license that would be subject to the hypothetical negotiation at issue here. It granted ███████ ███████ ███████████████████████████████████ ███████████████████████████████████ ███████████████. (Forchheimer Ex. 4 (Malackowski Rebuttal) at 58–59; Messina Ex. 12 (Korekno Report) ¶¶ 117-23). The licensed patent rights covered ███████ ███████████████████████████████████ ███████████████████████████ all directed to similar liquid bendamustine formulation technology. (Forchheimer Ex. 4 (Malackowski Rebuttal) at 59, Appendix 10; Messina Ex. 12 (Korenko Report) ¶ 119). ███████ ███████████████████████████████████ ███████████████████████████████████ ███████████████████████████████████ ███████████████████—neither of which has any connection to the claims of the asserted patents. (Forchheimer Ex. 4

---

[1] "Forchheimer Ex." refers to Exhibits 1-10 filed along with the accompanying Declaration of Daniel Forchheimer, filed herewith.

[2] "Messina Ex." refers to Exhibits 11 & 12 filed along with the accompanying Declaration of Matthew Messina, filed herewith.

(Malackowski Rebuttal) at 67–68; Messina Ex. 12 (Korenko Report) ¶ 118). Dr. Vellturo applied the ▮▮▮▮▮▮ rate to the two asserted patents without adjusting for any of these features.

## IV.    LEGAL STANDARD

Federal Rule of Evidence 702 requires that expert testimony rest on sufficient facts, reliable principles and methods, and a reliable application of those methods to the facts. The Court's gatekeeping function under *Daubert*, 509 U.S. at 597, requires exclusion of testimony that fails this standard. Eagle must demonstrate the reliability of its expert's opinions by a preponderance of the evidence. *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 744 (3d Cir. 1994).

In patent damages cases, the patentee must apportion damages. *See Garretson v. Clark*, 111 U.S. 120, 121 (1884) (affirming award of nominal damages where patentee "produced no evidence to apportion the profits or damages between the … patented feature and the other features…"). Where a comparable license covers more patents or technology than the asserted claims, the expert "must account for such distinguishing facts when invoking them to value the patented invention." *Ericsson*, 773 F.3d at 1227.

## V.    ARGUMENT

### A.    Dr. Vellturo Improperly Applied a ▮▮▮▮▮▮ Portfolio Rate to Two Patents Without Apportionment

The ▮▮▮▮▮ Agreement covered at least ▮ U.S. patents, all directed to similar liquid bendamustine formulation technology. (Forchehimer Ex. 4 (Malackowski Rebuttal) Appendix 10); Messina Ex. 12 (Korenko Report) ¶ 119). Indeed, even a cursory review of the patent portfolio reveals substantial similarities and overlap in claim scope. (*Compare, e.g.*, Forchheimer Ex. 5 ('214 Patent), Claim 1, *with* Forchheimer Ex. 6 ('483 Patent), Claim 1; Forchheimer Ex. 8 ('796 Patent), Claim 1; and Forcheimer Ex. 9 ('783 Patent), Claim 1). Thus, each patent is entitled to its

4

proportionate share of the licensed royalty based on the inventive value of that particular patent, not the full royalty rate. Dr. Vellturo failed to undertake this apportionment.

Dr. Vellturo's deposition admissions establish the failure. When asked whether he was "applying the full ▮▮▮▮ royalty in the ▮▮▮▮ agreement to the two patents-in-suit," he confirmed: "I am." (Forchheimer Ex. 7 (Vellturo Dep.) 117:9). He characterized the rate as a "lower bound." (*Id.* at 117:22–23). When asked whether that implied the other patents have no value, he answered: "I think that's going too far." (*Id.* at 118:1–2). Yet he offered no per-patent analysis, no dollar figure, and no methodology for quantifying what those patents contribute. His fallback—Dr. Trout's testimony that ▮▮▮▮▮▮▮▮ is not quantification. "Substantially less" is not zero, and a conclusory qualitative statement cannot substitute for the apportionment the law requires. (*Id*. at 120:24–25).

Mr. Malackowski performed the apportionment Dr. Vellturo refused to do. At even a basic level, dividing the ▮▮▮▮ base rate across ▮ patents yields roughly ▮▮▮▮ for both asserted patents combined. (Forchheimer Ex. 4 (Malackowski Rebuttal) at 67–68; Forchheimer Ex. 8 (Malackowski Dep.) 170:7–16). Importantly, that figure was not a simple arithmetic exercise: Mr. Malackowski independently corroborated it against two third-party pharmaceutical formulation licenses—the 2006 Bridgetech Agreement (4.0 percent) and the 2013 Johns Hopkins Agreement (3.0 percent)—both of which confirm the reasonableness of his apportioned rate. (Forchheimer Ex. 4 (Malackowski Rebuttal) at 62–66). After considering the additional *Georgia-Pacific* factors, Mr. Malackowski arrived at royalty rate of ▮▮▮▮. (*Id*. at 76-77). Dr. Vellturo's ▮▮▮▮ rate is more than ▮▮▮▮ that figure. His failure to apportion is a foundational methodological defect requiring exclusion. *See MLC Intellectual Property, LLC v. Micron Tech., Inc.*, 10 F.4th 1358, 1375 (Fed. Cir. 2021) (affirming exclusion of expert

5

testimony surrounding a royalty derived from a 41-patent license where only one patent was at issue and expert failed to apportion).

**B.    The ███████ Rate Reflects Non-Patent Value That Dr. Vellturo Failed to Apportion Away**

Even if applying the full portfolio rate to two patents were permissible—it is not—the ██ ██████ rate Dr. Vellturo selected is not a patent royalty. Under the █████████ Agreement, ███████ ████████████████████████████████████████████████████████████Dr. Vellturo confirmed at deposition that ███████████████████████████████████████████████." (Forchheimer Ex. 7 (Vellturo Dep.) 111:19–112:9; Messina Ex. 12 (Korenko Report) ¶ 118). A J-Code is a Medicare billing designation; it has nothing to do with any patent claim. As Mr. Malackowski explains, "the ██████████████ increase—to ███████████—is ████████████ ████████████████████████████████████████████████████████████████████████ ████████████ (Forchheimer Ex. 4 (Malackowski Rebuttal) at 67–68). ████████████████ ██████████████████████████ Dr. Vellturo attributed regulatory value to the '214 and '248 patents. That is a quintessential failure to apportion.

The same problem infects the further escalations. A ████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████. (Forchheimer Ex. 4 (Malackowski Rebuttal) at 59–60). Dr. Vellturo's choice of ██████████████████ does not cure the problem; his floor remains a rate set by a CMS designation, not by the value of the asserted patents. An expert who fails to account for value created by non-patented advantages has not apportioned. *See SUNOCO Partners Marketing & Terminals L.P. v. Powder Springs Logistics, LLC*, 2020 WL 7330715, at*6 (D. Del. Jan. 13, 2020) (excluding testimony where expert "never engages in an apportionment analysis in which he assesses the *value of the patents in relation to*

6

*the other many aspects of the ... agreements* on which his damages calculation rates are based")
(emphasis in original).



        **C.**      **Dr. Vellturo Did Not Account For The ▮▮▮▮▮▮▮▮▮ of The ▮▮▮▮▮▮▮ ▮▮▮ License**

Dr. Vellturo's failure to account for the ▮▮▮▮▮▮▮▮▮▮ in the ▮▮▮▮▮ Agreement is a third independent apportionment failure. The ▮▮▮▮▮ Agreement granted ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The hypothetical negotiation would involve ▮▮▮▮▮▮▮▮ to two continuation patents only. Courts have recognized that "royalty rates are typically lower for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[.]" *Medtronic Sofamor Danek USA, Inc. v. Globus Medical, Inc.*, 637 F. Supp. 2d 290, 310 (E.D. Pa. 2009). Dr. Vellturo performed no analysis of how much of the ▮▮▮▮▮ rate reflects that ▮▮▮▮▮▮ ▮▮▮▮ and made no downward adjustment for it, nor did he account for the additional know-how, supply obligations and commercialization rights that would affect the negotiated royalty.

        **D.**      **Dr. Vellturo's *Georgia-Pacific* Analysis Does Not Cure His Apportionment Failures**

Dr. Vellturo recites the fifteen *Georgia-Pacific* factors but does not use them to perform apportionment. Factor 13—"the portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements"—is the apportionment factor within the *Georgia-Pacific* framework. *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). Dr. Vellturo's Factor 13 analysis (Forchheimer Ex. 2 (Vellturo Slayback Report) ¶¶ 261–64; Messina Ex. 11 (Vellturo Apotex Report) ¶¶ 270-73) acknowledges non-patented contributions to Vivimusta®'s profitability but offers no methodology for quantifying or discounting them. Most critically, it does not address the ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮—it simply accepts the ▮▮▮▮▮ floor as given and adjusts from there. The Federal

7

Circuit has held that "[b]eginning from a fundamentally flawed premise and adjusting it based on legitimate considerations specific to the facts of the case nevertheless results in a fundamentally flawed conclusion." *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1317 (Fed. Cir. 2011). This Court has applied that principle to exclude expert opinions that follow the same pattern. *Acceleration Bay LLC v. Activision Blizzard, Inc.*, No. 16-453, 2019 WL 4194060, at *4–5 (D. Del. Sept. 4, 2019) (excluding expert opinion where expert admitted "there are other, significant, features of the accused products that contribute economic value" but "[h]is methodology accounts for none of those features").

### E. Dr. Vellturo's Entire Reasonable Royalty Opinion Must Be Excluded

The apportionment failures are not isolated errors—they are the methodology. Dr. Vellturo's ███████ floor is the foundation of his opinion; his ultimate damages figures are built upon it. Because the floor cannot stand, the entire opinion must fall. There is no reliable residue to present to the jury. Permitting Dr. Vellturo to testify, even with limitations, would allow the jury to anchor on his inflated range. Eagle had every opportunity to present a properly apportioned opinion; it chose not to. The proper remedy is exclusion in full.

## VI. CONCLUSION

For the foregoing reasons, Slayback respectfully requests that the Court exclude Dr. Vellturo's reasonable royalty testimony in its entirety.

Dated: June 5, 2026

**SMITH KATZENSTEIN & JENKINS LLP**

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Of Counsel:*

Ajay Kayal
Jason A. Lief
Andrew J. Miller
Alan H. Pollack
Daniel E. Forchheimer
Robyn Ast-Gmoser
Kiersten A. Fowler
Audrey R. Sparschu

**WINDELS MARX LANE & MITTENDORF, LLP**

180 Park Ave
Florham Park, NJ 07932
(973) 966-3200

156 West 56th Street
New York, NY 10019
(212) 237-1000

akayal@windelsmarx.com
jlief@windelsmarx.com
amiller@windelsmarx.com
apollack@windelsmarx.com
dforchheimer@windelsmarx.com
rast-gmoser@windelsmarx.com
kfowler@windelsmarx.com
asparschu@windelsmarx.com

*Attorneys for Defendants Slayback Pharma LLC and Azurity Pharmaceuticals, Inc.*

**MORRIS JAMES LLP**

*/s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
3205 Avenue North Boulevard, Suite 100
Wilmington, DE 19803
(302) 888-6800 kdorsney@morrisjames.com
chitch@morrisjames.com

*Of Counsel:*

Deepro Murkerjee
Jitendra Malik
Joseph M. Janusz
Lance A. Soderstrom
Matthew T. Messina
Rachel L. Schweers
Christopher B. Ferenc

**KATTEN MUCHIN ROSENMAN LLP**

50 Rockefeller Center
New York, NY 10020
(212) 940-8800

550 South Tryon Street, Suite 2900
Charlotte, NC 28202
(704) 444-2000

1919 Pennsylvania Ave., NW., Suite 800
Washington, DC 20006
(202) 625-3500

525 W. Monroe St.
Chicago, IL 60661
(312) 902-5200

deepro.mukerjee@katten.com
jitty.malik@katten.com
joe.janusz@katten.com
lance.soderstrom@katten.com
matthew.messina@katten.com
rachel.schweers@katten.com

9

christopher.ferenc@katten.com

*Attorneys for Defendants Apotex Inc. and Apotex Corp.*