**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EAGLE PHARMACEUTICALS, INC. and EAGLE SUB1 LLC,<br><br>Plaintiffs,<br><br>v.<br><br>APOTEX INC. and APOTEX CORP.,<br><br>Defendants. | C.A. No. 24-64-JLH<br><br>**REDACTED PUBLIC VERSION** |
| EAGLE PHARMACEUTICALS, INC. and EAGLE SUB1 LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SLAYBACK PHARMA LLC and AZURITY PHARMACEUTICALS, INC.,<br><br>Defendants. | C.A. No. 24-65-JLH<br><br>**REDACTED PUBLIC VERSION** |

**DEFENDANTS SLAYBACK AND APOTEX'S REPLY IN FURTHER SUPPORT OF THEIR MOTION TO EXCLUDE THE REASONABLE ROYALTY TESTIMONY OF DR. CHRISTOPHER VELLTURO (D.I. 339)**

Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
**SMITH KATZENSTEIN & JENKINS LLP**
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Defendants Slayback Pharma
LLC and Azurity Pharmaceuticals, Inc.*

Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
**MORRIS JAMES LLP**
3205 Avenue North Boulevard, Suite 100
Wilmington, DE 19803
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Defendants Apotex Inc. and
Apotex Corp.*

**TABLE OF CONTENTS**

I. NATURE AND STAGE OF THE PROCEEDINGS .................................................................... 1

II. SUMMARY OF ARGUMENT ........................................................................................... 1

III. COUNTER-STATEMENT OF FACTS ................................................................................. 1

IV. ARGUMENT ................................................................................................................. 2

    A.    Eagle Cannot Cure Dr. Vellturo's Failures ............................................................ 2

    B.    Dr. Trout's Qualitative Opinions Do Not Supply the Missing Analytical Link ..... 3

    C.    The ███████ Improperly Embeds Regulatory Value ........................................... 4

    D.    Eagle's "Weight, Not Admissibility" Standard Presupposes a Methodology to Weigh .................................................................................................................... 4

    E.    Exclusion of the ███████ Requires Corresponding Exclusion of the Market Approach and Georgia-Pacific Factor 1 Analyses ................................................. 5

V. CONCLUSION ............................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bio-Rad Lab'ys, Inc. v. 10X Genomics Inc.*,
  967 F.3d 1353 (Fed. Cir. 2020)..................................................................................................2

*Board of Regents University of Texas System v. Boston Scientific Corp.*,
  645 F. Supp. 3d 324 (D. Del. 2022)...........................................................................................5

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993)...................................................................................................................5

*RSB Spine LLC, v. Depuy Synthes Sales, Inc.*,
  No. 19-1515, 2022 WL 17084156 (D. Del. Nov. 18, 2022).......................................................5

*Sprint Comms Co. v. Comcast IP Holdings, LLC*,
  2015 WL 410342 (D. Del. Jan. 29, 2015)..................................................................................3

*SUNOCO Partners Marketing & Terminals L.P. v. Powder Springs Logistics, LLC*, No. 17-1390, 2020 WL 7330715 (D. Del. Jan. 13, 2020) .................................................4

*Uniloc USA, Inc. v. Microsoft Corp.*,
  632 F.3d 1292 (Fed. Cir. 2011)..................................................................................................3

*Willis Elec. Co. v. Polygroup Ltd.*,
  166 F.4th 1363 (Fed. Cir. 2026) ................................................................................................2

## I.  NATURE AND STAGE OF THE PROCEEDINGS

Defendants submit this reply in support of their motion to exclude the reasonable royalty opinions of Eagle's damages expert, Dr. Christopher Vellturo.

## II.  SUMMARY OF ARGUMENT

1. Eagle's opposition confirms the core deficiency: Dr. Vellturo borrowed the ███████ rate from an agreement ████████████████ and applied it without quantifying the discount attributable to the non-asserted patents and the exclusive nature of the license, among other differentiating features.  Identifying factors that exert "upward" and "downward" pressure on a rate—without measuring either—is not an apportionment methodology.

2. Dr. Trout's qualitative conclusion that the ███████████████████ ███████████████████ does not supply the missing analytical link.

3. The ██████████ is independently unreliable because the ██████████

████████████████████████████████

████████████████

4. Eagle's "weight, not admissibility" refrain presupposes a methodology the jury can evaluate.  Where the expert has not supplied the necessary analysis, there is nothing to weigh.

5. Dr. Vellturo's Market Approach and *Georgia-Pacific* Factor 1 analyses are not independent of the ████████ they should be excluded with it.



## III.  COUNTER-STATEMENT OF FACTS

Eagle's fact statement omits two critical admissions in Dr. Vellturo's own deposition.  First, when asked whether he undertook any effort to apportion the value of the approximately ██████████████, he responded: "Well, yes, I spoke to Dr. Trout about that exact issue."

1

D.I. 341-07, Ex. 7[1] at 116:16-117:18. He did not identify any quantitative output from that conversation—because there was none.  Second, when pressed on how he reconciled the additional patents with the ███████ Dr. Vellturo explained that he relied on Dr. Trout's opinion that the

███████████████████████████████████████████████████████████████████████████

████████████████████████████████████.  *Id.* at 117:21-118:19. Nowhere in that answer—or in his reports—███████████████████████████████████████████

██████████████

Eagle also omits the significance of its own reliance on Apotex's expert, Dr. Korenko. Although Eagle notes that Dr. Korenko "████████████████████████████████████

████████████████████████████████████—the high end of his reasonable royalty range—and apportioned downward from there, not as a conservative floor.  D.I. 342-2, Ex. 12 ¶ 147.  He confirmed as much at deposition.  Ex. 13 at 287:13–19.  That is the opposite of what Dr. Vellturo did, and it confirms Defendants' position that the rate must be apportioned downward

██████████

## IV.  ARGUMENT

### A.    Eagle Cannot Cure Dr. Vellturo's Failures

Eagle implies that *Bio-Rad* eliminates any obligation to quantify apportionment.  That misreads the holding.  The Federal Circuit stated only that "there is no blanket rule of *quantitative* apportionment in every comparable license case." *Bio-Rad Lab'ys, Inc. v. 10X Genomics Inc.*, 967 F.3d 1353, 1376 (Fed. Cir. 2020). Where, as here, the comparable license covers materially different rights, the expert must supply enough analytical substance that the jury can assess whether the borrowed rate reflects only the value of the asserted patents.  *See Willis Elec. Co., Ltd.*

---

[1] Exhibits refer to the exhibits attached to the opening Forchheimer Decl. (D.I. 341), opening Messina Decl. (D.I. 342), reply Messina Decl. and reply Forchheimer Decl., filed herewith.

2

*v. Polygroup Ltd.*, 166 F.4th 1363, 1372 (Fed. Cir. 2026) (apportionment ensures royalty is "measured by the 'value of what was taken'").

Dr. Vellturo identified factors exerting "upward pressure" and factors exerting "downward pressure" on the hypothetical royalty, then declared—without calculation or supporting data—that the upward pressures win. That is a conclusion, not a methodology. The jury cannot assess whether ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████ Without that analysis, Dr. Vellturo's ████ opinion does not corroborate anything—it restates as a conclusion the very number it is supposed to justify.

### B.    Dr. Trout's Qualitative Opinions Do Not Supply the Missing Analytical Link

Eagle's primary defense is that Dr. Vellturo "relied on Dr. Trout." The question is not whether Dr. Trout's opinions are admissible—it is whether Dr. Vellturo used them to perform a legally sufficient apportionment. He did not.

Dr. Trout opined that the Asserted Patents are "foundational," "enabling," and "relatively more valuable" than the other licensed patents. Ex. 14 ¶¶ 417-20. "Relatively more valuable" is not a royalty rate. It tells the jury nothing about whether ████████████████████ ████████████████████████ The law requires an expert to "carefully tie" the royalty to the claimed invention. *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1317 (Fed. Cir. 2011); *see also Sprint Comms Co. v. Comcast IP Holdings, LLC*, 2015 WL 410342, at *2 (D. Del. Jan. 29, 2015) (excluding expert whose opinion is "based solely on [other expert's] report").

Eagle's reliance on Dr. Korenko is not merely unhelpful to its position—it undercuts it. Dr. Korenko and Dr. Vellturo used ████████████████████ in diametrically opposite ways: Dr. Korenko treated ████████████████████████████████████████████████████

3

█████████████████████████████████████████████. D.I. 342-2, Ex. 12 at ¶ 147.  That two experts began ██████████ says nothing about whether Dr. Vellturo's use of it ███████████ is reliable; if anything, it confirms that ████████████████████████ from which apportionment must proceed—not the bottom.  And unlike Dr. Vellturo, Dr. Korenko accounted for the very differentiating features of the ███████████████████ that Dr. Vellturo swept into his floor without apportionment.  *Id.* at ¶¶ 117-123.  The shared starting number thus underscores the analytical gap in Dr. Vellturo's opinion.

### C.    The ██████████ Improperly Embeds Regulatory Value

Eagle argues that ████████████████████████████████████████ ██████████████████████████████████████ (D.I. 406 at 11).  Dr. Vellturo's deposition testimony says otherwise.  He testified that ██████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████ D.I. 341-07, Ex. 7 111:6-113:9.  That is precisely the problem: the J-Code is a Medicare reimbursement designation awarded based on product characteristics, not patent scope.  Eagle identifies no evidence that the contracting parties ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████ *Cf. SUNOCO Partners Mktg. & Terminals L.P. v. Powder Springs Logistics, LLC*, 2020 WL 7330715, at *6 (D. Del. Jan. 13, 2020) (excluding testimony where expert "never engages in an apportionment analysis in which he assesses the *value of the patents in relation to the other many aspects of the ... agreements* on which his damages calculation rates are based") (emphasis in original).

### D.    Eagle's "Weight, Not Admissibility" Standard Presupposes a Methodology to Weigh

4

Eagle invokes "weight, not admissibility" at every turn, but that standard applies where the expert has supplied a methodology the jury can evaluate. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993). Where the analytical steps from input to output are absent, there is nothing for the jury to weigh—only a conclusion to accept or reject. Admitting Dr. Vellturo's ███████ under those circumstances does not leave a credibility question for the jury; it invites the jury to treat an expert-endorsed number as analytically grounded when it is not.

Eagle's cases are distinguishable on this point. In *RSB Spine, LLC v. DePuy Synthes Sales, Inc.*, the expert "provide[d] reasoning for why he does not think [other patents] impact his overall calculation." No. 19-1515, 2022 WL 17084156, at *2 (D. Del. Nov. 18, 2022). In *Board of Regents Univ. of Texas Sys. v. Boston Sci. Corp.*, the expert specifically evaluated whether each factor in comparable licenses "could affect whether the hypothetical negotiation would result in a higher or lower royalty rate." 645 F. Supp. 3d 324, 334 (D. Del. 2022). Dr. Vellturo's analysis is a category apart: he asserts that upward pressures outweigh downward pressures but never supplies the analytical support that would permit that comparison to be tested. Cross-examination can highlight the gap; it cannot fill it.

### E.    Exclusion of the ███████ Requires Corresponding Exclusion of the Market Approach and Georgia-Pacific Factor 1 Analyses



Eagle argues that Dr. Vellturo's ███████████ analysis is independent of the ███████ and should survive any exclusion order. However, ████████████████████ ██████████████████████████████████████████ ███████████ *See* D.I. 341-02, Ex. 2 ¶¶ 199-209, 215-224, 268. Those opinions are not independent of the deficient apportionment and should be excluded along with the ███████.

## V.  CONCLUSION

The Court should exclude Dr. Vellturo's reasonable royalty opinions.

Dated: July 20, 2026

**MORRIS JAMES LLP**

  /s/  Kenneth L. Dorsney
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
3205 Avenue North Boulevard, Suite 100
Wilmington, DE 19803
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Of Counsel*:

Deepro Murkerjee
Jitendra Malik
Joseph M. Janusz
Lance A. Soderstrom
Matthew T. Messina
Rachel L. Schweers
Christopher B. Ferenc

**KATTEN MUCHIN ROSENMAN LLP**

50 Rockefeller Center
New York, NY 10020
(212) 940-8800

550 South Tryon Street, Suite 2900
Charlotte, NC 28202
(704) 444-2000

1919 Pennsylvania Ave., NW., Suite 800
Washington, DC 20006
(202) 625-3500

525 W. Monroe St.
Chicago, IL 60661
(312) 902-5200

**SMITH KATZENSTEIN & JENKINS LLP**

/s/ Neal C. Belgam
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Defendants Slayback Pharma LLC and Azurity Pharmaceuticals, Inc.*

*Of Counsel:*

Jason A. Lief
Alan Pollack
Daniel E. Forchheimer
Robyn Ast-Gmoser
Audrey R. Sparschu

**WINDELS MARX LANE & MITTENDORF LLC**
180 Park Avenue
Florham Park, NJ 07932
(973) 966-3200

156 West 56th Street
New York, NY 10019
(212) 237-1000

jlief@windelsmarx.com
apollack@windelsmarx.com
dforchheimer@windelsmarx.com
rast-gmoser@windelsmarx.com
asparschu@windelsmarx.com

6

deepro.mukerjee@katten.com
jitty.malik@katten.com
joe.janusz@katten.com
lance.soderstrom@katten.com
matthew.messina@katten.com
rachel.schweers@katten.com
christopher.ferenc@katten.com

*Attorneys for Defendants Apotex Inc. and Apotex Corp.*