**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EAGLE PHARMACEUTICALS, INC. and EAGLE SUB1 LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SLAYBACK PHARMA LLC and AZURITY PHARMACEUTICALS, INC.,<br><br>Defendants. | C.A. No. 24-65-JLH<br><br>**REDACTED PUBLIC VERSION** |

**DEFENDANTS SLAYBACK PHARMA LLC AND AZURITY
PHARMACEUTICALS, INC'S CONCISE STATEMENT OF FACTS IN SUPPORT
OF THEIR MOTION FOR SUMMARY JUDGEMENT OF NON-INFRINGEMENT**

## I.     Patents-in-Suit

1.     As stated in their infringement contentions (Sparschu Declaration, Ex. 1)[1], Eagle Pharmaceuticals, Inc. and Eagle Sub1 LLC (collectively "Plaintiffs") assert claims 1-9 of U.S. Patent No. 11,872,214 (Ex. 2, "the '214 patent"), and claims 1-11, 15, and 20 of U.S. Patent No. 12,138,248 (Ex. 3, "the '248 patent") (collectively "the Asserted Claims" of "the Patents-in-Suit").

2.     Each Asserted Claim includes the following limitation:

> a pharmaceutically acceptable fluid consisting of polyethylene glycol and optionally one or more of propylene glycol, ethanol, benzyl alcohol and glycofurol[.]

Exs. 2-3 (*see* Claims, Col. 14:7-9 and 13:29-31, respectively).

3.     None of the claims use the word "solvent." Exs. 2-3 (*see* Claims, Col. 14 and 13-14, respectively).

4.     The common specification states: "In several embodiments of the invention, pharmaceutically acceptable fluid is non-aqueous and may be, but is not necessarily, a solvent for the bendamustine or salt thereof." *See, e.g.*, Ex. 2 at 3:39-41.

5.     The common specification states that the bendamustine can be dissolved or dispersed in the formulation – indicating both solutions and dispersions. *See, e.g.*, Ex. 2 at 6:30-33.

## II.    The Accused Product

6.     In Slayback Pharma LLC and Azurity Pharmaceuticals, Inc.'s (collectively "Defendants") product ("Vivimusta®" or "the Accused Product"), "[e]ach milliliter contains 25 mg of bendamustine hydrochloride equivalent to 22.7 mg of bendamustine, 5 mg of monothioglycerol,

---

[1] All references to Exhibits ("Ex.") in this concise statement of facts refers to Exhibits 1-31 attached to the Declaration of Audrey Sparschu filed contemporaneously.

39.45 mg (5% v/v) of absolute alcohol, and q.s. to 1 mL polyethylene glycol 400. Sodium

hydroxide is used to adjust pH of polyethylene glycol 400." Ex. 4 § 11.

7. ███████████████████████████████████ ████████████████

████████████████████████████████

██ ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████



████████████████████████████████████████████

██ ██████████████████████ ████████████████████████

██████████████████████████████████████████████

2



REDACTED

).



## VI.    **Estoppel and File Histories**

19.    The applicant of the Patents-in-Suit initially attempted to obtain a much broader claim that would have included all fluids when it first filed the application that became the '214 patent:

4

> 1. A sterile vial containing a liquid bendamustine-containing composition comprising
>
> bendamustine, or a pharmaceutically acceptable salt thereof, wherein the bendamustine
>
> concentration in the composition is from about 20 mg/mL to about 60 mg/mL;
>
> polyethylene glycol; and
>
> a stabilizing amount of an antioxidant.

Ex. 12 at EAGLEBEN-SA_00001105.

20. The original claims were rejected over the prior art. Ex. 12 at EAGLEBEN-SA_00001173-1182.

21. The applicant then narrowed the claims by adding the "pharmaceutically acceptable fluid consisting of . . . " limitation, as follows:

> 1. (Currently Amended) A sterile vial containing a liquid bendamustine-containing
> composition comprising
>
> bendamustine, or a pharmaceutically acceptable salt thereof, wherein the bendamustine
>
> concentration in the composition is from about 20 mg/mL to about 60 mg/mL;
>
> a pharmaceutically acceptable fluid consisting of polyethylene glycol and optionally one
>
> or more of propylene glycol, ethanol, benzyl alcohol and glycofurol; and
>
> a stabilizing amount of an antioxidant.

Ex. 12 at EAGLEBEN-SA_00001271.

22. Ultimately, claims containing the "pharmaceutically acceptable fluid consisting of . . . " limitation were allowed. Ex. 12 at EAGLEBEN-SA_00002082-2090; Exs. 2-3 (*see* Claims).

23. The file histories of the Patents-in-Suit and all predecessor applications do not contain any statement from the applicant that the claim term "fluid" or "pharmaceutically acceptable fluid" is to be defined as a solvent. Exs. 12-14 *in passim*.

24. The file histories of the Patents-in-Suit (and all predecessor applications) do not contain any arguments where the applicant distinguished the claimed inventions from the prior art

because the prior art supposedly disclosed chemicals that were not solvents vis-à-vis an invention that was supposedly about solvents.  Exs. 12-14 *in passim*.

## VII.    The Tangentiality Exception Does Not Apply

25.



27.    The narrowing amendment in the file history of the application that became the '214 patent limited the Asserted Claims to five particular fluids, as opposed to all possible pharmaceutically acceptable fluids. Fact 21.

28.

6

Dated: June 5, 2026

*Of Counsel:*

Jason A. Lief
Alan H. Pollack
Daniel E. Forchheimer
Robyn Ast-Gmoser
Audrey R. Sparschu

**WINDELS MARX LANE &
MITTENDORF, LLP**
180 Park Ave
Florham Park, NJ 07932
(973) 966-3200

156 West 56th Street
New York, NY 10019
(212) 237-1000

jlief@windelsmarx.com
apollack@windelsmarx.com
dforchheimer@windelsmarx.com
rast-gmoser@windelsmarx.com
asparschu@windelsmarx.com

**SMITH KATZENSTEIN & JENKINS LLP**

/s/ Daniel A. Taylor
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Defendants Slayback Pharma
LLC and Azurity Pharmaceuticals, Inc.*

7