# EXHIBIT 37

# UNREDACTED PUBLIC VERSION

                    IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF DELAWARE


EAGLE PHARMACEUTICALS, INC.,       )
                                   )
                 Plaintiff,        )
                                   ) C.A. No. 24-64-JLH
v.                                 )
                                   )
APOTEX INC. and APOTEX CORP.,      )
                                   )
                 Defendant.        )
- - - - - - - - - - - - - - - - - -
EAGLE PHARMACEUTICALS, INC.,       )
                                   )
                 Plaintiff,        ) C.A. No. 24-65-JLH
                                   )
v.                                 )
                                   )
SLAYBACK PHARMA LLC,               )
                                   )
                 Defendant.        )
- - - - - - - - - - - - - - - - - -
EAGLE PHARMACEUTICALS, INC.,       )
                                   )
                 Plaintiff,        ) C.A. No. 24-66-JLH
                                   )
v.                                 )
                                   )
BAXTER HEALTHCARE CORPORATION,     )
                                   )
                 Defendant.        )


                              J. Caleb Boggs Courthouse
                              844 North King Street
                              Wilmington, Delaware

                              Thursday, January 30, 2025
                              10:02 a.m.
                              Markman Hearing


BEFORE:   THE HONORABLE JENNIFER L. HALL, U.S.D.C.J.

APPEARANCES:

      McCARTER & ENGLISH, LLP
      BY:   DANIEL M. SILVER, ESQUIRE
      BY:   WYLEY S. PROCTOR, ESQUIRE

            -and-

      LATHAM & WATKINS LLP
      BY:   DANIEL G. BROWN, ESQUIRE
      BY:   ALEX GRABOWSKI, ESQUIRE
      BY:   KELLY ANNE WELSH, ESQUIRE

                  For the Plaintiff

      POTTER ANDERSON & CORROON LLP
      BY:   PHILIP A. ROVNER, ESQUIRE

            -and-

      DECHERT LLP
      BY:   MARTIN BLACK, ESQUIRE
      BY:   JUDAH BELLIN, ESQUIRE
      BY:   AMANDA K. ANTONS, Ph.D.
      BY:   NOAH M. LEIBOWITZ, ESQUIRE

                  For the Defendant
                  Baxter Healthcare

      MORRIS JAMES LLP
      BY:   CORTLAN S. HITCH, ESQUIRE

            -and-

      KATTEN MUCHIN ROSENMAN
      BY:   CHRISTOPHER B. FERENC, ESQUIRE

                  For the Apotex Defendants

      SMITH KATZENSTEIN & JENKINS LLP
      BY:   DANIEL A. TAYLOR, ESQUIRE

            -and-

      WINDELS MARX
      BY:   JASON A. LIEF, ESQUIRE

                  For the Slayback Defendant

THE COURT: Hi. Please be seated.

Okay. I've got some thoughts that I wanted to convey while everything is fresh in my mind, because I've got 300 other cases that need my attention and I'll forget. So I wanted to give you what I can give you today.

So, just at the outset, I don't think there's a reasonable debate that these claims are a mess. I agree with counsel about that. We have very, very skilled attorneys on both sides arguing, and I appreciated hearing from everyone today. Everyone did the best that they could with these claims. It is not counsel in this room's fault that the claims are the way they are, but they are a mess.

And so the question is: What we're going to do about it?

So starting with Terms 1 and 2, everybody in this room knows what "consisting of" and "comprising" means. We all know that. We've got proposed constructions from both sides, but neither clarifies what the real issue is here, which is: How do these claim elements fit together.

And the mess we're in in this respect is compounded by the fact that the patent is internally inconsistent about what it means when it talks about a pharmaceutically acceptable fluid.

So I'll just say the record, here's where we found, things that seem to support the proposition that the

fluid, when it's referred to, includes additional things that aren't necessarily a solvent.  So, for example, the abstract.  We have the portion we talked about during the hearing today, which is Column 2, Line 65 to Column 3 to 5. We have Column 4, Lines 30 to 39.  We have Column 5, Lines 36 to 46.  We have Column 5, Lines 52 to 61.  And we have Column 6, Lines 20 to 27.

And then we've also got portions of the patent where it talks about the stabilizer being a separate aspect or separate element.  We've got Column 2, Lines 1 to 7. Column 4, Lines 45 to 53.  Column 7, Lines 25 to 35. Column 8, Lines 26 to 34.  And Column 9, Lines 15 to 19.

So what do we do about this?

I agree with Defendants, in the abstract, that you can't have in the product another fluid that is a pharmaceutically acceptable fluid that is not on the list and still infringe.  I agree with them.

That said, I'm not willing to say, at this point, that a product that has, for example, liquid Vitamin E as an antioxidant doesn't infringe because it's a liquid. Because the patent claim expressly allows for an antioxidant as a separate element.

I think Plaintiff agreed today, and I think we all agree that there can't be another solvent system that's not on the list of pharmaceutically acceptable fluids.  But

I'm not going to say that the use of an antioxidant, that someone might characterize as a solvent because it's capable of dissolving a solid, would take a product outside of the scope of the claims.

I'm not going to allow the jury to decide the issue of whether a substance is "unrelated to this element" or "unrelated to the invention."  That's not something that's within the province of the jury.

I think that impurities that are normally associated with a component are included in the scope of the term.  I think we all agree on that.  We just have a dispute about whether or not to tell it to the jury.

And so what do we take from all of this?  I think the only thing we can do is to ultimately give the jury a narrative that explains how the "comprising" and "consisting" elements fit together.  But it's premature for us to work on that until I understand what the parties' positions are.

And, of course, I understand that the Court is to construe claims without reference to the accused products.  But the Court also only needs to construe claim terms to the extent there's a dispute, and I don't have an understanding about what the dispute is here still.

And doing it right now or adopting one or the other's party's proposed constructions right now is just