**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

EAGLE PHARMACEUTICALS, INC. and
EAGLE SUB1 LLC,

        Plaintiffs,

      v.

SLAYBACK PHARMA LLC and AZURITY
PHARMACEUTICALS, INC.,

        Defendants.

C.A. No. 24-65-JLH

**REDACTED PUBLIC VERSION**

**DEFENDANTS' SLAYBACK PHARMA LLC AND AZURITY
PHARMACEUTICALS INC. RESPONSE TO PLAINTIFFS' "CONCISE
COUNTERSTATEMENT OF FACTS IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING NON-
INFRINGEMENT" (D.I. 421)**

*Of Counsel*

Jason A. Lief
Alan Pollack
Daniel E. Forchheimer
Robyn Ast-Gmoser
Audrey R. Sparschu

**WINDELS MARX LANE &
MITTENDORF LLC**

180 Park Avenue
Florham Park, NJ 07932-1054
(973) 966-3200

156 West 56th Street
New York, NY 10019
(212) 237-1000

jlief@windelsmarx.com
apollack@windelsmarx.com
dforchheimer@windelsmarx.com
rast-gmoser@windelsmarx.com
asparschu@windelsmarx.com

Dated: July 20, 2026

**SMITH KATZENSTEIN & JENKINS LLP**

Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Defendants Slayback Pharma
LLC and Azurity Pharmaceuticals, Inc.*

Defendants Slayback Pharma LLC and Azurity Pharmaceuticals Inc. (collectively "Slayback") – not the Apotex Defendants – respond herein to Plaintiffs "Concise Facts." Slayback objects to Plaintiffs' use of conjoined "Concise Facts" for two different cases (not consolidated), involving two different products, and two different records – where much of the Apotex record was inaccessible to Slayback's counsel during discovery.

1.    **Irrelevant and Mischaracterizes.**  This "Concise Fact" raises a question of law – claim construction – that cannot generate a disputed fact for summary judgment; and was not decided or briefed during *Markman*.  Slayback only admits that the transcript of the Markman hearing says what it says – with some comments seemingly helpful to each side.

2.    **Irrelevant and Demonstrably False**.  Slayback's motion for summary judgment of non-infringement is not based on a "fluid=solvent" claim construction and thus the issue of whether ███████████████████████████.  Regardless, Plaintiffs falsely misstate the contents of a Slayback document on this issue, and have no evidence to support their proposition.  The evidence supports that it is a solvent.  (Slayback Reply at 10-11).

3.    **Irrelevant and Demonstrably False**.

4.    **Irrelevant and Vague and Ambiguous.**  This "Concise Fact" raises a question of law – claim construction – that cannot generate a disputed fact for summary judgment.  Plaintiffs have provided no definition of a "solvent" – as a matter of claim construction or otherwise – and

therefore it is not possible to respond and say whether the fluids listed after "consisting of" in the claims are solvents or not.  For instance, the record shows PEG dissolves only 20 mg/ml of bendamustine, but the claims require 25 mg/ml level.  (Ex. 5, ¶¶ 178-182; Ex. 17, at 86-91, 90:18 to 91:9; Ex. 32, at EAGLEBEN-SA-10180; Ex. 2, Example 3; D.I. 419, at 6, fn. 4).  Nor is it relevant – as the words *after* "consisting of" do not define the broader word "fluid" *before* "consisting of."  The word "solvent" is not in the claims. (Ex. 9, 197:21-23, 72:8-12, 73:13-14).

5.     **Admitted in part, But Irrelevant.**  Slayback admits only that the Examples discuss dissolving bendamustine.  The legal consequence of that for claim construction is not factual.  It is "one of the cardinal sins" of claim construction to read limitations from the specification into the claims.  The specification specifically says that "pharmaceutically acceptable fluids" need not be solvents.  (Ex. 2, 3:39-41; Ex. 3, 3:35-37).  The specification also discloses "dispersions" – these are not solutions, and do not require solvents. (Ex. 2, 6:30-33).

6.     **Denied and Raises a Legal Issue.**   This "Concise Fact" raises legal questions of claim construction, and cannot generate a disputed fact for summary judgment purposes.  Regardless, Plaintiffs mischaracterize the prosecution history.  (*See* Slayback Reply Brief Supporting Non-infringement at 9-10).

7.     **Admitted in part, Denied in part as Legal.**  Slayback admits only that the numbers of the Abandoned Patent Application and Publication recited by Plaintiffs are correct, and that the Abandoned Patent Application did not claim priority back to the same Provisional Application as the patents-in-suit.  The determination of whether the Abandoned Patent Application and Publication – which identify ██████████████████████████████ ████████████ – are "related" or "not related" to the patents-in-suit, where they also disclose stable PEG-containing liquid bendamustine formulations, and share the same applicant and two

2

of the same co-inventors as the patents-in-suit, is a legal question.

8.    **Irrelevant and Vague and Ambiguous.**  This "concise fact" calls for a legal

conclusion as to █████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████████  █████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████████████████████████  █████

█████████████████████████████████████████████████████████

█████████████████████████████████  Nor is that relevant.  *Unimed Pharms.,*

*LLC v. Perrigo*, C.A. No. 13-236-RGA, 2015 U.S. Dist. LEXIS 29703 (D. Del. Mar. 11, 2015).

9.    **Disputed Question of Law.**  Excipients are inactive ingredients that the Federal

Circuit does not consider impurities.  *Otsuka Pharm. Co. v. Lupin*, 2022 WL 2952759 (D. Del.

July 26, 2022) (citing Federal Circuit law).  It is undisputed that ████████████████████

███████████████████████████████████████.  (D.I. 347, at 15-17).

10.    **Irrelevant, Admitted in Part, Denied in Part.**  ██████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████  It is also

irrelevant because the initial ingredient added defines infringement.  *Unimed Pharms.*

3

11.     **Irrelevant, Admitted in Part and Demonstrably False in Other Parts.**

Slayback's motion is not premised on ████████████████████████████

███████████████████████████████████████. And, in fact, it is

both. (D.I. 419, at 6-7, and 11-21). ████████████████████████████

██████████████████████████████████████████████████████

████████████████████ (Ex. 39, at 83:4-8, 89:4-17; Ex. 40, at 156:16-21). It is undisputed

that an excipient can have more than one function. (Ex. 5, Sinko Rep. ¶183; Ex. 9, Trout Tr.

169:11-17). And Slayback's expert and Plaintiffs themselves called ███████████████

████████████████████ (Ex. 18, 10:4-11; Ex. 7 at [0056-59], Cl. 30).

12.     **Irrelevant, Unanswerable as Vague and Ambiguous.** Slayback's motion does

not raise equivalents on the merits – asserting only that Plaintiffs are precluded as a matter of law

from arguing equivalents. This proposed "concise fact" goes to the merits of equivalents, and is

therefore irrelevant to Slayback's motion. Plaintiffs' use of the phrase "fundamental identity"

also makes the request unanswerable as vague and ambiguous. Slayback does note that ██

██████████████████████████████████████████████████████

███████████████████████ (Ex. 5, ¶¶ 142-43; Ex. 9, 217:24-218:11).

13.     **Irrelevant as Stated and Indisputably Deceptive**. Whether any page in the

thousands of pages in Slayback's NDA uses the exact phrase ████████████████ is

irrelevant to the undisputed fact that Slayback adds a ██████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████.

4

Dated: July 20, 2026
*Of Counsel:*

Jason A. Lief
Alan Pollack
Daniel E. Forchheimer
Robyn Ast-Gmoser
Audrey R. Sparschu

**WINDELS MARX LANE &
MITTENDORF LLC**
180 Park Avenue
Florham Park, NJ 07932-1054
(973) 966-3200

156 West 56th Street
New York, NY 10019
(212) 237-1000

jlief@windelsmarx.com
apollack@windelsmarx.com
dforchheimer@windelsmarx.com
rast-gmoser@windelsmarx.com
asparschu@windelsmarx.com

**SMITH KATZENSTEIN & JENKINS LLP**

*/s/ Neal C. Belgam*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Defendants Slayback Pharma
LLC and Azurity Pharmaceuticals, Inc.*