# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| EAGLE PHARMACEUTICALS, INC. and EAGLE SUB1 LLC, <br><br> Plaintiffs, <br><br> v. <br><br> SLAYBACK PHARMA LLC and AZURITY PHARMACEUTICALS, INC., <br><br> Defendants. | REDACTED PUBLIC VERSION FILED AUGUST 7, 2026 <br><br> C.A. No. 24-65-JLH (CONSOLIDATED) <br><br> **JURY TRIAL DEMANDED** <br><br> ███████████████ |

**REPLY BRIEF IN SUPPORT OF PLAINTIFFS EAGLE PHARMACEUTICALS, INC. AND EAGLE SUB1 LLC'S MOTION FOR SUMMARY JUDGMENT <u>REGARDING INFRINGEMENT</u>**

# **TABLE OF CONTENTS**

**Page**

I.      Introduction ................................................................................................................1

II.     Argument ....................................................................................................................1

     A.      Vivimusta® Infringes the "Pharmaceutically Acceptable Fluid" Limitation ...........1

     B.      Vivimusta® Infringes the Stability Limitation .......................................................3

III.    Conclusion .................................................................................................................3

**TABLE OF AUTHORITIES[1]**

**Page(s)**

**CASES**

*ABB Automation Inc. v. Schlumberger Res. Mgmt. Servs., Inc.*,
254 F. Supp. 2d 479 (D. Del. 2002)........................................................................................ 3

*Innov. Memory Sys., Inc. v. Micron Tech., Inc.*,
No. 14-1480, 2022 WL 4548644 (D. Del. Sept. 29, 2022)....................................................... 3

*TechSearch, L.L.C. v. Intel Corp.*,
286 F.3d 1360 (Fed. Cir. 2002).............................................................................................. 2

---

[1] All emphasis added, and internal citations and quotations omitted, unless otherwise noted.

## I.    INTRODUCTION

Each of Slayback's defenses fails in light of the undisputed facts. ***First***, contrary to Slayback's assertions, ████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████ "consists of" PEG and ethanol (one of the four claimed optional co-solvents). Its sodium hydroxide "is used to adjust pH of polyethylene glycol 400" (D.I. 387, Ex. 2 at -924) and is not—and cannot be—part of the PAF. Indeed, this Court already rejected the argument that ***any*** liquid capable of dissolving a solid qualifies as a "fluid" under the claims. D.I. 387, Ex. 5 at 67:18-22. ***Second***, Slayback confirmed to the FDA that ████████ ██████████████████████ ████████████████████████████████████████████████. Slayback seeks to unwind that admission by arguing Eagle cannot rely on Slayback's ***own*** testing, but offers no competing evidence—only attorney argument. Summary judgment of infringement is warranted.

## II.    ARGUMENT

Slayback does not dispute that Vivimusta® infringes almost every claim limitation, and thus, summary judgment on these limitations should be granted. *See* D.I. 364 at 9-10. For those that Slayback does contest, there is no genuine dispute of material fact for the reasons below.

### A.    Vivimusta® Infringes the "Pharmaceutically Acceptable Fluid" Limitation

Slayback's argument that ██████████████████████████████████████████ is insufficient to create a genuine issue of fact. First, the parties stipulated that the PAF limitation is limited to a substance that is a "fluid," and ██████████████████████████████████ ████████████████████████████████████ D.I. 364 at 4-5. The amount of ██████████████████████████████████ ████████████████████████ ████████████████████████—the PEG 400. D.I. 364 at 8-9. Slayback's only response is

1

attorney argument that cannot defeat summary judgment. *TechSearch, L.L.C. v. Intel Corp.*, 286 F.3d 1360, 1371-72 (Fed. Cir. 2002); D.I. 419 at 8-9.

Second, even if ███████████████████████████████████████████████████.[2] D.I. 364 at 4-5. Slayback's use of the term ██████████████████ a litigation-driven designation,[3] improperly expands the limitation beyond the Court's guidance at *Markman*, expressly declining to include non-solvent fluids in the PAF limitation. *See* D.I. 387, Ex. 5 at 67:18-22 ("That said, I'm not willing to say, at this point, that a product that has, for example, liquid Vitamin E as an antioxidant doesn't infringe because it's a liquid.").

Defendants' argument also fails because, as Eagle has explained more fully elsewhere, pH-adjusted PEG remains PEG, and thus remains within the scope of the PAF limitation. D.I. 415 at 27-28. PEG 400's identity is defined by its polymer backbone and molecular weight distribution. D.I. 423, Ex. 23 at -596; Ex. 22 at 588-93. Adding ████████████ sodium hydroxide for pH adjustment does not change the fundamental nature of PEG or its role as a solvent. D.I. 373-1, Ex. 25 ¶ 291. Slayback has admitted the same, ████████████████████████████████ ████████████████████ D.I. 387, Ex. 6 at -472. Thus, the only constituents of the PAF in Vivimusta® are PEG and ethanol—both of which are recited in the PAF limitation.

Slayback's fallback argument that ████████████████████████████████ ████████████████████████████████████ (D.I. 419 at 9) is unavailing. Notably, Slayback cites no facts to support its bald attorney argument. *Id.* at 8-9. Nor could it—██ ████████████████████████ ██████████████. D.I. 364 at 5. Neither Slayback's

---

[2] For the reasons set forth in D.I. 364, the Court should clarify its claim construction guidance and expressly construe the PAF limitation as a whole as being limited to solvents.

[3] Though Slayback used that contrived phrase throughout discovery and expert reports, the phrase ████████████████ otably is absent from Slayback's brief. D.I. 415 at 20.

December 2022 label nor its revised 2024 label lists water as a formulation component, and

███████████████████████████. *Id.* ████████████████

████████████████▌████████████████████████. *Id.* at 5-6. ████

████████████████████████▌████████████████. *Innov. Memory Sys.,*

*Inc. v. Micron Tech., Inc.*, No. 14-1480, 2022 WL 4548644, at *1 (D. Del. Sept. 29, 2022).

Finally, Slayback's arguments that the "impurity" and "unrelated" exceptions to the "consisting of" limitation apply are wrong, as explained in Eagle's opposition to Defendants' Motion for Summary Judgment, which is incorporated by reference. D.I. 415 at 24-27, 29-32. Thus, there is no genuine dispute that Vivimusta® infringes.

## B. Vivimusta® Infringes the Stability Limitation

Slayback's makes only two short arguments on the "stability" limitation: (1) that Dr. Kittendorf's testing is "flawed;" and (2) that Eagle cannot rely on "Slayback's ***own testing***" ████

██. D.I. 419 at 12. These conclusory arguments—lacking any supporting evidence or case law— are meritless. Slayback's ███████████████████▌███████████████

███████████████. *See* D.I. 364 at 7-9; No. 24-64, D.I. 342, Ex. 7 at 163:14-166:22. Eagle's testing expert, Dr. Kittendorf, confirmed this. *See id.* Notably, Slayback does not dispute Dr. Kittendorf's testing results. D.I. 419 at 12. Instead, Slayback simply asserts that "there is a significant factual dispute over this HPLC issue." *Id.* But *ipse dixit* arguments cannot defeat summary judgment. *See ABB Automation Inc. v. Schlumberger Res. Mgmt. Servs., Inc.*, 254 F. Supp. 2d 479, 481-82 (D. Del. 2002) (affirming summary judgment of infringement where defendant provided mere denials and conclusory statements in defense). Thus, there is no genuine dispute of material fact that Vivimusta® infringes the stability limitation.

## III. CONCLUSION

Eagle respectfully requests the Court grant summary judgment of infringement

Dated: July 20, 2026

OF COUNSEL:

Kenneth G. Schuler
Marc N. Zubick
Alex Grabowski
Michelle Chin
Nathan Fuller
Manuela Burek
Hanna Bondarowicz
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700
kenneth.schuler@lw.com
marc.zubick@lw.com
alex.grabowski@lw.com
michelle.chin@lw.com
nathan.fuller@lw.com
manuela.burek@lw.com
hanna.bondarowicz@lw.com

Brett M. Sandford
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600
brett.sandford@lw.com

Ramya Sri Vallabhaneni
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
ramya.vallabhaneni@lw.com

Kelly A. Welsh
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200
kelly.welsh@lw.com

MCCARTER & ENGLISH, LLP

/s/ Alexandra M. Joyce
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
MCCARTER & ENGLISH, LLP
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs*

4

Cecilia Bain
LATHAM & WATKINS LLP
801 Jefferson Avenue, Suite 300
Redwood City, CA 94063
(650) 328-4600
cecilia.bain@lw.com

5

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that true and correct copies of the foregoing documents were caused to be served on July 20, 2026, on the following counsel in the manner indicated:

**VIA EMAIL:**

Kenneth L. Dorsney
Cortlan S. Hitch
MORRIS JAMES LLP
3205 Avenue North Boulevard, Suite 100
Wilmington, DE 19803
kdorsney@morrisjames.com
chitch@morrisjames.com

Deepro R. Mukerjee
Lance A. Soderstrom
KATTEN MUCHIN ROSENMAN LLP
50 Rockefeller Center
New York, NY 10020-1605
Deepro.mukerjee@katten.com
Lance.soderstrom@katten.com

Jitendra Malik
Joseph M. Janusz
KATTEN MUCHIN ROSENMAN LLP
550 South Tyron Street, Suite 2900
Charlotte, NC 28202
Jitty.malik@katten.com
Joe.janusz@katten.com

Christopher B. Ferenc
KATTEN MUCHIN ROSENMAN LLP
1919 Pennsylvania Avenue, NW Suite 800
Washington, DC 20006
Christopher.ferenc@katten.com

Rachel L. Schweers
Matthew T. Messina
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661
Rachel.schweers@katten.com
Matthew.messina@katten.com

*Attorneys for Defendants Apotex, Inc. and Apotex Corp.*

ME1\61693533.v1

Neal C. Belgam
Daniel A. Taylor
SMITH KATZENSTEIN & JENKINS LLP
1000 West Street, Suite 1501
Wilmington, DE 19801
nbelgam@skjlaw.com
dtaylor@skjlaw.com

Jason A. Lief
Alan H. Pollack
Audrey R. Sparschu
WINDELS MARX LANE & MITTENDORF, LLP
156 West 56th Street
New York, NY 10019
jlief@windelsmarx.com
apollack@windelsmarx.com
asparschu@windelsmarx.com

Andrew Miller
Ajay Kayal
Robyn Ast-Gmoser
Kiersten Fowler
Daniel Forchheimer
WINDELS MARX LANE & MITTENDORF, LLP
One Giralda Farms
Madison, NJ 07940
amiller@windelsmarx.com
akayal@windelsmarx.com
rast-gmoser@windelsmarx.com
kfowler@windelsmarx.com
dforchheimer@windelsmarx.com

*Attorneys for Defendants Slayback Pharma LLC and Azurity Pharmaceuticals, Inc.*

*/s/ Alexandra M. Joyce*
Alexandra M. Joyce (#6428)

ME1\61693533.v1