# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

EAGLE PHARMACEUTICALS, INC. and
EAGLE SUB1 LLC,

       Plaintiffs,

    v.

SLAYBACK PHARMA LLC and
AZURITY PHARMACEUTICALS, INC,

       Defendants.

REDACTED PUBLIC VERSION
FILED AUGUST 7, 2026

C.A. No. 24-65-JLH
(CONSOLIDATED)

**JURY TRIAL DEMANDED**

████████████████

## REPLY IN SUPPORT OF PLAINTIFFS EAGLE PHARMACEUTICALS, INC. AND EAGLE SUB1 LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT <u>REGARDING DAMAGES</u>

**TABLE OF CONTENTS**

I.  INTRODUCTION ..................................................................................................1

II.  ARGUMENT.......................................................................................................1

  A.  Eagle Is Entitled To Summary Judgment On *Panduit* Factor 1...............................1
  B.  Eagle Is Entitled To Summary Judgment On *Panduit* Factor 3..............................2
  C.  ███████████████████████ Is Not "Available" As A Matter of Law ..................................................................................................3

III.  CONCLUSION....................................................................................................4

ii

# TABLE OF AUTHORITIES[1]

**Page(s)**

## CASES

*AAT Bioquest, Inc. v. Texas Fluorescence Lab'ys, Inc.*,
  2015 WL 7708332 (N.D. Cal. Nov. 30, 2015) ........................................................................2

*Abbott Diabetes Care Inc. v. Dexcom, Inc.*,
  No. 21-977, 2024 WL 4875131 (D. Del. Nov. 13, 2024)........................................................4

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986)................................................................................................................2

*Georgetown Rail Equip. Co. v. Holland L.P.*,
  867 F.3d 1229 (Fed. Cir. 2017)..............................................................................................2

*Grain Processing Corp. v. Am. Maize-Prods. Co.*,
  185 F.3d 1341 (Fed. Cir. 1999)..............................................................................................4

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
  2011 WL 197869 (E.D. Tex. Jan. 20, 2011)...........................................................................4

*M2M Sols. LLC v. Sierra Wireless Am., Inc.*,
  2016 WL 1298961 (D. Del. Mar. 31, 2016) ...........................................................................2

*Micro Chem., Inc. v. Lextron, Inc.*,
  318 F.3d 1119 (Fed. Cir. 2003)..............................................................................................3

*Parker-Hannifin Corp. v. Champion Lab'ys, Inc.*,
  2008 WL 1843922 (N.D. Ohio Apr. 22, 2008)........................................................................2

*Puff Corp. v. SHO Prods., LLC*,
  2024 WL 2208929 (C.D. Cal. Apr. 19, 2024) .....................................................................3, 4

*Rite-Hite Corp. v. Kelley Co.*,
  56 F.3d 1538 (Fed. Cir. 1995) (en banc)............................................................................1, 2

*Sherwin-Williams Co. v. PPG Indus., Inc.*,
  2020 WL 1283465 (W.D. Pa. Mar. 18, 2020) ........................................................................3

*SmartSky Networks LLC v. Gogo Business Aviation LLC*,
  2025 WL 2972258 (D. Del. Oct. 21, 2025) ............................................................................3

---

[1] All emphasis added, and internal citations and quotations omitted, unless otherwise noted.

*The Nielsen Co. (US), LLC v. TVision Insights, Inc.*,
    2026 WL 1091330 (D. Del. Apr. 17, 2026)..............................................................................4

*WhereverTV, Inc. v. Comcast Cable Commc'ns LLC*,
    2022 WL 2773292 (M.D. Fla. May 23, 2022).........................................................................4

**RULES**

Rule 56(d) .........................................................................................................................................2

## I.     INTRODUCTION

Slayback's opposition confirms that the Court should grant summary judgment on *Panduit* Factors 1 and 3, and find the ██████████████████ unavailable as a matter of law.  Seeking to manufacture factual disputes where none exist, Slayback raises a series of unsupported arguments. ***First***, Slayback contradicts its own expert by arguing that "uncertainty in the market" for the patented products bars summary judgment on Factor 1.  D.I. 407 ("Opp.") at 2.  This speculative attorney argument cannot raise a genuine dispute and, even if accepted, it does not negate the undisputed substantial sales that alone establish demand.  ***Second***, Slayback again contradicts its expert by arguing that Factor 3 is not met due to Eagle's alleged "financial" issues.  *Id.* at 3.  That is a red herring; the relevant inquiry is whether Eagle had the "manufacturing and marketing capability to exploit the demand," and on that inquiry Slayback identifies no genuine dispute.  *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1545 (Fed. Cir. 1995) (en banc).  ***Third***, Slayback contends "availability" is a fact issue for trial but ignores the numerous cases holding that alternatives never offered for sale, sold, or used—██████████████████—are unavailable as a matter of law absent competent evidence of availability at the hypothetical negotiation.  Slayback has none.

## II.    ARGUMENT

### A.     Eagle Is Entitled To Summary Judgment On *Panduit* Factor 1

Slayback does ***not*** dispute there have been substantial sales of the five patented products, Dr. Vellturo's calculations of those sales, or that those products compete.  D.I. 407 at 1-2.  Demand under Factor 1 thus exists as a matter of law—as Slayback's expert admitted.  D.I. 356 at 1, 5.

Slayback seeks to create a factual dispute by arguing—without citation—that "past sales do not guarantee future demand," "there is uncertainty in the market," and demand "for the entire damages period is uncertain."  D.I. 407 at 1-2.  Attorney argument cannot raise a material factual dispute—especially where, as here, Slayback's expert admitted demand exists without any caveat

1

about uncertainty.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("nonmoving party" must identify "specific facts showing … a genuine issue"); *M2M Sols. LLC v. Sierra Wireless Am., Inc.*, 2016 WL 1298961 at *3 (D. Del. Mar. 31, 2016) ("conclusory arguments, unsupported by expert opinion" and "directly contradicted by considerable expert testimony" are not genuine disputes).

Moreover, a patentee need not show forecasted sales to establish demand for the patented products: "[t]he proper inquiry asks whether demand *existed* in the marketplace."[2]  *Georgetown Rail Equip. Co. v. Holland L.P.*, 867 F.3d 1229, 1241 (Fed. Cir. 2017); *see, e.g.*, *AAT Bioquest, Inc. v. Texas Fluorescence Lab'ys, Inc.*, 2015 WL 7708332, at *7 (N.D. Cal. Nov. 30, 2015) (finding that the infringing sales occurring between patent issuance and the date of the last infringing sale made established demand); *Parker-Hannifin Corp. v. Champion Lab'ys, Inc.*, 2008 WL 1843922, at *7 (N.D. Ohio Apr. 22, 2008) (finding the "sale of 188,229 Infringing Filters" made "[d]uring the Infringement Period" was "sufficient to establish there was demand").  Here, Dr. Vellturo calculated—and Mr. Malackowski agreed—that Slayback made at least ███████ from infringing sales, which alone satisfies Factor 1.  D.I. 360, Ex. 1 ¶¶ 112, 237; *id.*, Ex. 3 at 41.

### B.    Eagle Is Entitled To Summary Judgment On *Panduit* Factor 3

Slayback again contradicts Mr. Malackowski's opinion, arguing that Factor 3 is not met because "it is not certain that Eagle had the *financial* ability to meet increased demand."  Opp. at 3 (emphasis original).  That is irrelevant.  Factor 3 asks whether Eagle had "manufacturing and marketing capability to exploit the demand."  *Rite-Hite*, 56 F.3d at 1545.  Arguments about Eagle's "financial position," "depleted cashflow," and the ███████████████ do not bear on that inquiry, and Slayback has no evidence Eagle lacked such capacity.  Opp. at 3.  Like Dr. Vellturo, Mr.

---

[2] To the extent Slayback argues it needs additional discovery regarding future sales for *Panduit* Factor 1, that argument is waived because Slayback never sought such relief under Rule 56(d).

Malackowski found Factor 3 met because Eagle had the capacity to "achieve the additional unit sales," without mentioning "financial" issues.  D.I. 360, Ex. 3 at 42; *id.*, Ex. 4. at 118:19-119:3.

Slayback cites no law supporting its Factor 3 rewrite.  Slayback's sole cited case, *SmartSky Networks LLC v. Gogo Business Aviation LLC*, is inapt because the court excluded capacity opinions from an expert who "ignore[d] regulatory licensing requirements" and relied solely on an unsupported lay-witness assurance.  2025 WL 2972258, at *6-7, 10 (D. Del. Oct. 21, 2025).  Here,

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████  Mr. Malackowski agreed.  Thus, Factor 3 is readily met.

**C.  ████████████████████████   Is Not "Available" As A Matter of Law**

Slayback admits the ███████████████████████████████████████

████.  D.I. 412-1 at 53-54.  Slayback also admits ████████████████████

█████████████  *Id.*  And Slayback admits that, █████████████████████

███████████████████████████████.  *Id.*  Under these undisputed facts, summary judgment is warranted.  *See Puff Corp. v. SHO Prods., LLC*, 2024 WL 2208929, at *13 (C.D. Cal. Apr. 19, 2024).  Neither of Slayback's arguments raises a genuine factual dispute.

***First***, Slayback argues that availability is a question of fact that cannot be resolved on summary judgment.  Not so.  Courts routinely rule that alleged alternatives are not "available" as a matter of law.  *See, e.g.*, *Micro Chem., Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1122-24 (Fed. Cir. 2003); *Puff*, 2024 WL 2208929, at *13; *Sherwin-Williams Co. v. PPG Indus., Inc.*, 2020 WL 1283465, at *8-10 (W.D. Pa. Mar. 18, 2020).

***Second***, Slayback argues that, because the █████████████████████████

██████████████████████████████████████████."  D.I. 407 at 4.  But the relevant inquiry is whether it would have been "available" as of the hypothetical negotiation, not

3

██████████████████. *See, e.g.*, *The Nielsen Co. (US), LLC v. TVision Insights, Inc.*, 2026 WL 1091330, at *1 (D. Del. Apr. 17, 2026).  For example, the alleged non-infringing alternative in *Puff* was held unavailable as a matter of law even though it had ***actually launched in the market***, because that did not occur until two years after the hypothetical negotiation.  2024 WL 2208929, at *13; *accord LaserDynamics, Inc. v. Quanta Computer, Inc.*, 2011 WL 197869 at *3 (E.D. Tex. Jan. 20, 2011) (finding no non-infringing alternatives "available," despite one being "practically implemented").   Here, ████████████████████████████████████ ██████████████████████████████████████████████████.  Slayback posits that ████████████████████████████ even if that speculation is accepted, ██ ████████████████████████████ the timeframe found legally insufficient in *Puff*.

Slayback identifies no case supporting its strained interpretation of the availability test. *Grain Processing* and *Abbott Diabetes* are lost profits cases, which apply a different standard. *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1349, 1353 (Fed. Cir. 1999); *Abbott Diabetes Care Inc. v. Dexcom, Inc.*, No. 21-977, 2024 WL 4875131 at *15-16 (D. Del. Nov. 13, 2024)); *see also, e.g.*, Ex. 9 ¶¶ 21-23.  *WhereverTV, Inc. v. Comcast Cable Commc'ns LLC* is inapt: Comcast's alternative involved an easily implemented software redesign backed by competent expert opinion establishing availability, yet the court still found the issue "a close call." 2022 WL 2773292 at *5-7 (M.D. Fla. May 23, 2022).  Here, the issue is not close: ████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ████████████████████████████████.  D.I. 356 at 7.

## III.   CONCLUSION

Eagle respectfully requests summary judgment that *Panduit* Factors 1 and 3 are established, and that ████████████████████ is not "available" as a matter of law.

Dated: July 20, 2026

OF COUNSEL:

Kenneth G. Schuler
Marc N. Zubick
Alex Grabowski
Michelle Chin
Nathan Fuller
Manuela Burek
Hanna Bondarowicz
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700
kenneth.schuler@lw.com
marc.zubick@lw.com
alex.grabowski@lw.com
michelle.chin@lw.com
nathan.fuller@lw.com
manuela.burek@lw.com
hanna.bondarowicz@lw.com

Brett M. Sandford
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 9411
(415) 391-0600
brett.sandford@lw.com

Ramya Sri Vallabhaneni
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
ramya.vallabhaneni@lw.com

Kelly A. Welsh
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200
kelly.welsh@lw.com

MCCARTER & ENGLISH, LLP

/s/ Alexandra M. Joyce
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
MCCARTER & ENGLISH, LLP
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs*

5

Cecila Bain
LATHAM & WATKINS LLP
801 Jefferson Avenue, Suite 300
Redwood City, CA 94063
(650) 328-4600
cecilia.bain@lw.com

6

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that true and correct copies of the foregoing documents were caused to be served on July 20, 2026, on the following counsel in the manner indicated:                                             **VIA EMAIL:**

Daniel A. Taylor
Neal C. Belgam
SMITH KATZENSTEIN & JENKINS LLP
1000 West Street, Suite 1501
Wilmington, DE 19801
Dtaylor@skjlaw.com
Nbelgam@skjlaw.com

Jason A. Lief
Allan H. Pollack
Audrey R. Sparschu
WINDELS MARX LANE & MITTENDORF, LLP
156 West 56th Street
New York, NY 10019
jlief@windelsmarx.com
apollack@windelsmarx.com
asparschu@windelsmarx.com

Andrew Miller
Ajay Kayal
Robyn Ast-Gmoser
Daniel E. Forchheimer
Kiersten A. Fowler
WINDELS MARX LANE & MITTENDORF, LLP
One Giralda Farms
Madison, NJ 07940
amiller@windelsmarx.com
akayal@windelsmarx.com
rast-gmoser@windelsmarx.com
dforchheimer@windelsmarx.com
kfowler@windelsmarx.com

*Attorneys for Defendants Slayback Pharma LLC and Azurity Pharmaceuticals, Inc.*

*/s/ Alexandra M. Joyce*
Alexandra M. Joyce (#6423)

ME1\61695075.v1