## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EAGLE PHARMACEUTICALS, INC. and EAGLE SUB1 LLC, <br><br> Plaintiffs, <br><br> v. <br><br> APOTEX INC. and APOTEX CORP., <br><br> Defendants. | C.A. No. 24-64-JLH <br><br> **REDACTED PUBLIC VERSION** |
| EAGLE PHARMACEUTICALS, INC. and EAGLE SUB1 LLC, <br><br> Plaintiffs, <br><br> v. <br><br> SLAYBACK PHARMA LLC and AZURITY PHARMACEUTICALS, INC., <br><br> Defendants. | C.A. No. 24-65-JLH <br><br> **REDACTED PUBLIC VERSION** |

**DEFENDANTS' SLAYBACK PHARMA LLC AND AZURITY
PHARMACEUTICALS INC. AND APOTEX CORP.
REPLY TO PLAINTIFFS' OPPOSITION (CA-24-64: D.I. 390; CA-24-65: D.I. 402)
TO DEFENDANTS' MOTION TO EXCLUDE
DR. KITTENDORF (CA-24-64: D.I. 347, 348; CA-24-65: D.I. 349, 351)**

Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
**SMITH KATZENSTEIN & JENKINS LLP**
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Defendants Slayback Pharma
LLC and Azurity Pharmaceuticals, Inc.*

Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
**MORRIS JAMES LLP**
3205 Avenue North Boulevard, Suite 100
Wilmington, DE 19803
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Defendants Apotex Inc. and
Apotex Corp.*

Dated: July 20, 2026

**TABLE OF CONTENTS**

I.    NATURE AND STAGE OF THE PROCEEDINGS ...........................................................1

II.   SUMMARY OF THE ARGUMENT ...................................................................................1

III.  REPLY ARGUMENT ...........................................................................................................1

    A.    Dr. Kittendorf Did Not Validate His Test – He Needed To ....................................1

    B.    Dr. Kittendorf's Results Are Woefully Inaccurate ..................................................2

    C.    Dr. Kittendorf Does Not Even Know What His Analytes Are ................................2

    D.    Dr. Kittendorf's Speculative Extrapolation Is Unreliable ......................................3

IV.   CONCLUSION .....................................................................................................................3

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Shire Dev. v. Cadilla Healthcare Ltd.*,
   C.A. No. 10-581-KAJ, 2015 WL 4596410 (D. Del. July 28, 2015) ........................................3

*Valente v. Textron, Inc.*,
   931 F. Supp. 2d 409 (E.D.N.Y. 2013) .................................................................................2

**TABLE OF EXHIBITS**

| Ex. | Description |
|---|---|
| 1 | U.S. Patent No. 11,872,214 |
| 2 | U.S. Patent No. 12,138,248 |
| 3 | Expert Report of Dr. Jeffrey D. Kittendorf, Ph.D. (Opening), dated 2/5/26 |
| 4 | Expert Report of Dr. Brian C. Smith Regarding the Testing of Dr. Kittendorf, dated 3/16/26 |
| 5 | USP 621 |
| 6 | FDA Document No. ORA-LAB.5.4.5 |
| 7 | Expert Report of Dr. Sinko Regarding Non-Infringement, dated 3/16/26 |
| 8 | Deposition Transcript of Jeffrey Kittendorf, Ph.D., dated 4/28/26 |
| 9 | Deposition Transcript of Philip Buxton, dated 8/22/25 |
| 10 | Excerpts from Snyder, Practical HPLC Method Development (1997) |
| 11 | USP 1225 |
| 12 | Excerpts from Snyder and Kirkland, 2nd Edition, 2010 |
| 13 | Exhibit H to the Kittendorf Opening Report |
| 14 | An excerpt from Exhibit I to the Kittendorf Opening Report that Dr. Smith used in his Report. |
| 15 | A redacted version of the court opinion in *Shire Development v. Cadila Healthcare*, C.A. No. 10-581-KAJ, D.I. 453 (D. Del. Sep. 16, 2016) |
| 16 | Expert Report of Dr. Jeffrey D. Kittendorf, Ph.D., in *Eagle Pharmaceuticals, Inc., Teva Pharmaceuticals International GmbH, and Cephalon, Inc. v. Hospira, Inc.*, dated 6/16/21 |
| 17 | Excerpts from the Reply Expert Report of Dr. Crowley Regarding Invalidity, dated 4/13/26 |
| 18 | McGinity, J.W.; Patel, T.R.; Naqvi, A.H.; Hill, J.A. Implications of Peroxide Formation in Lotion and Ointment Dosage Forms Containing Polyethylene Glycols. Drug Development Communications 1976, 2 (6), 505-519 |
| 19 | McGinity, J.W.; Hill, J.A.; La Via, Anthony L. Influence of Peroxide Impurities in Polyethylene Glycols on Drug Stability. J. Pharmaceutical Sci. 1975, 64 (2), 356-57 |
| 20 | Mary-Anne del Barrio et al., "Simultaneous determination of formic acid and formaldehyde in pharmaceutical excipients using headspace GC/MS", Journal of Pharmaceutical and Biomedical Analysis, Volume 41, Iss. 3, 7 June 2006, Pgs 738-743 |
| 21 | Jeffrey N. Hemenway *et al.*, "Reactive Impurities in PEG: A Case Study," In: *Excipient Applications in Formulation Design and Drug Delivery, Ed*s. Ajit S. Narang, Sai HS. Boddu, Springer International Publishing AG Switzerland, 2015, 67-91 |
| 22 | Excerpt from Apotex Expert Dr. Dyar Rebuttal Report |

iii

## I.  NATURE AND STAGE OF THE PROCEEDINGS

Defendants Slayback Pharma LLC and Azurity Pharmaceuticals, Inc. ("Slayback") and Apotex, Inc. and Apotex Corp. ("Apotex") (collectively "Defendants") timely reply herein to Plaintiffs' opposition to Defendants' motion to exclude Dr. Kittendorf.

## II.  SUMMARY OF THE ARGUMENT

Plaintiffs' Opposition is most informative for what it does not deny, including: (a) Dr. Kittendorf did not validate his tests; (b) he doesn't know the accuracy (error bar) of his results; (c) his tests differ from the Defendants' tests; (d) he did a "peak area response" test where the "response factors" were not the same; (e) when the "response factors" are not the same, the results are inaccurate; and (f) Dr. Smith's calculation correctly showed that ███████████ ████████████████████████████████████████████. It would be hard to deny those facts as Dr. Kittendorf admitted most of them. (D.I. 399 at 2; D.I. 351 at 2) (D.I. numbers refer to the C.A. 24-65 case unless otherwise indicated).

Instead, Plaintiffs appear to argue that the claims recite "peak area response" and that test is supposedly inherently imperfect, and thus flawed results are just fine. (D.I. 402 at 1, 2, 4 ("sufficient"; "sufficiently reliable")). That is not correct. Dr. Kittendorf should be excluded.

## III.  REPLY ARGUMENT

### A.  Dr. Kittendorf Did Not Validate His Test – He Needed To

There is no dispute that Dr. Kittendorf did not perform a validation of his testing.  (Ex. 8, 40:24-41:4, 84:8-85:4; D.I. 402 at 1 ("not undergoing a full validation")).  Plaintiffs' "answer" is that Dr. Kittendorf didn't have to validate his test because it was only "slightly different" from Defendants' FDA-validated tests. (D.I. 402 at 1, 8 ("he used methods predicated on Defendants' respective FDA-approved testing methods")). But the detection wavelength and quantitation method were different. Dr. Kittendorf admitted that if Slayback had tried to make those same

changes, Slayback would have had to re-validate. (Ex. 8, at 40:3-18, 66:25-67:22, 85:6-17, 91:2-92:17, 115:15-116:5). FDA guidance and the USP require re-validation when the wavelength is changed. (Ex. 6, at 14; Ex. 5, at 14-16; Ex. 4, at ¶¶ 43-45, 50-59, 83-94; Ex. 9, at 23:10-22; Ex. 8, at 63:19-64:19). Plaintiffs want the benefit of Defendants' FDA-validation, but refuse to be bound by the FDA-requirement that a change in wavelength requires a new validation.

The need to re-validate is not simply an FDA requirement. "A POSA would not accept stability test results from an unvalidated methodology." (Ex. 7, ¶ 62). The failure to validate is a fundamental methodological failing on Dr. Kittendorf's part. *Valente v. Textron, Inc.*, 931 F. Supp. 2d 409, 419-25 (E.D.N.Y. 2013) (excluding unvalidated model). Plaintiffs' response that "HPLC is a reliable technique …" or is a "technique of science" (D.I. 402 at 8) is a generalized non-sequitur. An *improperly-performed* HPLC test is not a "technique of science."

### B.  Dr. Kittendorf's Results Are Woefully Inaccurate

Plaintiffs do not dispute that Dr. Kittendorf did not determine, and does not know, the accuracy (the error bar) for any of his data. (Ex. 8, at 83:18-84:7). *Valente*, 931 F. Supp. 2d at 425 ("simulation model not reliable because its error rate is unknown"). Nor do they dispute Dr. Smith's calculations that show ███████████████████████████ ███████████████████████████████ Nor do Plaintiffs dispute that there is no data to correct the numerous other analytes at ████. Nor do they dispute that the response factors at ████ were different.  Nor do they dispute that when the response factors differ, the results will be inaccurate (sometimes by orders of magnitude).  (Ex. 12, Snyder 2010, at 525-26). Dr. Kittendorf's results are simply wrong. Exclusion is warranted.

### C.  Dr. Kittendorf Does Not Even Know What His Analytes Are

Plaintiffs falsely attempt to deny what their expert admitted in deposition – that he does not know if the analytes he measured are actually "degradants of bendamustine." (*Contrast* D.I.

402 at 8 ("no dispute that Dr. Kittendorf … detected … degradation of bendamustine") *with* Ex. 8, at 54-58, esp. 54:24-55:2 ("Q. So all of those you consider impurities that are degradants of bendamustine? A. I don't know if they're degradants or not …"). The claims are limited to bendamustine degradant levels. But, other impurities can exist in these formulations – *e.g.*, organic acid impurities are known in PEG. (Ex. 17, at ¶ 70; Ex. 18 ; Ex. 19; Ex. 20; Ex. 21). Plaintiffs state it doesn't matter much because Dr. Kittendorf's results would be even lower if some peaks are not bendamustine degradants. Given the lack of knowledge, no one would know which peaks to subtract. Further, ███████████████████████████████ thus even subtracting for non-bendamustine degradants would not save the results. In *Shire v. Cadilla*, the Court stated: "Without the ability to confirm whether the substance tested … was the [substance of interest] … the results of his experiments are irrelevant …."") (Ex. 15, at 34-35).

### D.  Dr. Kittendorf's Speculative Extrapolation Is Unreliable

Plaintiffs do not, and cannot, dispute the facts that doom Dr. Kittendorf's Apotex opinion.  He did not test Apotex's products at the claimed "after at least about 15 months," and he performed no additional testing and identified no methodology that would allow a person of ordinary skill to extrapolate from his single-time-point data. (Ex. 8, Kittdrf Tr. at 232:4-8, 236:23-237:16; Ex. 22, Dyar Rebuttal Rep. ¶¶ 285-287; D.I. 402 at 11-12). His opinion that Apotex's product meets the 15-month limitation is therefore, on his own testimony, unsupported by any extrapolation methodology and purely speculative. It is precisely the ipse dixit that Rule 702 forbids: an expert's assurance testing is "close enough" is not reliable method.

## IV.    CONCLUSION

Dr. Kittendorf should be excluded because he violated fundamental scientific methodology and produced woefully inaccurate results.

3

Dated: July 20, 2026

**SMITH KATZENSTEIN & JENKINS LLP**

*/s/ Neal C. Belgam*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Of Counsel:*

Jason A. Lief
Alan Pollack
Daniel E. Forchheimer
Robyn Ast-Gmoser
Audrey R. Sparschu

**WINDELS MARX LANE & MITTENDORF LLC**

180 Park Avenue
Florham Park, NJ 07932-1054
(973) 966-3200

156 West 56th Street
New York, NY 10019
(212) 237-1000

jlief@windelsmarx.com
apollack@windelsmarx.com
dforchheimer@windelsmarx.com
rast-gmoser@windelsmarx.com
kfowler@windelsmarx.com
asparschu@windelsmarx.com

*Attorneys for Defendants Slayback Pharma LLC and Azurity Pharmaceuticals, Inc.*

**MORRIS JAMES LLP**

*/s/ Cortlan S. Hitch*
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
3205 Avenue North Boulevard, Suite 100
Wilmington, DE 19803
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Of Counsel:*

Deepro Murkerjee
Jitendra Malik
Joseph M. Janusz
Lance A. Soderstrom
Matthew T. Messina
Rachel L. Schweers
Christopher B. Ferenc

**KATTEN MUCHIN ROSENMAN LLP**

50 Rockefeller Center
New York, NY 10020
(212) 940-8800

550 South Tryon Street, Suite 2900
Charlotte, NC 28202
(704) 444-2000

1919 Pennsylvania Ave., NW., Suite 800
Washington, DC 20006
(202) 625-3500

525 W. Monroe St.
Chicago, IL 60661
(312) 902-5200

deepro.mukerjee@katten.com
jitty.malik@katten.com
joe.janusz@katten.com
lance.soderstrom@katten.com

matthew.messina@katten.com
rachel.schweers@katten.com
christopher.ferenc@katten.com

*Attorneys for Defendants Apotex Inc. and
Apotex Corp.*