**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

EAGLE PHARMACEUTICALS, INC. and
EAGLE SUB1 LLC,

        Plaintiffs,

   v.

SLAYBACK PHARMA LLC and AZURITY
PHARMACEUTICALS, INC.,

        Defendants.

C.A. No. 24-65-JLH

**REDACTED PUBLIC VERSION**
**Filed August 7, 2026**

**DEFENDANTS SLAYBACK PHARMA LLC AND
AZURITY PHARMACEUTICALS, INC'S
ANSWERING BRIEF IN OPPOSITION
TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY OF
DEFENDANTS' EXPERT, DR. BRIAN SMITH (D.I. 383)**

*Of Counsel:*

Jason A. Lief
Alan H. Pollack
Daniel E. Forchheimer
Robyn Ast-Gmoser
Kiersten Fowler

**WINDELS MARX LANE &
MITTENDORF LLC**
1 Giralda Farms
Madison, NJ 07940
(973) 966-3200

156 West 56th Street
New York, NY 10019
(212) 237-1000

jlief@windelsmarx.com
apollack@windelsmarx.com
dforchheimer@windelsmarx.com
rast-gmoser@windelsmarx.com
kfowler@windelsmarx.com

Dated: July 1, 2026

**SMITH KATZENSTEIN & JENKINS LLP**

Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Defendants Slayback Pharma LLC
and Azurity Pharmaceuticals, Inc.*

## TABLE OF CONTENTS

I. NATURE AND STAGE OF PROCEEDINGS.................................................................1

II. SUMMARY OF ARGUMENT........................................................................................1

III. ANSWERING COUNTER-STATEMENT OF FACTS.......................................................2

IV. ARGUMENT ................................................................................................................3

V. CONCLUSION ..............................................................................................................3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Daval v. Zahtz,*
  No. 21-cv-50405, 2025 LX 266454 (N.D. Ill. July 8, 2025) ...................................................... 3

*Shire ViroPharma v. CSL Behring,*
  No. 17-414, 2021 U.S. Dist. LEXIS 61551 (D. Del. Mar. 31, 2021) ...................................... 3

*Souther v. Eli Lilly & Co.,*
  489 F. Supp. 2d 230 (E.D.N.Y. 2007) ................................................................................ 1, 3

**Other Authorities**

Fed. R. Civ. P. 26(a)(2)(D)(ii) ...................................................................................................... 1

## I.  NATURE AND STAGE OF PROCEEDINGS

Defendants Slayback Pharma LLC and Azurity Pharmaceuticals Inc. (collectively "Slayback") herein oppose Plaintiffs' *Daubert* motion (D.I. 383, 384) to exclude Slayback's analytical chemistry expert, Dr. Brian Smith.  This Opposition is timely submitted.  (D.I. 304).

## II.  SUMMARY OF ARGUMENT

1.  Dr. Smith presents compelling evidence that the Plaintiffs' testing, performed by Dr. Kittendorf, is deeply flawed and inaccurate.  (Fowler Decl. Ex. 1, Smith Rep.; D.I. 349, 351, *Daubert re* Dr. Kittendorf).  Importantly, Plaintiffs' motion does not challenge the substance of Dr. Smith's opinions, which were largely admitted by Dr. Kittendorf.  Nor does Plaintiffs' motion challenge Dr. Smith's eminent qualifications as an analytical chemist.[1]

2.  Instead, Plaintiffs' motion misrepresents or misperceives Dr. Smith's opinions – mischaracterizing them as supposedly premised ███████████████████ and not on the claimed "peak area response" test.  That is simply not so.  Dr. Smith's criticisms are laser-focused on the failings of the *specific "peak area response" test* that Dr. Kittendorf performed.

3.  Plaintiffs further carp that that Dr. Smith did not perform his own experiments.  But it is Plaintiffs' burden to prove infringement – and their test is no good.  A rebuttal expert need not perform their own tests.  *See, e.g.*, *Souther v. Eli Lilly & Co.*, 489 F. Supp. 2d 230, 285 (E.D.N.Y. 2007) ("defendants' experts … have no burden to produce models or methods of their own; they need only attack those of Plaintiffs' experts."); Fed. R. Civ. P. 26(a)(2)(D)(ii) ("solely contradict or rebut evidence on the same subject matter identified by another party[.]").

---

[1] Dr. Smith holds a Ph.D. from Dartmouth University in analytical chemistry; has decades of experience advising companies, standard-setting organizations (the United States Pharmacopeia), governmental agencies on analytical chemistry; has authored numerous publications about analytical techniques; and has been accepted as an expert in federal court in analytical chemistry. (Ex. 1, Smith Rep. at ¶¶ 1-17).

4.      Dr. Smith's opinions are highly appropriate rebuttal testimony – focused on the specific failings of Dr. Kittendorf's "peak area response" test.  They will help the fact finder assess Plaintiffs' proofs.  Plaintiffs' *Daubert* motion should be denied.

## III.    ANSWERING COUNTER-STATEMENT OF FACTS

Dr. Smith's opinions explain in detail the failings of Dr. Kittendorf's "peak area response" test.  (Ex. 1; D.I. 349, 351 (*Daubert* re Kittendorf)).  In particular, Dr. Smith explains that Dr. Kittendorf's peak area test is not validated, but should have been; and is inaccurate with some analytes underestimated ███████ and the other analytes having unknown error.

Plaintiffs' motion does not dispute the substance of Dr. Smith's opinion; and Dr. Kittendorf admitted most of those criticisms, including: (a) Dr. Kittendorf's "peak area response" test was not validated (Ex. 2, Kittendorf Tr. at 40:24-41:4; 84:8-85:4); (b) the accuracy or inaccuracy of Dr. Kittendorf's test is unknown (Ex. 2 at 102:23-103:11, 83:3-24); (c) the "peak area response" test is only accurate when all analytes have the same "response factor" – which was not true for Dr. Kittendorf's test (Ex. 2 at 132:9-133:7, 127:18-128:9, 219:5-8, 220:8-25; and Ex. 3, Snyder 2010 at 525-26; Ex. 1, Smith Rep. at ¶ 59); and (d) that Dr. Kittendorf's test underestimated at least two analytes by ███████ (effectively admitted at, Ex. 2 at 144:24-145:5).  Plaintiffs' motion does not challenge Dr. Smith's calculations, showing (a) Dr. Kittendorf's false assumption about his "response factors"; and (b) correcting for that mistake. (Ex. 4, USP 621 ("correction factors"); Ex. 5 (using correction factors on peak area response)).

Instead, Plaintiffs attempt to recast Dr. Smith's opinions as supposedly  a general critique of the claims, their validity, and the claimed "peak area response" method.  This is a strawman argument.  Dr. Smith is *not* opining on invalidity or that *the claims* use a bad method *per se*.  Dr. Smith *is* opining that Dr. Kittendorf's execution of *his* "peak area method" test was flawed. Whether "peak area response" testing in general is better or worse than ███████████

2

interesting academic question but one that is not presented by this case. Dr. Smith understands that the claims require a peak area response test. (Ex. 1, Smith Rep. at ¶ 25; Ex. 6, Smith Tr. at 61:23-62:13). He merely opines that a POSA would require an accurate peak area response test. (Ex. 6, Smith Tr. at 65:24-66:1). Dr. Smith's actual opinions are critiques of Dr. Kittendorf's specific "peak area response" test in *this* case – and his deposition answers are expressions of that. (Ex. 6, Smith Tr. at 66:14-17 ("peak area response…in *this* case"); 89:19-22 ("in *this* application"); 94:16-18 ("*this* analysis") (emphases added)). Dr. Smith only discusses ██████ ███████████████████████████████████████████████████████ does not serve to validate Dr. Kittendorf's "peak area response" test – directly rebutting Dr. Kittendorf.

## IV.  <u>ARGUMENT</u>

A *Daubert* motion should be denied where the challenged expert is qualified and presents reliable and relevant evidence that rebuts an opposing expert's testing. *See, e.g.*, *Souther v. Eli Lilly & Co.*, 489 F. Supp. 2d 230, 285 (E.D.N.Y. 2007). A *Daubert* motion should also be denied where it is premised upon a strawman mischaracterization of the challenged opinions. *Shire ViroPharma v. CSL Behring*, No. 17-414, 2021 U.S. Dist. LEXIS 61551, at *87 (D. Del. Mar. 31, 2021) (*Daubert* motion denied where it mischaracterized opposing expert's opinion); *Daval v. Zahtz*, No. 21-cv-50405, 2025 LX 266454, at *4 (N.D. Ill. July 8, 2025) ("Defendants move to bar an opinion not presented to the Court...These mischaracterizations are especially concerning …."). Plaintiffs' motion does not question the substance of Dr. Smith's proffered testimony. Instead, Plaintiffs' motion incorrectly argues that Dr. Smith's opinions are not relevant invalidity opinions or ███████████████████. That is not correct. Dr. Smith's opinion specifically critiques Dr. Kittendorf's "peak area response" method.

## V.  <u>CONCLUSION</u>

Plaintiffs' *Daubert* motion to exclude Dr. Smith should be denied.

3

Dated: July 1, 2026

*Of Counsel:*

Jason A. Lief
Alan Pollack
Daniel E. Forchheimer
Robyn Ast-Gmoser
Kiersten Fowler

**WINDELS MARX LANE &
MITTENDORF LLC**
1 Giralda Farms
Madison, NJ 07940
(973) 966-3200

156 West 56th Street
New York, NY 10019
(212) 237-1000

jlief@windelsmarx.com
apollack@windelsmarx.com
dforchheimer@windelsmarx.com
rast-gmoser@windelsmarx.com
kfowler@windelsmarx.com

**SMITH KATZENSTEIN & JENKINS LLP**

<u>*/s/ Daniel A. Taylor*</u>
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Defendants Slayback Pharma
LLC and Azurity Pharmaceuticals, Inc.*

4