**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

EAGLE PHARMACEUTICALS, INC. and
EAGLE SUB1 LLC,

      Plaintiffs,

    v.

SLAYBACK PHARMA LLC and AZURITY
PHARMACEUTICALS, INC.,

      Defendants.

C.A. No. 24-65-JLH

**REDACTED PUBLIC VERSION
Filed August 7, 2026**

**DEFENDANTS SLAYBACK PHARMA LLC AND
AZURITY PHARMACEUTICALS, INC'S
ANSWERING BRIEF IN OPPOSITION
TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY OF
<u>DEFENDANTS' EXPERT, DR. PATRICK SINKO (D.I. 348)</u>**

*Of Counsel:*

Jason A. Lief
Alan H. Pollack
Daniel E. Forchheimer
Robyn Ast-Gmoser
Audrey R. Sparschu

**WINDELS MARX LANE &
MITTENDORF LLC**
1 Giralda Farms
Madison, NJ 07940
(973) 966-3200

156 West 56th Street
New York, NY 10019
(212) 237-1000

jlief@windelsmarx.com
apollack@windelsmarx.com
dforchheimer@windelsmarx.com
rast-gmoser@windelsmarx.com
kfowler@windelsmarx.com

Dated: July 1, 2026

**SMITH KATZENSTEIN & JENKINS LLP**

Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Defendants Slayback Pharma LLC
and Azurity Pharmaceuticals, Inc.*

## TABLE OF CONTENTS

I.   NATURE AND STAGE OF PROCEEDINGS.......................................................................1

II.  SUMMARY OF ARGUMENT.........................................................................................1

III. ANSWERING COUNTER-STATEMENT OF FACTS.....................................................2

IV.  ARGUMENT ..................................................................................................................3

V.   CONCLUSION ...............................................................................................................3

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*C R Bard, Inc. v. Angiodynamics*,
   No. 1:15CV218, 2018 U.S. Dist. LEXIS 107076 (D. Del. June 26, 2018)...............................3

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993) ........................................................................................................1, 2, 3

## I.      NATURE AND STAGE OF PROCEEDINGS

Defendants Slayback Pharma LLC and Azurity Pharmaceuticals Inc. (collectively

"Slayback") herein oppose Plaintiffs' *Daubert* motion to exclude Slayback's main witness, Dr.

Sinko.  (D.I. 348, 350).  Plaintiffs' motion should be denied for the same reason that Plaintiffs'

summary judgment motion should be denied – it is premised on the profound falsehood that a

███████████████████      This Opposition is timely submitted.  (D.I. 304 at 2).

## II.      SUMMARY OF ARGUMENT



2

██████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████ There is no

credible – or even incredible – dispute here.  Dr. Sinko is correct and Plaintiffs are wrong.

████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████████

████   Plaintiffs' motion to exclude Dr. Sinko must be denied.

### III.    ANSWERING COUNTER-STATEMENT OF FACTS

████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████

2



## IV.   ARGUMENT

Plaintiffs' motion to exclude Slayback's main witness should be denied. Plaintiffs' do not challenge Dr. Sinko's eminent qualifications in the pharmaceutical science. (Ex. 12, CV). Nor do Plaintiffs provide any authority that ██████████████████████ Instead, they just declare it so, and proclaim that Dr. Sinko is wrong. But *Daubert* was not intended to cripple the other side's case by excluding their main witness because you dispute his well-founded – let alone true – conclusions. *Daubert*, 509 U.S. at 595 ("The focus, of course, must be solely on principles and methodology, not on the conclusions …"); *C R Bard, Inc. v. Angiodynamics*, No. 1:15CV218, 2018 U.S. Dist. LEXIS 107076, at *31 n.2 (D. Del. June 26, 2018) (*Daubert* "not intended for a mini trial"). Nor does *Daubert*, or any court proceeding, permit a movant to mischaracterize the record and then exclude the truth. To permit that approach would violate the precepts of *Daubert*, severely prejudice Slayback, and give credence to an untrue proposition.

## V.   CONCLUSION

Plaintiffs' motion to exclude Slayback's main expert witness, Dr. Sinko, must be denied.

3

Dated: July 1, 2026
*Of Counsel:*

Jason A. Lief
Alan Pollack
Daniel E. Forchheimer
Robyn Ast-Gmoser
Audrey R. Sparschu

**WINDELS MARX LANE &
MITTENDORF LLC**
1 Giralda Farms
Madison, NJ 07940
(973) 966-3200

156 West 56th Street
New York, NY 10019
(212) 237-1000

jlief@windelsmarx.com
apollack@windelsmarx.com
dforchheimer@windelsmarx.com
rast-gmoser@windelsmarx.com
kfowler@windelsmarx.com

**SMITH KATZENSTEIN & JENKINS LLP**

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Defendants Slayback Pharma
LLC and Azurity Pharmaceuticals, Inc.*

4