## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

EAGLE PHARMACEUTICALS, INC. and
EAGLE SUB1 LLC,

      Plaintiffs,

    v.

SLAYBACK PHARMA LLC and AZURITY
PHARMACEUTICALS, INC.,

      Defendants.

C.A. No. 24-65-JLH

**REDACTED PUBLIC VERSION**
**Filed August 7, 2026**

**DEFENDANTS SLAYBACK PHARMA LLC AND AZURITY
PHARMACEUTICALS, INC'S ANSWERING BRIEF IN OPPOSITION  TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT REGARDING DAMAGES
(D.I. 354)**

*Of Counsel:*

Jason A. Lief
Alan H. Pollack
Daniel E. Forchheimer
Robyn Ast-Gmoser
Audrey R. Sparschu

**WINDELS MARX LANE &
MITTENDORF LLC**
1 Giralda Farms
Madison, NJ 07940
(973) 966-3200

156 West 56th Street
New York, NY 10019
(212) 237-1000

jlief@windelsmarx.com
apollack@windelsmarx.com
dforchheimer@windelsmarx.com
rast-gmoser@windelsmarx.com
asparschu@windelsmarx.com

Dated: July 1, 2026

**SMITH KATZENSTEIN & JENKINS LLP**

Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Defendants Slayback Pharma LLC
and Azurity Pharmaceuticals, Inc.*

# TABLE OF CONTENTS

I.   NATURE AND STAGE OF PROCEEDINGS ........................................................ 1

II.  SUMMARY OF ARGUMENT ........................................................................... 1

III. ANSWERING COUNTER-STATEMENT OF FACTS ........................................ 1

   A.  Uncertain Futures Impact the Analysis of Panduit Factor Nos. 1 and 3. .......................... 1

   B.  The ████████████████ .............................................................. 2

IV.  ARGUMENT .................................................................................................... 2

   A.  Plaintiffs are Not Entitled to Summary Judgment on Panduit Factor No. 1 ...................... 2

   B.  Plaintiffs are Not Entitled to Summary Judgment on Panduit Factor No. 3 ...................... 2

   C.  Plaintiffs are Not Entitled to a Ruling that ████████████████████ ████████████████████████ .............................................. 3

V.   CONCLUSION .................................................................................................. 4

4937-1663-4039, v. 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbott Diabetes Care Inc. v. Dexcom, Inc.*,
 C.A. No. 21-977-KAJ, 2024 WL 4875131 (D. Del. Nov. 13, 2024)........................................3

*Grain Processing Corp. v. American Maize-Products Co.*,
 185 F.3d 1341 (Fed. Cir. 1999)..............................................................................................4

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
 No. 06-348, 2011 WL 197869 (E.D. Tex. Jan. 20, 2011)........................................................4

*Puff Corp. v. SHO Prods., LLC*,
 No. 22-2008, 2024 WL 2208929 (C.D. Cal. Aug. 19, 2024) ...................................................4

*SmartSky Networks LLC v. Gogo Business Aviation LLC et al.*,
 C.A. No. 22-266-JDW, 2025 WL 2972258 (D. Del. Oct. 21, 2025).........................................3

*The Nielsen Co. (US), LLC v. TVision Insights, Inc.*,
 C.A. No. 22-57-CJB, 2026 WL 1091330 (D. Del. Apr. 17, 2026)............................................4

4937-1663-4039, v. 5

## I.     NATURE AND STAGE OF PROCEEDINGS

Defendants Slayback Pharma LLC and Azurity Pharmaceuticals Inc. (collectively "Slayback") oppose Plaintiffs' summary judgment motion on damages-related topics. (D.I. 354).

## II.     SUMMARY OF ARGUMENT

1. Plaintiffs are not entitled to summary judgment on Panduit Factor No. 1. The parties' expert reports reflect market conditions as of that date. But, given the shifting markets, continued demand during the entire damages period (through May 2027 trial) remains uncertain.

2. Eagle's recent financial and governance struggles—including securities fraud litigation, NASDAQ delisting, and financial instability—raise genuine questions about Eagle's ability to meet Panduit Factor 3 – either in the hypothetical past or in the future.

3. Plaintiffs are not entitled to summary judgment that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

## III.     ANSWERING COUNTER-STATEMENT OF FACTS

### A.  Uncertain Futures Impact the Analysis of Panduit Factor Nos. 1 and 3.

1. The historical sales of liquid bendamustine products are not disputed. (*See* Eagle CSOF ¶¶7-12 and Slayback's responses thereto). But past sales do not guarantee future demand, particularly in the contracting bendamustine market which has been impacted by new therapies. (Concise Counter-Statement of Material Facts ("CCSOF") at ¶ 3). Accordingly, there is no evidence to guarantee that there will be continued future demand for the patented product at the time of trial, which is nearly a year away. (D.I. 304 (scheduling order)).

2. Furthermore, Eagle's capabilities are not assured going forward. As detailed in Defendants' motion for judgment on damages, Eagle has had continued financial and corporate governance problems for years. (D.I. 371, 374, 376; CCSOF at ¶¶ 4-13).  Mr. Malackowski

discussed Eagle's ongoing corporate issues at length and the impact on Eagle's cashflow such that it entered into the ██████████. (Ex. A at 9, 88-92 (Malackowski Rpt.)). While Dr. Vellturo addressed the ██████████ in his report, he ignored Eagle's corporate health in considering Panduit Factor 3– *i.e.* would Eagle have enough cash flow to support an increased demand. (Ex. B at 46-50 (Vellturo Opening Rpt.); Ex. C at 16 (Vellturo Reply Rpt.).

    **B.** ██████████████

    3. ████████████████████████

████████████████████████

████████████████████████

██████████████████████████

██████████████████████████

██████████████████████████

██████████████████

## IV. ARGUMENT

### A. Plaintiffs are Not Entitled to Summary Judgment on Panduit Factor No. 1

Plaintiffs' motion must be denied because there is uncertainty in the market and thus demand for the product for the entire damages period is uncertain. There is no dispute as to past sales of liquid bendamustine products. (*See* Eagle CSOF ¶¶ 7-12 and Slayback's responses thereto). But, given the declining market for bendamustine products generally (CCSOF at ¶ 3), it is not certain Eagle will carry its burden on Panduit Factor No. 1 at the time of trial.

### B. Plaintiffs are Not Entitled to Summary Judgment on Panduit Factor No. 3

Eagle has the burden to prove its ability to make the alleged lost sales identified in the but-for world. *See SmartSky Networks LLC v. Gogo Business Aviation LLC et al.*, C.A. No. 22-266-JDW, 2025 WL 2972258, at *6 (D. Del. Oct. 21, 2025). Dr. Vellturo's reconstructed but-for

2

world ignored Eagle's financial condition and whether Eagle would have had the sustained cashflow necessary to absorb a surge in demand. (Ex. B at 46-50 (Vellturo Opening Rpt.); Ex. C at 16 (Vellturo Reply Rpt.). Courts have excluded experts for precisely this kind of analytical gap. *See SmartSky,* 2025 WL 2972258, at *7 (D. Del. Oct. 21, 2025) (questioning reliability of damages expert who relied on lay witness's "high level" assurance of sales capacity without performing any independent cashflow analysis). In this case, Eagle's depleted cashflow necessitated the ███████████ (CCSOF at ¶¶ 9, 10) and cashflow continued to decline (CCSOF at ¶ 11) – thus it is not certain that Eagle had the *financial* ability to meet increased demand. It is Plaintiffs burden to demonstrate capability and cannot rest their argument merely on whether Mr. Malackowski directly disputed Panduit Factor No. 3. (D.I. 356 at 5–6).

### C. **Plaintiffs are Not Entitled to a Ruling that** ███████████████████████ ███████████████████

Plaintiffs are incorrect that ███████████████████████ ███████████ *as a matter of law.* (D.I. 354). Whether a non-infringing alternative was available at the hypothetical negotiation is a quintessential question of fact for the jury. *See Abbott Diabetes Care Inc. v. Dexcom, Inc.*, C.A. No. 21-977-KAJ, 2024 WL 4875131, at *13 (D. Del. Nov. 13, 2024). The standard for "availability" in the reasonable royalty inquiry is flexible — it does not demand FDA approval, market launch, or commercial readiness at the hypothetical negotiation date. *See WhereverTV, Inc. v. Comcast Cable Commun., LLC*, No. 2:18-cv-529, 2022 WL 2773292, at *5–7 (M.D. Fla. May 23, 2022) ("Thus, to survive summary judgment …, a defendant need not propose an alternative that was actually in existence at the time of the hypothetical negotiation if the defendant introduces evidence that, *during the damages period*, it could have redesigned the allegedly infringing product to be non-infringing." (emphasis added)). Sophisticated parties would reasonably consider alternative products that are realistic options during the hypothetical negotiation, such as pipeline products under active development. *See Grain*

3

*Processing Corp. v. American Maize-Products Co.*, 185 F.3d 1341, 1354 (Fed. Cir. 1999) (upholding trial court's conclusion that the non-infringing alternative was available, when the party "had the necessary [ ] materials, the equipment, the know-how and experience, and the economic incentive to produce [the non-infringing alternative] throughout the entire accounting period.").

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████████

Eagle's cited cases involve alternatives with no documented developmental trajectory relating to the hypothetical negotiation date. In *Puff Corp. v. SHO Prods., LLC*, there was no evidence that the proposed alternative (Carta 2) had been contemplated at the time of the hypothetical negotiation. No. 22-2008, 2024 WL 2208929, at *13 (C.D. Cal. Aug. 19, 2024) Similarly, in *LaserDynamics, Inc. v. Quanta Computer, Inc.*, the Court found the expert's opinions to reveal "only speculation that it might have been theoretically possible" to produce the alleged alternatives. No. 06-348, 2011 WL 197869, at *3 (E.D. Tex. Jan. 20, 2011). Finally, *The Nielsen Co. (US), LLC v. TVision Insights, Inc.* confirms only that "there must be some showing that the alternative would have been available," C.A. No. 22-57-CJB, 2026 WL 1091330 (D. Del. Apr. 17, 2026). █████████████████████████████████████████████████████

████████████████████████████████ is a quintessential merits question for trial.

## V.    **CONCLUSION**

For the reasons above, Plaintiffs motion must be denied.

4

4937-1663-4039, v. 5

Dated: July 1, 2026

*Of Counsel:*

Jason A. Lief
Alan Pollack
Daniel E. Forchheimer
Robyn Ast-Gmoser
Audrey R. Sparschu

**WINDELS MARX LANE &
MITTENDORF LLC**
1 Giralda Farms
Madison, NJ 07940
(973) 966-3200

156 West 56th Street
New York, NY 10019
(212) 237-1000

jlief@windelsmarx.com
apollack@windelsmarx.com
dforchheimer@windelsmarx.com
rast-gmoser@windelsmarx.com
asparschu@windelsmarx.com

**SMITH KATZENSTEIN & JENKINS LLP**

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Defendants Slayback Pharma
LLC and Azurity Pharmaceuticals, Inc.*

5

4937-1663-4039, v. 5