# EXHIBIT C

# REDACTED
# PUBLIC VERSION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EAGLE PHARMACEUTICALS, INC., AND EAGLE SUB1, LLC., <br><br> PLAINTIFFS, <br><br><br> V. <br><br><br> SLAYBACK PHARMA LLC AND AZURITY PHARMACEUTICALS, INC., <br><br> DEFENDANTS. | C.A. NO. 24-65-JLH <br><br> (CONSOLIDATED) <br><br> HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY |

# REPLY EXPERT REPORT OF CHRISTOPHER A. VELLTURO, PH.D.

I.    OVERVIEWS ................................................................................................................ 1

    A.   QUALIFICATIONS AND EXPERIENCE ................................................................. 1

    B.   STATEMENT OF ASSIGNMENT .......................................................................... 1

    C.   DOCUMENTS/MATERIALS CONSIDERED ........................................................... 2

    D.   EXHIBITS ......................................................................................................... 2

    E.   SUMMARY OF CONCLUSIONS ........................................................................... 2

II.   OVERVIEW OF MR. MALACKOWSKI'S REPORT ............................................... 6

III.  REPLY TO MR. MALACKOWSKI'S REPORT ...................................................... 9

    A.   MR. MALACKOWSKI IMPROPERLY EXPANDS THE "RELEVANT MARKET" ........ 9

    B.   MR. MALACKOWSKI UNDERSTATES EAGLE'S LOST PROFITS ........................ 16

        1.   Mr. Malackowski's Agrees that Panduit Factors 1 and 3 are Met ............ 16

        2.   Mr. Malackowski's Consideration of Panduit Factor 2 ........................... 16

        3.   Mr. Malackowski Understates Eagle's Lost Profits Under His Scenario A .......... 19

        4.   Mr. Malackowski Understates Eagle's Lost Profits Under His Scenario B .......... 21

        5.   Mr. Malackowski Improperly Disregards Price Erosion ......................... 22

    C.   MR. MALACKOWSKI'S CRITIQUES OF MY QUANTIFICATION OF LOST PROFITS DAMAGES ARE WRONG ............ 24

        1.   Mr. Malackowski Incorrectly Claims That I "Improperly Exclude[] Powder Bendamustine Products" ............... 24

        2.   Mr. Malackowski's Claim That my "Lost Profits Opinions are Defective and Unreliable" is Wrong and Unsupported ...... 24

        3.   Mr. Malackowski Incorrectly Claims That Vivimusta Did Not Cause Belrapzo and Bendeka Price Erosion ................... 26

    D.   MR. MALACKOWSKI IGNORES DAMAGES RELATED TO THE BLUE OWL AGREEMENT ......................................... 28

    E.   MR. MALACKOWSKI'S REASONABLE ROYALTY ASSESSMENT ........................ 29

        1.   Mr. Malackowski's Cost Approach ........................................................ 29

        2.   Mr. Malackowski's Income Approach ..................................................... 33

        3.   Mr. Malackowski's Market Approach ..................................................... 33

        4.   Mr. Malackowski's Consideration of the Georgia-Pacific Factors ............ 45

        5.   Mr. Malackowski's 3% Royalty Rate is Significantly Understated ........... 56

    F.   MR. MALACKOWSKI'S INCORRECT CRITIQUES OF MY REASONABLE ROYALTY ANALYSIS ............................ 57

        1.   Mr. Malackowski's Critiques of my           Analysis Are Flawed ........... 57

        2.   Mr. Malackowski's Critiques Regarding My Evaluation of License Agreements ........ 59

HIGHLY CONFIDENTIAL —
ATTORNEYS' EYES ONLY



46. In sum, none of Mr. Malackowski's opinions changes my conclusion, based in part on my understanding from Drs. Attia and Ashraf, that powder bendamustine products are not an "acceptable" alternative to Belrapzo and thus would not capture any of the accused sales in the "but-for" marketplace.

### B. Mr. Malackowski Understates Eagle's Lost Profits

#### 1. Mr. Malackowski's Agrees that *Panduit* Factors 1 and 3 are Met

47.

#### 2. Mr. Malackowski's Consideration of *Panduit* Factor 2

49. As I discuss in my Opening Report, *Panduit* Factor 2 is met because none of the alternatives that Slayback identified would be available, acceptable, and non-infringing.

50. Mr. Malackowski does not claim that any alleged acceptable non-infringing alternatives preclude a finding of lost profits incurred by Eagle or a reliable quantification of those lost profits. Instead, he opines that "the record evidence indicates that FDA-approved treatments for CLL and NHL

---

[72] Mathew Deposition, pp. 114-119, Exhibit 14.  *See also* Mathew Deposition, pp. 120-125, Exhibit 15.
[73] SLAY-VIVMUS0072180 at 180-181.
[74] Vellturo Opening Report, ¶¶ 97, 155.  *See also*, Chinnari Deposition, pp. 123-130; EAGLEBEN-SA_00364335 at 338.
[75] Vellturo Opening Report, §§ II.D.3, V.D.1.
[76] Malackowski Report, § 8.1.1.
[77] Malackowski Report, § 8.1.3.

HIGHLY CONFIDENTIAL —
ATTORNEYS' EYES ONLY

April 13, 2026

Christopher A. Vellturo, Ph.D.

HIGHLY CONFIDENTIAL —
ATTORNEYS' EYES ONLY

62