# EXHIBIT F

# REDACTED
# PUBLIC VERSION

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EAGLE PHARMACEUTICALS, INC. and EAGLE SUB1 LLC, <br><br> Plaintiffs, <br><br> v. <br><br> SLAYBACK PHARMA LLC and AZURITY PHARMACEUTICALS, INC., <br><br> Defendants. | C.A. No. 24-65-JLH <br><br> **HIGHLY CONFIDENTIAL** |

**DEFENDANTS SLAYBACK PHARMA LLC AND AZURITY PHARMACEUTICALS INC. RESPONSE TO PLAINTIFFS' FIFTH SET OF INDIVIDUAL INTERROGATORIES (NOS. 10-12)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the applicable Local Rules of the U.S. District Court for the District of Delaware, Slayback Pharma LLC and Azurity Pharmaceuticals, Inc. (collectively "Defendants" or "Slayback") hereby responds to Plaintiffs Eagle Pharmaceuticals, Inc.'s and Eagle Sub1 LLC's (collectively "Plaintiffs" or "Eagle") Fifth Set of Individual Interrogatories (Nos. 10-12) as follows:

**DEFINITIONS AND INSTRUCTIONS**

1. ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████

**GENERAL OBJECTIONS**

1. Slayback makes the following general objections to each Interrogatory, which apply to each of Eagle's Definitions, Instructions, and Interrogatories and, unless otherwise stated,

shall have the same force and effect as if set forth in a full response to each of the numbered Definitions, Instructions, and Interrogatories.

2.      Slayback incorporates by reference its General and Specific objections and reservations of rights as set forth in (a) Slayback's Responses and Objections to  Eagle's prior Requests for Production, (b) Slayback's Responses and Objections to Eagle's prior Interrogatories, and Slayback's Supplemental Responses thereto, and (c) Slayback's Responses and Objections to Eagle's Requests for Admission.

3.      Slayback objects to any Interrogatory to the extent it seeks responses, information or documents that are protected by the attorney-client, joint defense, and common interest privileges, the attorney work-product doctrine, and any other applicable privilege or immunity. Nothing in Slayback's responses to the Interrogatories is intended as, or shall in any way be deemed to be, a waiver of any such applicable privilege or immunity.

4.      Slayback objects to any Interrogatory to the extent that it seeks expert discovery before the court-ordered time for such discovery in the schedule.

5.      Slayback objects to any Interrogatory that seeks information beyond what is required in discovery under the Federal Rules of Civil Procedure, including, but not limited to, Interrogatories that are irrelevant, unduly burdensome, and/or disproportionate to the needs of the case.

6.      Slayback objects to any Interrogatory to the extent that it seeks a legal conclusion, opinion, expert opinion, or any other non-factual admission as improper under Fed. R. Civ. P. 36.

7.      These responses are made solely for the purposes of discovery in the present litigation. Nothing herein shall be construed or interpreted as, or shall work, operate, or be urged or deemed as a waiver by Slayback of any applicable right or objection, which are expressly

2

reserved, including, but not limited to: all objections as to competence, relevance, authenticity, propriety, materiality and admissibility of the answers provided herein; all objections as to vagueness, ambiguity, or undue burden; all objections on any ground as to the use of any answers provided herein; all objections on any ground to any request for further responses to these or other discovery request; and any and all other objections and grounds that would or could require or permit the exclusion of any information, document or statement therein from evidence, all of which objections and grounds are reserved and may be interposed at a hearing in this litigation.

8.      These responses, while based on diligent exploration by Slayback and its counsel, reflect only the current state of Slayback's knowledge, understanding and belief with regard to matters about which inquiry has been made. Slayback continues to investigate the facts relating to this dispute. These responses are therefore based upon information which is presently available to Slayback and its attorneys and specifically known or available to the individuals responding to each Interrogatory. Accordingly, these responses are neither intended as, nor shall in any way be deemed as, an admission or representation that further information responsive to the Interrogatories does not exist. Slayback anticipates that as this action proceeds, additional facts may be discovered, or their significance better understood. Further, these responses are given without prejudice to Slayback's rights to produce, use or rely on at any time, including at trial, evidence, facts, documents, things or information that are subsequently discovered, the relevance of which has not yet been determined, or which were omitted from these responses by inadvertence, mistake or otherwise.

9.      By this reservation, Slayback does not assume a continuing obligation, beyond what is required under the Federal Rules of Civil Procedure, to update, modify or supplement these responses, and Slayback objects to these Interrogatories to the extent that they seek to impose any

such continuing obligation. However, Slayback reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made and contentions are asserted. Slayback also reserves the right to modify these responses in the event that it determines that any information was omitted from them by inadvertence, mistake or otherwise.

10.     No incidental or implied admissions are intended by the responses below. The fact that Slayback has answered part or all of any Interrogatory is not intended to be, and shall not be construed to be, a waiver by Slayback of any part of any objection to the Interrogatory and/or an admission of relevance, materiality, or admissibility in evidence of the discovery sought or produced. The fact that Slayback has answered or objected to any Interrogatory should not be taken as an admission that Slayback accepts or admits the existence of any "facts" set forth or assumed by such Interrogatory.

11.     Slayback objects to the definition of the terms "PE-3 Formulation" or "PAS Formulation" as overly broad to the extent it seeks to encompass formulations other than the antioxidant-free formulation disclosed in the Prior Approval Supplement to NDA No. 212209 filed on October 25, 2024 by Azurity Pharmaceuticals, Inc., the current NDA holder.

**<u>SPECIFIC OBJECTIONS AND RESPONSES</u>**

**<u>INTERROGATORY NO. 10:</u>**

4

**RESPONSE:**

Slayback objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case and seeking information not relevant to the claims or defenses of any party. Slayback further objects to this Interrogatory to the extent it seeks to ███████████████████████████████████████████ Slayback further objects to this compound Interrogatory as containing multiple Interrogatories in violation of the limitation on the number of Interrogatories. Slayback further objects to this Interrogatory as seeking information more appropriately the subject of other discovery methods, such as requests for the production of documents and depositions. Slayback further objects to this Request to the extent it seeks information outside of Slayback's possession, custody, or control. Slayback further objects to this Request to the extent it seeks information subject to any judicial order, protective order, stipulation of confidentiality, non-disclosure agreement, joint defense agreement, or confidentiality agreement with any third-party restricting disclosure of such information. Slayback further objects to this Interrogatory as seeking information protected by the attorney-client, joint defense, and common interest privileges, work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Slayback responds as follows:

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

5

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████

Further, pursuant to Fed. R. Civ. P. 33(d), Slayback has produced the following non-privileged documents from which the information sought by this Interrogatory may be derived or ascertained: SLAY-VIVMUS0013187; SLAY-VIVMUS0136906; SLAY-VIVMUS0136922; SLAY-VIVMUS0136925; SLAY-VIVMUS0136935; SLAY-VIVMUS0136877; SLAY-VIVMUS0136895; SLAY-VIVMUS0013082.

**INTERROGATORY NO. 11:**

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████

**RESPONSE:**

Slayback objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case and seeking information not relevant to the claims or defenses of any party. Slayback further objects to this compound Interrogatory as containing multiple Interrogatories in violation of the limitation on the number of Interrogatories. Slayback further objects to this Interrogatory as seeking information more appropriately the subject of other discovery methods, such as requests for the production of documents and depositions. Slayback further objects to this Interrogatory as seeking information protected by the attorney-client, joint defense, and common interest privileges, work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Slayback responds as follows:

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████

████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████

7

**RESPONSE:**

Slayback objects to this Interrogatory as premature under the Federal Rules of Civil Procedure, the Local Rules, and any other orders of the Court. In particular, this Interrogatory seeks information that will be the subject of expert reports and expert depositions. Slayback objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case and seeking information not relevant to the claims or defenses of any party. Slayback further objects to this Interrogatory as seeking information protected by the attorney-client, joint defense, and common interest privileges, work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, and further subject to Slayback's expert reports, Slayback responds that it will provide its expert reports in accordance with the Federal Rules of Civil Procedure, the Local Rules, and orders of the Court, that will address these issues as needed. Slayback expects that further evidence will be revealed during expert discovery. Slayback further responds as follows:

Slayback served its Third Supplemental Response to Plaintiffs' Common Interrogatory No. 7 on October 15, 2025, its Fourth Supplemental Response to Plaintiffs' Common Interrogatory No. 7 on November 4, 2025, and its Fifth Supplemental Response to Common Interrogatory No. 7 on December 5, 2025, all of which include positions related to non-infringing alternatives, which

Subject to and without waiting the foregoing objections, Slayback further responds by incorporating by reference all of its prior responses, including its Original Response (served June

8

20, 2024), First Supplemental Response (served February 3, 2025), Second Supplemental Response (served September 9, 2025), Third Supplemental Response, Fourth Supplemental Response, and Fifth Supplemental Response in their entirety herein.

Dated: February 5, 2026

*Of Counsel:*

Constance S. Huttner
Alan Pollack
Jason A. Lief
Robyn Ast-Gmoser
Kiersten A. Fowler

WINDELS MARX LANE &
MITTENDORF LLP
One Giralda Farms
Madison, NJ 07940
(973) 966-3200

156 West 56th Street
New York, NY 10019
(212) 237-1000

chuttner@windelsmarx.com
apollack@windelsmarx.com
jlief@windelsmarx.com
rast-gmoser@windelsmarx.com
kfowler@windelsmarx.com

**SMITH KATZENSTEIN & JENKINS LLP**

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Defendants Slayback Pharma
LLC and Azurity Pharmaceuticals, Inc.*

9