**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

EAGLE PHARMACEUTICALS, INC. and
EAGLE SUB1 LLC,

       Plaintiffs,

       v.

SLAYBACK PHARMA LLC and AZURITY
PHARMACEUTICALS, INC.,

       Defendants.

C.A. No. 24-65-JLH

**REDACTED PUBLIC VERSION**

**DEFENDANTS SLAYBACK PHARMA LLC AND
AZURITY PHARMACEUTICALS, INC'S ANSWERING STATEMENT OF FACTS
IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
OF INFRINGEMENT (D.I. 363)**

*Of Counsel:*

Jason A. Lief
Alan H. Pollack
Daniel E. Forchheimer
Robyn Ast-Gmoser
Audrey R. Sparschu

**WINDELS MARX LANE &
MITTENDORF LLC**
1 Giralda Farms
Madison, NJ 07940
(973) 966-3200

156 West 56th Street
New York, NY 10019
(212) 237-1000
jlief@windelsmarx.com
apollack@windelsmarx.com
dforchheimer@windelsmarx.com
rast-gmoser@windelsmarx.com
asparschu@windelsmarx.com

July 1, 2026

**SMITH KATZENSTEIN & JENKINS LLP**

Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Defendants Slayback Pharma LLC
and Azurity Pharmaceuticals, Inc.*

1.      The plain and ordinary meaning of the word "fluid" is a liquid (*e.g.*, a substance that flows).  (Ex. 9, Sinko Rep. ¶¶ 41-49; Ex. 37, Trout Pat. App. WO2015/095533 at pg. 20, line 30 ("As used herein, *a "fluid" is given its ordinary meaning; i.e., a liquid or a gas*. A fluid cannot maintain a defined shape and *will flow* ...."); and as cited in Ex. 9, Sinko Rep.: Ex. 38; Ex. 39; Ex. 40; Ex. 41, Sears, College Physics, 5th Ed. 1980, at pg. 193 ("The term 'fluid' means a substance that can flow; hence the term applies to both liquids and gases."); Ex. 42; Ex. 43, NCI Website https://www.cancer.gov/search/results?swKeyword=fluid).

2.      The word "solvent" does not appear in the claims of the U.S. Patent No. 11,872,214 (Ex. 26) or U.S. Patent No. 12,138,248  (Ex. 44) (collectively "the patents-in-suit").

3.      The specification of the patents-in-suit state: "In several embodiments of the invention, pharmaceutically acceptable fluid is non-aqueous and may be, but is not necessarily, a solvent for the bendamustine or salt thereof." (Ex. 26, 3:39-41; Ex. 44, 3:35-37).

4.      During the prosecution of the patents-in-suit, the applicants never distinguished the prior art as disclosing non-solvents while the claimed "pharmaceutically acceptable fluids" were supposedly solvents.  Ex. 45, U.S. Appl. No. 18/081,251 ('214 patent); Ex. 46, U.S. Appl. No. 18/646,171 ('248 patent); Ex. 47, U.S. Appl. No. 18/081,238 ('783 patent).

5.      U.S. Patent Application No. 13/767,672, and U.S. Patent Application Publication 2013/0210879, state that ███████████████████████████████████████ ████████████████████████████████████████████████ █████████████████████████████████████████████

6.      Exhibit 2 is a patent application that was filed by plaintiff Eagle Pharmaceuticals, Inc., and Exhibit 3 is the related Publication.  These share two co-inventors with the patents-in-suit, and like the patents-in-suit, also claim liquid bendamustine-PEG compositions.



7. █████████████████████████████████████████ ██████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

█ █████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████

█ █████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████

10. ████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████



11. █████████████████████████████████████████



15.    A dissolved solid or solute, when dissolved, can act as a solvent or co-solvent itself.  (Sinko Rep. at ¶ 58, citing Ex. 6 (Parsons, "Solution in a Dissolved Solid")).

16.

17.    The claimed fluids also enhance the stability of liquid bendamustine formulations. (Ex. 9, Sinko Rep. ¶ 210; Ex. 19, Trout Tr. at 220:8-221:14; Ex. 24, at EAGLEBEN-SA_240329; Ex. 33, Buxton Tr. Day 2 at 12:11-20, 31:7-24)).

18.

20.    Slayback's impurity results are based upon testing done

21.    The claims-in-suit require impurity testing at a detection wavelength of 223 nm and using a peak area response method for quantification.  (Ex. 26, at Claims; Ex. 44, at Claims).

Dated: July 1, 2026

*Of Counsel:*

Jason A. Lief
Alan Pollack
Daniel E. Forchheimer
Robyn Ast-Gmoser
Audrey R. Sparschu

**WINDELS MARX LANE &
MITTENDORF LLC**
1 Giralda Farms
Madison, NJ 07940
(973) 966-3200

156 West 56th Street
New York, NY 10019
(212) 237-1000

jlief@windelsmarx.com
apollack@windelsmarx.com
dforchheimer@windelsmarx.com
rast-gmoser@windelsmarx.com
asparschu@windelsmarx.com

**SMITH KATZENSTEIN & JENKINS LLP**

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Defendants Slayback Pharma
LLC and Azurity Pharmaceuticals, Inc.*

5