**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EAGLE PHARMACEUTICALS, INC. and EAGLE SUB1 LLC, | |
| Plaintiffs, | |
| v. | C.A. No. 24-65-JLH |
| SLAYBACK PHARMA LLC and AZURITY PHARMACEUTICALS, INC., | **REDACTED PUPLIC VERSION** |
| Defendants. | |

**DEFENDANTS SLAYBACK PHARMA LLC AND
AZURITY PHARMACEUTICALS, INC'S
ANSWERING BRIEF IN OPPOSITION TO
PLAINTIFFS' MOTION FOR
<u>SUMMARY JUDGMENT OF INFRINGEMENT (D.I. 363)</u>**

*Of Counsel:*

Jason A. Lief
Alan H. Pollack
Daniel E. Forchheimer
Robyn Ast-Gmoser
Audrey R. Sparschu

**WINDELS MARX LANE &
MITTENDORF LLC**

1 Giralda Farms
Madison, NJ 07940
(973) 966-3200

156 West 56th Street
New York, NY 10019
(212) 237-1000

jlief@windelsmarx.com
apollack@windelsmarx.com
dforchheimer@windelsmarx.com
rast-gmoser@windelsmarx.com
asparschu@windelsmarx.com

Dated: July 1, 2026

**SMITH KATZENSTEIN & JENKINS LLP**

Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Defendants Slayback Pharma LLC
and Azurity Pharmaceuticals, Inc.*

## TABLE OF CONTENTS

I.  NATURE AND STAGE OF PROCEEDINGS ................................................................. 1

II.  SUMMARY OF ARGUMENT ......................................................................................... 1

III.  ANSWERING COUNTER-STATEMENT OF FACTS ................................................. 4

  A.  ████████████████████████████████████████████████

  ██ ████████████████████████████████████████████████

  ██ ██████████████████████████ ................................................................. 6

  D.  Plaintiffs' Supposed Proof of the "HPLC Stability Limitation" Fails .................... 7

IV.  ARGUMENT ..................................................................................................................... 7

  A.  Slayback's Vivimusta Does Not Infringe – ████████████████████
      ████████████████████████████████████████████████ . 7

      1.  The "Narrow-Rare" Exceptions To Non-Infringement Do Not Apply ....... 9

  B.  Vivimusta® Does Not Infringe – Even If Fluids Are Construed As Solvents ....... 11

  C.  Plaintiffs Have Failed to Prove the HPLC Stability Limitation ........................... 12

V.  CONCLUSION ................................................................................................................ 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby*,
477 U.S. 242 (1986) ........................................................................................................ 8

*Baxter Healthcare Corp. v. HQ Specialty Pharma*,
133 F. Supp. 3d 692 (D.N.J. 2015) ................................................................................ 11

*Conoco, Inc. v. Energy & Env't. Int'l, L.C.*,
460 F.3d 1349 (Fed. Cir. 2006) ........................................................................... 9, 10, 11

*Gaines v. Home Loan Ctr.*,
No. SACV 08-667-JST, 2012 U.S. Dist. LEXIS 197469 (C.D. Cal. Jan. 26,
2012) ................................................................................................................................ 3

*Integra LifeSciences v. HyperBranch Med. Tech.*,
C.A. No. 15-819-LPS-CJB, 2017 WL 3578695 (D. Del. Aug. 18, 2017) ....................... 9

*Otsuka Pharm. Co. v. Lupin Ltd.*,
C.A. No. 21-900-RGA, 2022 WL 2952759 (D. Del. July 26, 2022) ............................... 9

*Scott v. Harris*,
550 U.S. 372 (2007) .................................................................................................... 2, 8

*Shire Dev. Inc. v. Cadila Healthcare*,
C.A. No. 10-581-KAJ, 2015 WL 4596410 (D. Del. July 28, 2015) ............................... 9

*Shire Dev. v. Watson Pharms.*,
848 F.3d 981 (Fed. Cir. 2017) ....................................................................................... 9

*Wash. State Inv. Bd. v. Odebrecht S.A.*,
No. 17-CV-8118 (PGG), 2024 U.S. Dist. LEXIS 122226 (S.D.N.Y. July 10,
2024) .............................................................................................................................. 12

*Western Ath. Conf. v. University of the Incarnate Word*,
No. SA-23-CA-00376-FB, 2024 U.S. Dist. LEXIS 78042 (W.D. Tex. Mar. 21,
2024) ................................................................................................................................ 3

## I.    NATURE AND STAGE OF PROCEEDINGS

Defendants Slayback Pharma LLC and Azurity Pharmaceuticals Inc. ("Slayback") herein oppose Plaintiffs' motion for summary judgment of infringement.  (D.I. 363, 364).  Slayback does not infringe.  Summary judgment of infringement must be denied; summary judgment of non-infringement (D.I. 344) should be granted.  This Opposition is timely submitted.  (D.I. 304).

## II.    SUMMARY OF ARGUMENT

Plaintiffs' motion for summary judgment must be denied because Slayback does not infringe.  ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████  Second, Plaintiffs' argument that "fluid" means "solvent" fails as a matter of claim construction – committing the "cardinal sin" of reading a limitation into the claims.  ██████████████████████████████████ █ ████████████████ ███████████████████████████████████████.  Fourth, Plaintiffs have failed to prove the HPLC-impurity limitation.  These topics are discussed more fully below.

1.    ███████████████████████████████████████████
██████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
███████████████████████████████████ █████████████████████████
█████████████████████████████ ███████████████████████████████
███████████████████████████████████████████████████
████████████████████████ ████████████████████████████████

---

[1] All citations to Exhibits refer to the Exhibits attached to the Declaration of Jason A. Lief.



(Ex. 1).  Plaintiffs' motion must be denied; and

Slayback's motion for non-infringement should be granted.  *See, e.g.*, *Scott v. Harris*, 550 U.S.

372, 380-81 (2007) ("When opposing parties tell two different stories, **_one of which is blatantly_**

***contradicted by the record***, so that no reasonable jury could believe it, ***a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment***."); *Western Ath. Conf. v. University of the Incarnate Word*, No. SA-23-CA-00376-FB, 2024 U.S. Dist. LEXIS 78042, at *10-11 (W.D. Tex. Mar. 21, 2024) (denying plaintiffs' summary judgment motion and granting defendant's motion: "'[plaintiff's] logic conjures ***the dubious wisdom of Humpty Dumpty in Alice in Wonderland.' … 'When I use a word,' Humpty Dumpty said in a rather scornful tone, 'it means just what I choose it to mean—neither more nor less.***''…"); *Gaines v. Home Loan Ctr.*, No. SACV 08-667-JST, 2012 U.S. Dist. LEXIS 197469, at *6 (C.D. Cal. Jan. 26, 2012) ("We need not travel down the ***Alice-in-Wonderland rabbit hole where up is down and down is up***. … Plaintiff cannot avoid summary judgment without recasting the fundamental nature of the [facts] …") (emphases added).

2.      Plaintiffs next argue that: (a) the claim term "fluid" has supposedly been construed to mean "solvent";[2] (b) ███████████████████████████ █████████ ████████ and thus (c) the "fluid consisting of" limitation supposedly does not govern and there is infringement. (D.I. 364, at 5 (Eagle SJ)). All of that is incorrect. The proper claim construction of "fluid" is its plain and ordinary meaning – a liquid that flows. The reasons why the plain and ordinary meaning applies are set forth in detail in Slayback's motion for summary judgment of non-infringement. (*See*, D.I. 347, at 11-14). To the extent Plaintiffs claim or suggest that "fluid" has already been construed as a "solvent," (D.I. 364, Eagle SJ Br. at 4-5), it is clear that Plaintiffs expressly indicated during the *Markman* hearing that they "***haven't proposed putting solvent in the claim construction***…." (Ex. 7, *Markman* Tr. at 25:4-5).

---

[2] Plaintiffs also suggest the Court held that all un-recited solvents are not fluids. (D.I. 364 at 4-5). However, we understood the Court to be talking only about liquid antioxidants – which are a separate claim limitation from fluids. (*See, e.g.*, Ex. 7, *Markman* Tr. at 21-22, 68:1-4).

3.      Regardless of the claim construction, Plaintiffs' "solvent argument" also fails because it is factually incorrect. ███████████████████████████████

███████████████████████████████████████████████████

████████████  (*See* pgs. 6-7, 11-12, below).  Given that it is Plaintiffs' burden to prove infringement, summary judgment of non-infringement could be granted for defendant Slayback on this issue alone.  At a minimum, a factual dispute exists with respect to this "solvent" issue – precluding summary judgment for Plaintiffs.  But, this question should never be reached – because a "fluid" is a liquid, and should not be construed as "solvent."

4.      Additionally, and independently, Plaintiffs have also not proven infringement of the HPLC stability limitation.  As discussed below, Plaintiffs' proofs are deeply flawed or irrelevant or otherwise inadmissible.  At a minimum, this issue is disputed – and summary judgment of infringement for Plaintiffs should be denied on this ground alone.

Plaintiffs motion for summary judgment of infringement must be denied.

## III.   ANSWERING COUNTER-STATEMENT OF FACTS

A. ███████████████████████████████████

███████████████ ██████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

5



**B.**



Case 1:24-cv-00065-JLH   Document 539   Filed 08/07/26

6

████████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████

### D.  Plaintiffs' Supposed Proof of the "HPLC Stability Limitation" Fails

The only test of Vivimusta's® impurity levels at the claimed 223 nm wavelength, using the claimed "peak area response" method, is from Plaintiffs' expert Dr. Kittendorf.  That test is deeply flawed.  It is not validated; it is woefully inaccurate (with some impurities underestimated █████████ others having unknown errors); and Dr. Kittendorf admitted he does not even know if the analytes are degradants of bendamustine – a requirement of the claims-in-suit.  (D.I. 349, 351; Ex. 32, Kittendorf Tr. at 40:24-41:4, 83:3-24, 84:8-85:4, 102:23-103:11, 127:18-128:9, 132:9-133:7, 144:24-145:5, 219:5-8, 220:8-25).  Thus, Dr. Kittendorf's test is the subject of a *Daubert* motion and Slayback believes it should be excluded.  (D.I. 349, 351).  Slayback's own impurity results were done ████████████████████████████████ (not the claimed 223 nm peak area response method) and thus are not relevant to the claims.

## IV.    ARGUMENT

### A.  ████████████████████████████████████████████

A motion for summary judgment that is premised upon a falsehood must be denied.  As the U.S. Supreme Court has said:

> When opposing parties tell two different stories, ***one of which is blatantly contradicted by the record***, so that ***no reasonable jury could believe it, a court should not adopt that version of the facts*** for purposes of ruling on a motion for summary judgment.

*Scott v. Harris*, 550 U.S. 372, 380-81 (2007)(emphasis added).  *See also Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986) (evidence viewed in light most favorable to non-movant).

8

██████████████████████████████████████████████████████ ████

████████████████████████████████████████████████████████████

Slayback does not infringe.

### 1. The "Narrow-Rare" Exceptions To Non-Infringement Do Not Apply

████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████.

That is not correct as a matter of law or fact. The exceptions Plaintiffs invoke are "rare" and "narrow" – and they do not apply here. *Shire Dev. v. Watson Pharms.,* 848 F.3d 981, 984 (Fed. Cir. 2017) ("Though the 'consisting of' presumption is very strong, we permit ***the rare exception*** ….'") (emphasis added); *Integra LifeSciences v. HyperBranch Med. Tech.*, C.A. No. 15-819-LPS-CJB, 2017 WL 3578695, at *5 (D. Del. Aug. 18, 2017) ("two ***narrow exceptions*** …") (emphasis added)); *Shire Dev. Inc. v. Cadila Healthcare*, C.A. No. 10-581-KAJ, 2015 WL 4596410, at *7 (D. Del. July 28, 2015) ("***exceptions*** to the ["consisting of"] terms' ***absolute exclusion*** are ***narrow*** …") (emphases added)).

Deliberately or purposefully-added ingredients (excipients) are *not* "impurities" for purposes of "consisting of" law. In *Otsuka Pharm. Co. v. Lupin Ltd.*, C.A. No. 21-900-RGA, 2022 WL 2952759, at *4 (D. Del. July 26, 2022), this Court stated:

> The ***Federal Circuit has held that 'excipients' contrast with 'impurities' in the pharmaceutical context.*** 'Excipients are almost universally used with the active ingredient, and therefore do not act to affect the purity of the drug.' . . . ***excipients are 'inactive ingredients*** that are routinely and ***purposefully added*** to the active ingredient to ***enhance the performance*** of the active ingredient.'

*Id.* (emphases added) (quoting *Glaxo Grp. Ltd. v. Apotex, Inc.*, 376 F.3d 1339, 1347 (Fed. Cir. 2004)). Chemicals deliberately added to improve stability – "enhance performance" – are not impurities. *Conoco, Inc. v. Energy & Env't. Int'l, L.C.*, 460 F.3d 1349, 1360-61 (Fed. Cir. 2006)

9

("If, however, MIBK had been added to adjust the stability … EEI would most likely not infringe.").  And the impurities exception is limited to those impurities "that a person of ordinary skill in the relevant art ***would ordinarily associate with a component on the 'consisting of' list***

…." *Conoco*, 460 F.3d at 1360 (Fed. Cir. 2006) (emphasis added).  ███████████████

████████████████████████████████████████████████████████████

███████████████████████████████████  For this reason alone Plaintiffs'

argument fails under the *Conoco* impurity test.

The undisputed facts show that the "impurity" and "unrelated" exceptions do not apply.

██████████████████████████████████████████████████████████

███████  (*See* pg. 5, above; Pltffs' D.I. 386 at 20).  It is not some grime or debris that has accidentally made its way into the product.  Further, it is undisputed that the FDA deemed the sodium hydroxide in Vivimusta® to be an inactive ingredient – not an impurity.  (*See* pg. 5-6, above; Ex. 20).  ████████████████████████████████████

███████████████████████ – both side's experts agree.  (*See* pg. 6, above).  ████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████  ██████████████

████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████



███████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

███ ██████████████████████████████████

██████████████████████ █████████████████

████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████.

## B. <u>Vivimusta® Does Not Infringe – Even If Fluids Are Construed As Solvents</u>

Plaintiffs also argue that "fluid" or "pharmaceutically acceptable fluid" must mean

"solvent" ████████████████████████████████ That claim

construction is incorrect for all the reasons set forth in Slayback's motion for summary judgment

of non-infringement.  (D.I. 347, at 11-14; SSOFO No. 1-6).  ████████████████████

████████████████████████████████████████

██████████████████████████████████

████████    (*See* pgs. 6-7, above).  Plaintiffs have offered no credible evidence that disputes that.

Instead, Plaintiffs argue that ████████████████████████████

████████████████████████████  However, excipients can play more

than one role.  (Ex. 9, Sinko Rep. ¶ 183; Ex. 19, Trout Tr. at 169:11-17).  *Baxter Healthcare*

*Corp. v. HQ Specialty Pharma*, 133 F. Supp. 3d 692, 705-06 (D.N.J. 2015) ("common

components of a formulation can and often do perform multiple functions.")  To the extent there

is any factual dispute regarding this "solvent" issue, summary judgment for Plaintiffs must be

11

denied.  But this entire "solvent" issue should not be reached, because it depends upon an incorrect claim construction.[4]

### C.  Plaintiffs Have Failed to Prove the HPLC Stability Limitation

As noted above, the only test of the Slayback Vivimusta® product at the claimed 223 nm detection wavelength using peak area response is a deeply flawed test from Dr. Kittendorf.  (*See* pg. 7, above; and D.I. 349, 351, *Daubert* re Dr. Kittendorf).  Nor can Plaintiffs rely on Slayback's own testing – ███████████ ████████████████████████████████████ not the claimed 223 nm peak area response method.  Plaintiffs attempt to bridge that gulf by arguing that results at 223 nm are the same as those ████████ fails because it is also premised upon Dr. Kittendorf's flawed testing.  At a minimum, there is a significant factual dispute over this HPLC impurity issue and summary judgment of infringement for Plaintiffs cannot be granted.[5]

### V.    CONCLUSION

For the reasons above, and in Slayback's motion, Plaintiffs motion for summary judgment must be denied; and Slayback's motion for non-infringement should be granted.

---

[4] A further problem with Plaintiffs' "solvent" claim construction, is that we have no definition in the intrinsic record, or proposed by Plaintiffs, of "solvent" or "co-solvent" or "solvent system." Must a particular ingredient dissolve <u>all</u> of the bendamustine present in the product on its own to be considered a solvent?  Can something be a solvent if it only dissolves some of the bendamustine?  PEG itself can only dissolve 20 mg/ml of bendamustine and not the claimed 25 mg/ml of bendamustine. Must a solvent also dissolve in whole, or part, the excipients?  And, what makes an ingredient a "co-solvent" or a participant in a "solvent system"?

[5]  To the extent that Plaintiffs argue that any admissions from other cases involving other patents, prove the impurity limitation, such admissions are irrelevant. *Wash. State Inv. Bd. v. Odebrecht S.A.*, No. 17-CV-8118 (PGG), 2024 U.S. Dist. LEXIS 122226, at *29 (S.D.N.Y. July 10, 2024) (Rule 36 "'is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding'").

Dated: July 1, 2026

*Of Counsel:*

Jason A. Lief
Alan Pollack
Daniel E. Forchheimer
Robyn Ast-Gmoser
Audrey R. Sparschu

**WINDELS MARX LANE &
MITTENDORF LLC**
1 Giralda Farms
Madison, NJ 07940
(973) 966-3200

156 West 56th Street
New York, NY 10019
(212) 237-1000

jlief@windelsmarx.com
apollack@windelsmarx.com
dforchheimer@windelsmarx.com
rast-gmoser@windelsmarx.com
asparschu@windelsmarx.com

**SMITH KATZENSTEIN & JENKINS LLP**

/s/ Daniel A. Taylor
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Defendants Slayback Pharma
LLC and Azurity Pharmaceuticals, Inc.*

13