**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EAGLE PHARMACEUTICALS, INC. and EAGLE SUB1 LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SLAYBACK PHARMA LLC and AZURITY PHARMACEUTICALS, INC.,<br><br>Defendants. | C.A. No. 24-65-JLH (CONSOLIDATED)<br><br>**JURY TRIAL DEMANDED**<br><br>**UNREDACTED PUBLIC VERSION** |

**LETTER TO THE HONORABLE JENNIFER L. HALL IN OPPOSITION TO PLAINTIFFS EAGLE PHARMACEUTICALS, INC. AND EAGLE SUB1 LLC'S MOTION TO STRIKE [D.I. 547 & D.I. 548]**

Dear Judge Hall:

Defendants' Slayback Pharma LLC and Azurity Pharmaceuticals, Inc. (collectively, "Slayback") herein oppose Eagle's Motion to Strike (D.I. 547, 548). Slayback's assertion of the "sham affidavit doctrine" in its Reply brief (D.I. 434, Section III.E) is proper – both substantively and procedurally. Eagle's motion should be denied.

During his deposition, Eagle's expert, Dr. Trout, contradicted specific statements and concepts in his expert Reports. Eagle's letter brief does not meaningfully dispute that. Despite those contradictions, Eagle now attempts to rely on those statements from Dr. Trout's Reports to oppose Slayback's motion for summary judgment of non-infringement. The purpose of the sham affidavit doctrine is to prevent just this type of tactic – where a party improperly opposes summary judgment with sham evidence. For that reason, the sham affidavit doctrine can only be asserted once the party opposing summary judgment reveals how – and whether – they will use sham evidence (here parts of Trout's expert Reports) in their opposition papers. As one court noted:

> [T]he argument that application of the sham affidavit rule was unfair because it was raised in EWI's reply brief is facetious. The sham affidavit rule applies only where a suspect affidavit is raised for the first time in opposition to summary judgment. Thus, an objection can only ever be brought in a reply brief.

*Premier Displays & Exhibits v. Cogswell*, No. SACV09354JVSANX, 2010 WL 11519494, at *3 (C.D. Cal. Mar. 3, 2010) (citations to record omitted). Slayback's assertion of the sham affidavit doctrine is proper and Dr. Trout's specific contradictory evidence should be disregarded for purposes of Slayback's motion for summary judgment of non-infringement.

## I. <u>FACTUAL BACKGROUND</u>

Eagle makes at least three fantastical assertions in their Opposition to Slayback's motion for summary judgment of non-infringement. These assertions are supported largely, if not exclusively, by statements from Dr. Trout's Reports. As set forth in Slayback's Reply brief, Eagle posits that: (a) "aqueous sodium hydroxide" is supposedly not used in the Slayback product ("does not appear in any of Slayback's NDA documents"); (b) that "fluid" means "solvent" for claim construction purposes; and (c) aqueous sodium hydroxide is a solid. (D.I. 434 at 11-12). However, when questioned about these positions during his deposition, Dr. Trout contradicted and evaded. Eagle's letter brief does not meaningfully dispute those contradictions.

Eagle's response to their own witness' failure to support their positions is a procedural gambit – i.e., the present motion to strike. Eagle claims that it is unfair that Slayback raised this argument in its Reply brief. Eagle further argues that Slayback's earlier (and broader) dispute over Dr. Trout's deposition – where Dr. Trout evaded countless issues beyond the three raised in Slayback's sham affidavit argument and scolded questioning counsel, and where Eagle's counsel interjected long, argumentative objections in violation of the Federal Rules and Delaware practice – somehow meant that Slayback should have known to assert the sham affidavit doctrine in its Opening brief on summary judgment. That broader dispute has not been waived or resolved yet. *See* Eagle Ex.1. However, that dispute presents a different legal issue than the sham affidavit issue here.

The sham affidavit issue here involves the specific contradictory parts of Dr. Trout's

Reports that Eagle chose to rely upon to *oppose* Slayback's summary judgment motion. Slayback could not have anticipated how Eagle would argue its Opposition and what passages, if any, from Dr. Trout's voluminous Reports Eagle would cite to *before* Eagle actually submitted its Opposition papers. To put this in context, Dr. Trout submitted four reports regarding Slayback – including an Opening Report, a Reply Report, and an additional "appendix" Report on Slayback's alleged infringement, as well as an invalidity Report that implicated claim construction. Those reports totaled over 400 pages and included over 1,000 numbered paragraphs and 16 pages of charts. The proposition that Slayback should have anticipated – before seeing Eagle's Opposition – which of those paragraphs, if any, would be relied upon in Eagle's Opposition papers, and from that subset which of those were contradicted during the deposition, is not reasonable. And, as discussed below, that is not what the law requires in the context of the sham affidavit doctrine.

Of note, Eagle's moving letter brief makes no argument that Slayback's Reply adds any new substantive arguments regarding the merits of non-infringement.

Of further note, during the parties' meet and confer, Slayback offered to consider sur-reply briefing to provide Eagle with an opportunity to respond on the sham affidavit issue – something that Eagle can also do during the upcoming hearing. But Eagle rejected that, stating that it would only resolve this dispute if Slayback withdrew its sham affidavit argument – and thus Eagle has pursued this motion practice.

## II. ARGUMENT

The sham affidavit doctrine applies to a party attempting to use sham evidence to oppose, and thereby unjustifiably avoid, summary judgment. *See, e.g.*, *In re CitX Corp.*, 448 F.3d 672 (3d Cir. 2006); *Martin v. Merrell Dow Pharms., Inc.*, 851 F.2d 703 (3d Cir. 1988); *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247 (3d Cir. 2007).

Thus, the invocation of the doctrine necessarily arises only *after* the party opposing summary judgment has revealed the sham evidence that they are relying upon to oppose the motion. As the district court in *Premier Displays & Exhibits v. Cogswell*, No. SACV09354JVSANX, 2010 WL 11519494, at *3 (C.D. Cal. Mar. 3, 2010), recognized: "The sham affidavit rule applies only where a suspect affidavit is raised for the first time in opposition to summary judgment. Thus, an objection can only ever be brought in a reply brief." Like this case, the *Premier Displays* case involved the assertion of the sham affidavit doctrine for the first time in a summary judgment reply brief. Similarly, in the Third Circuit case of *In re CitX,* cited above, the questioned affidavit was only challenged for the first time in a summary judgment reply brief in the district court. *See* CA 03-cv-06766 (E.D. Pa.), D.I. 53 at 4-13, (2005 WL 6147056). When a summary judgment opposition uses sham evidence, the sham affidavit doctrine is properly (and of necessity) raised in the summary judgment reply papers.

By contrast, the cases cited by Eagle have significantly different procedural postures. The *Atlanta Channel* case involved sham affidavit arguments in a Rule 11 motion reply brief where the opening brief already had raised different sham affidavit arguments. The *Guerrero* case did not involve a sham affidavit assertion in the defendant-movant's summary judgment reply brief (our circumstance), but in the non-movant plaintiff's reply briefs in other motions. And the *Guerrero* court never ruled that the plaintiff had waived the doctrine in their own summary judgment motion (which arguably would be analogous to our case), but only narrowly found "waiver [by plaintiffs] for the purposes of Defendant's Motion for Summary Judgment."

932 F.Supp.2d at 776. Finally, the waiver finding was dicta as the disputed declaration was "irrelevant to the Court's analysis of the parties' Motions for Summary Judgment." *Id*. The *Fifth Mkt.* case did not involve the sham affidavit doctrine at all.

The fact that Dr. Trout's voluminous reports existed before the deposition, and before Slayback's Opening brief for summary judgment, does not make the sham affidavit doctrine improper here. *See, e.g.*, *In re CitX*, 448 F.3d at 679 ("In this case, however, the affidavit came first, and only later did the deposition uncover the untruths in the affidavit. We perceive no principle that cabins sham affidavits to a particular sequence."). Nor is the existence of a prior dispute about Dr. Trout's deposition, and counsel's behavior during that deposition, relevant. What matters is what Eagle chose to rely upon in their Opposition papers when they submitted those papers. Eagle need not have relied on Dr. Trout's contradictory Reports to oppose Slayback's summary judgment motion if other evidence such as documents, scientific articles or deposition testimony existed. Apparently, that evidence was lacking. For instance, Eagle cites no articles or testimony stating that aqueous sodium hydroxide (or any dissolved sodium hydroxide) is a solid – only Dr. Trout's *ipse dixit*. Regardless, Slayback should not be required to be a mind reader and anticipate the use of particular sham evidence from hundreds of pages and thousands of paragraphs of Reports.

Eagle nonetheless contends that Rule 56, Fed. R. Civ. P., requires just such mindreading – insisting that Slayback was obligated to cite every last bit of evidence going to every last argument that might possibly be implicated by its motion and Eagle's future opposition. Rule 56 does not say that. Indeed, Rule 56(c)(1)(A) explicitly states that the parties should "cit[e] to *particular parts* of materials in the record" to "support" their case. (emphasis added). The accompanying Committee Notes to the Rule state "Subdivision (c)(1)(A) describes the familiar record materials commonly relied upon and requires that the movant cite the *particular parts* of the materials that *support* its fact positions." (emphasis added). Slayback's Opening brief did just that – citing to the substantive record that showed agreement (or the lack of a credible dispute) regarding non-infringement.

Slayback's Reply brief is an appropriate response to Eagle's Opposition under the sham affidavit doctrine – and also under general principles regarding reply briefs. *See Bos. Sci. Scimed, Inc. v. Cordis Corp.*, 434 F. Supp. 2d 308, 314 (D. Del. 2006), *rev'd in part on other grounds*, 554 F.3d 982 (Fed. Cir. 2009); *F'Real Foods, LLC v. Hamilton Beach Brands, Inc.*, No. 16-41, 2020 WL 4932223, at *1 (D. Del. June 24, 2020) (denying motion to strike "[b]ecause this material is responsive to arguments Defendants made in their answering brief, its inclusion does not violate Local Rule 7.1.3(c)(2)."); *Cornell Univ. v. Illumina, Inc.*, No. 10-433, 2018 WL 11427960, at *6 (D. Del. Feb. 23, 2018).

Eagle is also incorrect when it argues that Slayback's sham affidavit argument is an unbounded request to exclude Dr. Trout in all respects. The argument is focused on three specific topics where Eagle relied on Dr. Trout's Reports in a manner contrary to his own deposition testimony – and therefore that reliance should not be considered for purposes of summary judgment. (D.I. 434 at 11-12).

## III. CONCLUSION

The Court should deny Eagle's motion to strike section III.E of Slayback's Reply brief. The arguments in that section were properly raised in reply, and Dr. Trout's contradictions and evasions should not be countenanced.

Dated: August 31, 2026

*Of Counsel:*

Jason A. Lief
Alan Pollack
Daniel E. Forchheimer
Robyn Ast-Gmoser
Audrey R. Sparschu

**WINDELS MARX LANE & MITTENDORF LLC**
180 Park Avenue
Florham Park, NJ 07932
(973) 966-3200

156 West 56th Street
New York, NY 10019
(212) 237-1000

jlief@windelsmarx.com
apollack@windelsmarx.com
dforchheimer@windelsmarx.com
rast-gmoser@windelsmarx.com
asparschu@windelsmarx.com

**SMITH KATZENSTEIN & JENKINS LLP**

*/s/ Neal C. Belgam*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Defendants Slayback Pharma LLC and Azurity Pharmaceuticals, Inc.*